**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Julie M. Romersa (SBN 341871)
Julie.Romersa@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, CA 90071
Tel: (213) 250-1800

Minyao Wang (*pro hac vice admitted*)
minyao.wang@lewisbrisbois.com
140 Broadway, Suite 3100
New York, NY 10005
Tel: (212) 232-1300

*Attorneys for Movants Weijie Xu, Shenzhen Zhaobangji Small Loan Co., Ltd.
and Winson Credit (HK) Limited.*

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>ZHIHUI ZHUANG<br><br>          Debtor. | BK NO. 2:25-bk-21019-NB<br><br>**NOTICE OF JOINT MOTION AND JOINT MOTION TO COMPEL DEBTOR TO PRODUCE DOCUMENTS AS REQUIRED BY ORDER GRANTING MOTION FOR FRBP 2004 DISCOVERY AND FOR SANCTIONS AGAINST DEBTOR AND HIS COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MINYAO WANG IN SUPPORT THEREOF**<br>Date:   [Hearing on shortened notice requested]<br>Time:  [To be Determined]<br>Place:  Edward R. Roybal Federal Building<br>            [To be Determined] |

**TO THIS HONORABLE COURT, THE OFFICE OF THE UNITED STATES TRUSTEE, THE CHAPTER 7 TRUSTEE, THE DEBTOR, AND OTHER INTERESTED PARTIES AND/OR THEIR RESPECTIVE COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that moving creditors Weijie Xu ("Mr. Xu"), Shenzhen Zhaobangji Small Loan Co., Ltd. ("Zhaobang"), and Winson Credit (HK) Limited ("Winson" and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

180515712.2  1

collectively with Mr. Xu and Zhaobang, the "Moving Creditors"), by and through their undersigned counsel, hereby respectfully move (the "Motion") this Court pursuant to Rules 2004, 9014 and 9016 of the Federal Rules of Bankruptcy Procedure, Rules 26 and 37 of the Federal Rules of Civil Procedure, and Local Bankruptcy Rules 2004-1 and 7026-1(c), for entry of an order, substantially in the form attached hereto as **Exhibit A**, (i) compelling Zhihui Zhuang (together the "Debtor") to comply with this Court's Rule 2004 Order dated April 2, 2026 (ECF No. 45) and directed to the Debtor and to promptly produce the outstanding documents called for in the Moving Creditors' duly-issued Subpoena, and (ii) imposing sanctions on the Debtor and his counsel of record by directing them to reimburse the Moving Creditors for the reasonable fees and costs incurred in prosecuting this Motion.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based upon this Notice and Motion, the accompanying Memorandum of Points and Authorities in support thereof, the Declaration of Minyao Wang (the "Wang Declaration") and any exhibit attached thereto, as well as any and all other evidence and arguments that may be presented by the Moving Creditors at or before the hearing on this Motion.

**PLEASE TAKE FURTHER NOTICE** that any objections to and replies in support of this Motion are due in accordance with the Local Bankruptcy Rules.

**PLEASE TAKE FURTHER NOTICE** that the parties had a meet-and-confer by Zoom on May 2, 2026 and a telephonic meet and confer on July 14, 2026 and were unable to resolve their differences.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the parties' Stipulation (ECF No. 62) Debtor was required to file a protective order for the motion to be heard by no later than August 14, 2026.

**PLEASE TAKE FURTHER NOTICE** that because the Debtor is unable or unwilling to meet this deadline, the Moving Creditors are affirmatively filing this motion to compel as is permitted by Paragraph 3 of the Stipulation.

**PLEASE TAKE FURTHER NOTICE** that the Moving Creditors are unable to submit a joint stipulation due to the non-cooperation of the Debtor.  Wang Declaration, ¶ 18.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

180515712.2   2

DATED: July 22, 2026

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: _____
    MINYAO WANG
    140 Broadway, Suite 3100
    New York, New York 10005
    Tel: (212) 232-1300
    Minyao.Wang@lewisbrisbois.com

    JULIE M. ROMERSA
    633 West 5th Street, Suite 4000
    Los Angeles, CA 90071
    Tel: (213) 250-1800
    Julie.Romersa@lewisbrisbois.com

*Attorneys for Weijie Xu, Shenzhen Zhaobangji Small Loan Co., Ltd. and Winson Credit (HK) Limited*

180515712.2   3

## TABLE OF CONTENTS

Page

I.    PRELIMINARY STATEMENT ................................................................................................1

II.   BACKGROUND ..................................................................................................................4

      A.    EVENTS LEADING UP TO THESE CHAPTER 7 CASES ........................................................4

      B.    THE RULE 2004 AND THE DEBTORS' REFUSAL TO PRODUCE ......................................8

III.  ARGUMENT .......................................................................................................................9

      A.    RULE 2004 DISCOVERY ...............................................................................................9

      B.    THE DEBTOR WAIVED OBJECTIONS ...........................................................................11

      C.    THE DEBTOR'S RELIANCE ON A FOUR YEAR STATUTE OF LIMITATION IS A
            RED HERRING ............................................................................................................11

      D.    THERE IS NO TIME LIMITATION TO EXAMINE SECTION 523 DISCHARGE
            ISSUES .......................................................................................................................11

      E.    THE DEBTOR DOES NOT HAVE A SUFFICIENT "PRIVACY" INTEREST TO
            WITHHOLD DISCOVERY ..............................................................................................14

      F.    THE DEBTORS CANNOT RESIST DISCOVERY BY SAYING THAT HE HAS LEFT
            CHINA ........................................................................................................................17

      G.    MARIA TAM MUST ENSURE COMPLIANCE WITH DISCOVERY OBLIGATIONS ............19

      H.    SANCTIONS ARE WARRANTED UNDER FRCP 37(A)(5)(A) .......................................22

IV.   MEET AND CONFER .......................................................................................................24

V.    CONCLUSION ................................................................................................................24

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

180515712.2  i

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Adidas Am., Inc. v. Thom Browne, Inc.*,
174 F.4th 325 (2d Cir. 2026) ............................................................................................... 20

*In re Citric Acid Litig.*,
191 F.3d 1090 (9th Cir.1999) ............................................................................................... 18

*Cunningham v. Hamilton County*,
527 U.S. 198 (1999) ............................................................................................................. 22

*Dahl v. City of Huntington Beach*,
84 F.3d 363 (9th Cir.1996) ................................................................................................... 23

*In re Fin. Corp. of Am.*,
119 B.R. 728 (Bankr. C.D. Cal. 1990) .................................................................................. 10

*In re Gergely*,
110 F.3d 1448 (9th Cir. 1997) .............................................................................................. 13

*Guifu Li v. A Perfect Day Franchise, Inc*,
281 F.R.D. 373 (N.D. Cal. 2012) ......................................................................................... 23

*Hyde & Drath v. Baker*,
24 F.3d 1162 (9th Cir. 1994) ................................................................................................ 22

*Infanzon v. Allstate Ins. Co.*,
335 F.R.D. 305 (C.D. Cal. 2020), *aff'd,* No. 22-56070, 2024 WL 3631140 (9th
Cir. Aug. 2, 2024) ................................................................................................................. 23

*Johnson v. Riverhead Cent. Sch. Dist.*,
No. CV 14-7130 (DRH) (AKT), 2016 U.S. Dist. LEXIS 59203 (E.D.N.Y. May
3, 2016) ................................................................................................................................. 20

*Knickerbocker v. Corinthian Colleges*,
298 F.R.D. 670 (W.D. Wash. 2014) ..................................................................................... 20

*In re Mastro*,
585 B.R. 587 (B.A.P. 9th Cir. 2018) .................................................................................... 10

*Meyer v. Cnty. of San Diego*,
No. 21-CV-341-RSH-BLM, 2024 WL 86603 (S.D. Cal. Jan. 8, 2024) ........................... 14, 15

*In re Mitchell*,
No. BR 18-40736-JMM, 2019 WL 1054715 (Bankr. D. Idaho Mar. 5, 2019) ..................... 12

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

180515712.2 ii

*In re N. Plaza, LLC*,
   395 B.R. 113 (S.D. Cal. 2008) ........................................................................................ 14

*Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*,
   256 F.R.D. 678 (C.D. Cal. 2009) .................................................................................... 18

*Nat'l Ass'n of Radiation Survivors v. Turnage*,
   115 F.R.D. 543 (N.D. Cal. 1987) .................................................................................... 21

*Nat'l Hockey League v. Metro. Hockey Club*,
   427 U.S. 639 (1976) ........................................................................................................ 23

*In re Pearlstein*,
   No. 17-32770-THP7, 2022 WL 1492236 (Bankr. D. Or. May 11, 2022) ........................ 14

*Qualcomm Inc. v. Broadcom Corp.*,
   05CV 1958–B (BLM), 2008 WL 66932 (S.D.Cal. Jan. 7, 2008), *vacated in part* ................. 20

*In re Rafsky*,
   300 B.R. 152 (Bankr. D. Conn. 2003) .............................................................................. 10

*Soto v. City of Concord*,
   162 F.R.D. 603 (N.D. Cal. 1995) .................................................................................... 18

*Stuart v. Cnty. of Riverside*,
   2023 WL 4826231 (C.D. Cal. June 15, 2023) .................................................................. 14

*In re Subpoena Duces Tecum*,
   461 B.R. 823 (Bankr. C.D. Cal. 2011) ............................................................................ 10

*In re Sunridge Assocs.*,
   202 B.R. 761 (Bankr. E.D. Cal. 1996) ("Rule 2004 is broad and far-reaching.
   There need be no pending dispute with defined issues to narrow the scope of
   the inquiry it permits.") ................................................................................................... 10

*Superior Commc'ns v. Earhugger, Inc.*,
   257 F.R.D. 215 (C.D. Cal. 2009) .................................................................................... 18

*United States v. Diaz-Castaneda*,
   494 F.3d 1146 (9th Cir. 2007) .......................................................................................... 15

*Xu v. Zhuang, et al.*,
   No. 2:24-CV-08671-RGK-BFM, 2026 WL 1999814 (C.D. Cal. June 17, 2026),
   *report and recommendation adopted sub nom.* No. 2:24-CV-08671-RGK-BFM,
   2026 WL 2048921 (C.D. Cal. July 14, 2026) ................................................................... 7

**State Cases**

*People v. Herrera*,
   124 Cal. App. 3d 386, 177 Cal. Rptr. 288 (Ct. App. 1981) ............................................. 16

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

180515712.2 iii

**Constitutions**

Fourth Amendment ................................................................................................................ 15

Fifth Amendment ................................................................................................................... 14

**Statutes**

8 U.S.C. § 1182(a)(4) ............................................................................................................ 17

Cal. Civ.Code § 3439.09(c) ................................................................................................... 11

California Uniform Fraudulent Transfer Act .......................................................................... 11

Code § 343 ............................................................................................................................. 10

Federal Arbitration Act ............................................................................................................ 6

**Court Rules**

Fed. R. Bankr. P. 2004(a)-(b) ................................................................................................ 10

Fed.R.Civ.P. 26(g) ........................................................................................................... 21, 22

Fed.R.Civ.P. 34(a)(1)(A) ....................................................................................................... 18

Fed. R. Civ. P. 37(a) .............................................................................................................. 22

FRCP 37(a)(5)(A) ........................................................................................................ 4, 22, 23

Local Bankruptcy Rule 7026-1(c)(2) ....................................................................................... 8

Rule 37 ................................................................................................................................... 22

Rule 2004 ................................................................................. 3, 8, 9, 10, 11, 12, 14, 16, 23

Rule 2004(b) ............................................................................................................................. 3

Rule 2004(b)(1)(D) ................................................................................................................ 12

**Other Authorities**

Hon. Barry Russell, *Bankruptcy Evidence Manual* § 501.3 (West 2006) .................................. 14

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

180515712.2 iv

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    PRELIMINARY STATEMENT[1]

This Court is now familiar with the sordid saga of the Zhuang family across two continents. Debtor Zhihui Zhuang, along with his parents Chenshi Zhuang and Qufang Zhuang, (debtors in Case No. 2:25-bk-21016-BR in this District) and his brother Zhifeng Zhuang, now a wanted federal *fugitive* from justice for having defied multiple orders of the United States District Court for the Central District of California (the "District Court"), incurred at least *$110 million USD* in debt in their native China. They then absconded to this country with their ill-gotten loots and cut their ties to China in an attempt to avoid paying their creditors. The four Zhuang family members are referred to hereinafter as the Zhuang Absconders.

Most of the debt at issue is in the form of commercial loans extended by Chinese creditors, including the Moving Creditors, to what appears in hindsight likely to be shell companies owned, managed and/or controlled by the Zhuang Absconders and for which the Zhuang Absconders provided legally binding personal guarantees of payment. Following massive defaults across the board by the Zhuang borrowers and guarantors in China, the Chinese court system entered final judgments against the Zhuang Absconders and specifically determined that *they have the capacity to repay the loans*. In the view of the Chinese courts, the Zhuang Absconders misappropriated and siphoned off for their own personal benefit a staggering amount of funds from their companies. The Chinese courts ordered the Zhuang Absconders to repay their debt from the resources at their disposal (i.e., money misappropriated from the creditors) and placed the Zhuang Absconders on a national registry of "Distrusted Persons" in light of their egregious financial misconduct.

---

[1] The Moving Creditors had to prepare this Motion on short notice due to the failure of the Debtors to abide by the Stipulation (ECF No. 59) and reserve their right to supplement this Memorandum of Law at a later time.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

180515712.2  1

The Zhuang Absconders' extraordinary court-defying behavior has continued unabated in this country. After Mr. Xu obtained a final judgment in the District Court to enforce his arbitral award, the Zhuang Absconders repeatedly "ghosted" the District Court and willfully defied multiple judicial orders, to the point that the United States Marshals Service is ordered by Judge Gary Klausner to *arrest* Zhifeng Zhuang for contempt of court. Zhifeng Zhuang also faces *a daily fine of $5,000* until such time as he appears before the District Court to be held accountable for his unlawful conduct. Only the filing of these chapter 7 cases stopped the District Court issuing an arrest warrant or imposing a comparable daily fine against these three Zhuang Debtors.

Only last week Judge Klausner entered a *new* order sanctioning the Zhuang Debtors in the amount of $19,481.70 for their contempt-of-court behavior stretching from August 2025 to December 2025 — when they filed for bankruptcy protection in this Court.

In addition, in the civil action commenced by Zhaobang in the District Court, the Zhuang Absconders spent six months actively and egregiously evading service of process. After being finally validly served, Zhifeng Zhuang, the federal fugitive, predictably defaulted. In short, the Zhuang family simply has no respect for the law, for the legal process or for judicial authority, whether American or Chinese.

It is undisputed that Zhuang Debtors received more than $100 million USD in cash from creditors via the Zhuang family controlled companies in China. It is also undisputed their own government has determined that the Zhuang Debtors have ready access to this cash and can repay their debt. Yet the Zhuang Debtors filed two "no-asset" Chapter 7 cases before this Court claiming poverty and asking this Court to invoke U.S. law to extinguish obligations incurred entirely in China.

The Zhuang Debtors are making a bald, conclusory and a little-too-convenient assertion that all the borrowed money was lost to a so-called Chinese real estate bubble. But they have refused to provide a shard of contemporaneous financial documentary evidence to establish this storyline.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

180515712.2   2

Evidence related to what happened to the loan proceeds—from the point when the Zhuang Absconders received the money to the point the money vanished, apparently without a trac — the Zhuang Debtors received from Chinese creditors is unquestionably and highly relevant to determinations under the Bankruptcy Code, including, without limitation, statutory ineligibility to receive a discharge under section 523(a)(2) on account of fraud or misrepresentation in connection with obtaining a loan and/or under section 523(a)(4) on account of breach of fiduciary duties, fraud or defalcation or embezzlement. This is *exactly* what Rule 2004 discovery is designed to ascertain. Indeed, the text of Rule 2004(b) expressly provides that probing for ineligibility for a discharge is a permissible inquiry.  The Zhuang Debtors do not want to produce responsive documents for a telling reason—they are highly incriminating.  The Court should therefore compel production immediately as these documents are critical to establishing a "money trail" for the funds stolen by the Zhuang Absconders from China.

The Zhuang Debtors are also attempting to thwart the Moving Creditors' legitimate and ongoing efforts to conduct investigations into their financial misconduct by refusing to turn over their Chinese and American identification documents, immigration records, current and past phone numbers and online profiles. Their assertion of "privacy" is baseless and is, at a minimum, far outweighed by the need of the Moving Creditors to have basic investigatory information to attempt to track the Zhuang Debtors' illicit transfers of assets in both countries to unknown recipients.

The Zhuang Debtors have made highly unbelievable assertions that no responsive records exist for specific requests for production, including that there are no communications with anyone, including Zhifeng Zhuang—the federal fugitive—about the judgments they owe, about this bankruptcy case or about the sprawling litigation in both countries to which the Zhuang Absconders are party.  Maria Tam, Debtors' counsel, has advised the undersigned that the search for responsive documents consisted of nothing more than Ms. Tam asking the Debtors whether certain categories

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

180515712.2  3

of responsive documents exist. Ms. Tam then took the responses she received from her clients at face value, without performing a further search or investigation, even where the stated response defied common sense. These anemic search efforts—if they occurred at all—by the Debtors are not remotely sufficient under federal law. Ms. Tam has not satisfied her obligations as an officer of the Court to ensure that discovery obligations are complied with by her clients. The self-serving representations of *these* Debtors in particular cannot be taken at face value given their documented history of evasion and ignoring court orders. Ms. Tam must be compelled to conduct her own independent search and review of her clients' files for potentially responsive documents and make an appropriate certification as an officer of the Court to that effect.

Finally, fee and cost shifting is warranted under the mandatory language of FRCP 37(a)(5)(A) because there is no justification , by any stretch of the imagination, let alone substantial justification, for the Debtors' refusal to produce the responsive documents at issue. This refusal is outright obfuscation designed again to thwart discovery. Moreover, the Moving Creditors have been forced to scramble to file this Motion at the last minute, in the middle of the peak summer vacation period, due to the failure of the Debtors to abide by a Court-approved stipulation they agreed to governing the filing of a protective order. This inexcusable stonewalling is merely the latest episode in the Zhuang Debtors' years-long saga of evading the law and their legal obligations in both China and the United States. Enough is enough. The Debtors need to pay for forcing the Moving Creditors to incur yet more unnecessary legal expenses.

## II.    BACKGROUND

### A.    Events Leading Up To These Chapter 7 Cases

1. The Zhuang Absconders are Chinese nationals who were born and raised in southern China.

2. Mr. Xu is a Chinese national living in southern China.

3. Zhaobang is a Chinese corporation headquartered in southern China.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

180515712.2 4

4. Winson is a Hong Kong corporation headquartered in Hong Kong, China.

5. On November 10, 2017, Mr. Xu extended a loan to a corporate borrower, Shenzhen Jianxin Fengyuan Industrial, Co., Ltd. ("Jiangxin"), which is controlled by the Zhuang Absconders. Each Zhuang Absconder provided a personal guarantee for the repayment of this loan.

6. Also on November 10, 2017, Zhaobang extended its own loan to Jiangxin. Like the loan extended by Mr. Xu, each Zhuang Absconder provided a personal guarantee of repayment.

7. On March 18, 2020, a predecessor interest to Winson extended a loan to Skyline Champion Limited, another company controlled by the Zhuang Absconders. Chenshi Zhuang, one of the Zhuang Absconders, provided a personal guarantee for the repayment of this loan.

8. None of the loans was repaid. On August 17, 2021, Zhaobang obtained arbitral award against Zhuang Absconders. On October 28, 2022, a Chinese court domesticated the Award in favor of Zhaobang under Chinese law.

9. On December 1, 2021, Mr. Xu obtained an arbitral award against Zhuang Absconders.

10. On October 2025, Winson obtained an arbitral award against Chenshi Zhuang. The amount of the award is approximately $7 million USD. Winson has not been able to commence an action against Chenshi Zhuang to enforce the Award due to this bankruptcy case and the bankruptcy stay.

11. These three unpaid loans, totaling approximately $12 million USD in principal amounts and exclusive fees and interests, are *just the tip of an iceberg*.

12. According to Chinese court records, the Zhuang Absconders have *at least* ten unpaid judgments in China as of December 2024 totaling *114.85 million USD*, *excluding* interest and fees which are presumably substantial at this point.

13. The Chinese court system made a specific judicial determination that the Zhuang Absconders have the funds to repay their debt but simply refused to do so. In other words, it was the conclusion of the Chinese courts that the Zhuang Absconders *likely embezzled the money loaned to their companies* by Chinese creditors, including the Moving Creditors.

14. As a result of their egregious conduct, the Supreme Court of China placed the Zhuang

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

180515712.2  5

Absconders on a nationwide registry of "Discredited Persons," which tracks and enforces restrictions against the country's worst debt defaulters.

15.    Instead of complying with Chinese court orders directing them to repay their debt, the Zhuang Absconders fled to the United States along with their ill-gotten wealth.  They lead lives of luxury and extravagance in this country using money stolen from China.

16.    For example, Zhifeng Zhuang, the federal fugitive, as the proxy for the Zhuang family, repeatedly engaged in "flipping" luxury real estate in California.  In the fall of 2024, Zhifeng Zhuang sold a luxury home located in Arcadia and received approximately $6 million in cash.

17.    On October 8, 2024, Mr. Xu commenced an action in the District Court against the Zhuang Absconders to recognize  and enforce his arbitral award under the Federal Arbitration Act. Judge Klausner took the extraordinary steps of issuing an *ex parte* temporary restraining order and later a preliminary injunction prohibiting the Zhuang Absconders from dissipating publicly identifiable assets pending judgment. Judge Klausner did so after concluding that there was a substantial risk, in light of the Zhuang Absconders' documented history of evading creditors, transferring assets across international borders, and evading legal process, that they would flee the country with their assets to nullify the effect of a potential judgment by this Court.

18.    After full briefing by the parties, the District Court entered a final judgment on May 9, 2025  in the amount of $4,632,478.24 in favor of Mr. Xu.  The Zhuang Absconders did not appeal.

19.    On June 9, 2025, Zhaobang commenced an action against the Zhuang Absconders in the District Court. Counsel to the Zhuang Absconders indicated that they were aware of this case.

20.    Notwithstanding this knowledge, the Zhuang Absconders engaged in a prolonged, sustained and deliberate effort to evade service of process. Between June 2025 and January 2026, Mr. Xu made more than 20 attempts to serve process.  Service was unsuccessful.  In the view of an experienced process server, the Zhuang Absconders deliberately evaded service and refused to open the door to the process server. *See* Wang Declaration, Exhibit E.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

180515712.2  6

21.     Substituted service was accomplished only on the evening of January 16, 2026, on Zhifeng Zhuang, when Zhuang family was presumably caught off guard by a service attempt at the start of a national holiday weekend.  Zhifeng Zhuang predictably failed to answer the complaint and is now in default.

22.     Zhaobang has been unable to serve the other three Zhuang Absconders due to the pendency of these chapter 7 cases.

23.     Meanwhile, under the binding authority of the District Court, Mr. Xu undertook extensive and diligent efforts to obtain post-judgment discovery from the Zhuang Absconders in order to collect his judgment.  But the Zhuang Absconders refused to comply with court orders by displaying an egregious contempt for the judicial authority of the United States. They willfully and repeatedly misled the District Court, defied multiple orders of the District Court to produce discovery and/or to appear in court.  They acted as if they were above the law. The conclusion of Judge Mircheff of the District Court regarding the Zhuang Absconders' egregious court-defying behavior is worth quoting at length:

> But Respondents met Petitioner's good faith with their own bad faith: they sent their counsel to engage in discussions that had the effect of misleading Petitioner's counsel into believing that Respondent intended to comply with their post-judgment discovery obligations, and getting Petitioner to wait for discovery that, apparently, Respondents never intended to produce. Indeed, Respondents have never evidenced any intent to comply with their post-judgment obligations, and the entire course of conduct—begging for more time from Petitioner's counsel, asking the Court to continue deadlines, firing counsel, refusing to appear in court, and then filing for bankruptcy on the eve of a hearing at which their contempt would be evaluated—reeks of bad faith conduct that had as its aim thwarting Petitioner from executing a lawful judgment.

*Xu v. Zhuang, et al.*, No. 2:24-CV-08671-RGK-BFM, 2026 WL 1999814, at *4 (C.D. Cal. June 17, 2026), *report and recommendation adopted sub nom.* No. 2:24-CV-08671-RGK-BFM, 2026 WL 2048921 (C.D. Cal. July 14, 2026).

24.     On February 10, 2026, Judge Klausner, fed up with Mr. Zhuang's outrageous continuing defiance of judicial power, released a bench warrant for the ***arrest*** of Zhifeng Zhuang.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

180515712.2  7

Zhifeng Zhuang is now a federal fugitive from justice and is being actively sought by the U.S. Marshals Service.

25.     On March 31, 2026, Judge Klausner entered another order imposing a *fine of $5,000 per day* on Zhifeng Zhuang until he complies with prior orders of the District Court *See* Wang Declaration, Exhibit F.   Zhifeng Zhuang has made no effort to comply.

**B.      The Rule 2004 and the Debtors' Refusal To Produce**

26.     These Chapter 7 cases were commenced on December 8, 2025, on the eve of the Zhuang Debtors' required appearance before the District Court.

27.     This Court granted the Moving Creditors' Rule 2004 Motion on April 3, 2026 for the production of documents and for examinations.  ECF No. 43.  A subpoena was issued to and served on Zhihui Zhuang on April 10, 2026.  The Subpoena consisted of 54 requests for production of documents. *See* Wang Declaration, Exhibit A.

28.     The documents were due to be produced by April 25, 2026, about two weeks after service, consistent with the Court's Rule 2004 Order.   *See* ECF No. 43 at 2.

29.     Mr. Zhuang made a limited a production on April 24, 2026. Mr. Zhuang did not ask for an extension of time. Wang Declaration, ¶ 6.

30.     Mr. Zhuang requested a meet and confer only on April 29, 2026, four days after the deadline for compliance.  A formal letter required by Local Bankruptcy Rule 7026-1(c)(2) was not served by Mr. Zhuang until May 1, 2026.  Wang Declaration, ¶ 7.

31.     Mr. Zhuang served responses and objections to the Moving Creditors' discovery only on May 1, 2026. This was six days late. There was no explanation for this tardiness.  Wang Declaration, ¶ 9.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

180515712.2  8

32.    The parties met on Zoom on May 4, 2026 regarding the Debtors' failure to produce the majority of the documents called for by the Rule 2004 Order. After two hours of back-and-forth discussions, the parties were at an impasse. Wang Declaration, ¶ 10.

33.    After this meet and confer, the parties agreed to a procedural stipulation to extend the Moving Creditors' deadline to object to discharge to September 16, 2026. (ECF No. 62). The parties also agreed that the Debtors shall file a motion for protective order for it to be heard by no later than August 16, 2026. *Id*. The stipulation further provides that the Moving Creditors may file an affirmative motion to compel if the Debtors fail to adhere to this deadline. *Id.*

34.    The Debtors did not contact the Moving Creditors again concerning this matter until the Moving Creditors sent out an email on July 13, 2026 concerning their protective order motion. Wang Declaration, Exhibit D. The Debtors then asked for an extension of the deadline to file a protective order motion.

35.    The Moving Creditors requested a supplemental production of documents as a good faith gesture before they would consider this last-minute request to extend time.  However, no supplemental production was made and no further communications regarding the Rule 2004 disputes were received from the Debtors on this subject after July 14, 2026.  Wang Declaration, ¶¶12-16.

36.    The Moving Creditors therefore must proceed with this Motion to Compel and for Sanctions.  Wang Declaration, ¶¶17-18. This is a necessary step to hold the Zhuang Absconders accountable.

## III.    ARGUMENT

### A.    Rule 2004 Discovery

37.    Rule 2004 of the Federal Rule of Bankruptcy Procedure provides in relevant part:

> (a) Examination on motion. On motion of any party in interest, the court may order the examination of any entity.


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

180515712.2  9

> (b) The examination of an entity under this rule or of the debtor under § 343 of the Code may relate only to:
>
> (A) the debtor's acts, conduct, or property;
> (B) the debtor's liabilities and financial condition;
> (C) any matter that may affect the administration of the debtor's estate; or
> (D) the debtor's right to a discharge.

Fed. R. Bankr. P. 2004(a)-(b).

38.    "Rule 2004 is the basic discovery device in bankruptcy cases." *In re Mastro*, 585 B.R. 587, 596 (B.A.P. 9th Cir. 2018).    It allows exceedingly broad and expansive examinations relating to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Banker. P. 2004(b).  A movant will be granted Rule 2004 discovery if he can establish "good cause" which is liberally defined.  *In re Subpoena Duces Tecum*, 461 B.R. 823, 829 (Bankr. C.D. Cal. 2011).

39.    "As the Rule's text makes clear, the scope of a Rule 2004 examination is 'unfettered and broad'; the rule essentially permits a 'fishing expedition'" related to a debtor's affairs. *Mastro*, 585 B.R. at 596 (quoting *In re Subpoena Duces Tecum*, 461 B.R. at 829). And the Rule 2004 examination may "extend to third parties who have had dealings with the debtor." *In re Fin. Corp. of Am.*, 119 B.R. 728, 733 (Bankr. C.D. Cal. 1990).

40.    It is well-settled that the scope of Rule 2004 "is exceptionally broad" and "affords few of the procedural safeguards" available in normal federal civil discovery, regardless of any background state law issues. *In re Rafsky*, 300 B.R. 152, 153 n. 2 (Bankr. D. Conn. 2003); *see id.* (noting that Rule 2004 is crafted for the "purpose of discovering assets and unearthing frauds"); *In re Sunridge Assocs.*, 202 B.R. 761, 762 (Bankr. E.D. Cal. 1996) ("Rule 2004 is broad and far-reaching. There need be no pending dispute with defined issues to narrow the scope of the inquiry it permits.").

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

180515712.2   10

**B.    The Debtor Waived Objections**

41.    As noted, the Debtor was required to produce documents by April 25, 2026 as a matter of Court order. The Debtor did not comply with the Order by April 25, 2026.  Nor did he serve responses and objections by this deadline. The Debtor did not request an extension.

42.    The Debtor's responses and objections were served only on May 1, 2026. There has been no explanation for his failure to respond on time.

43.    Under well-settled law, the Debtor waived objections by failing to respond on time. The Court should therefore grant this Motion to Compel on this basis alone.

**C.    The Debtor's Reliance on a Four Year Statute of Limitation Is a Red Herring.**

44.    The Debtor attempt to resist production of the most critical documents related to his financial affairs by relying on the four-year statute of limitations set forth in the California Uniform Fraudulent Transfer Act (the "Act").  As explained below, this time limitation under the Act for state law causes of action does not control for purposes of Rule 2004 discovery, which liberally permits a party in interest to examine relevant issues far beyond potential claw-back actions.  But the Debtor is also mistaken as to the application of the time limitation rules under the Act.

45.    The Act expressly provides that a plaintiff can file a fraudulent action within one year of *the discovery of such conduct*, even after the expiration of the four year limitation period, as long as the action is filed within the seven year statute of repose period established by the Act.  *See* Cal. Civ.Code § 3439.09(c).   As a result, by the Debtor's own proffered—but wrong—standard, his proposed four year limitation period for Rule 2004 discovery is wildly off the mark.

**D.    There is No Time Limitation to Examine Section 523 Discharge Issues**

46.    However, the deadline to bring an action under the Act does not control the scope of Rule 2004 discovery. During the meet and confer, Ms. Tam was not able to offer any supporting

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

180515712.2  11

authority that the Moving Creditors are limited to four years of discovery. Rule 2004 discovery is far more expansive than claims governed by the Act.

47.    Rule 2004(b)(1)(D) expressly permits examination into "the debtor's right to a **discharge**." (emphasis added). Congress has in turn legislated in Section 523 various bases on which a creditor may challenge a debtor's right to receive a bankruptcy discharge. And it is well established that Rule 2004 discovery can be used as a "pre-litigation device to determine whether there are grounds to bring an action to *determine a debtor's right to discharge a particular debt*." *In re Mitchell*, No. BR 18-40736-JMM, 2019 WL 1054715, at * 6 (Bankr. D. Idaho Mar. 5, 2019) (internal citation omitted and emphasis added). The *Mitchell* court properly held that because Congress prohibits discharge of a debt arising from operating a car while intoxicated or impaired (*see* §523(a)(9)), a creditor was entitled to review the debtor's medical records related to drug and alcohol abuses pursuant to Rule 2004. *Id*. at *3.

48.    "Creditor is not required to show he would likely prevail in a suit before obtaining the discovery." *Id.* at *5. But even a superficial glance of the facts as alleged by the Moving Creditors—and the central government of China—strongly suggests that the Debtor may not be eligible for a discharge under Section 523(a)(2) for making fraudulent credit applications and under Section 523(a)(4) for breach of fiduciary, embezzlement and/or larceny.

49.    The facts compellingly show that the Zhuang Absconders borrowed prodigiously from creditors, including the Moving Creditors, and shortly thereafter, *almost at the same time*, all their businesses allegedly failed and the borrowed funds vanished without a trace into a black hole.

50.    The Zhuang Absconders then fled the country instead of facing the legal consequences of their misconduct in China. Once they were called into account in the legal system of *this* country for their misconduct in China, they again displayed a contemptuous attitude toward the judicial authority of the United States, as set forth in detail above.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

180515712.2 12

51.    The Moving Creditors have a colorable basis to object to discharge under § 523(a)(2) and § 523(a)(4).  There is no statute of limitation with respect to challenging the right to discharge a debt under either provision.

52.    The Moving Creditors are entitled to probe the circumstances surrounding how a debt was incurred, regardless of passage of time since the incurrence of that debt. This makes sense because Congress has decided that certain types of debt will not be discharged in bankruptcy as a matter of federal public policy.  The public policy value promoted by those Congressional choices does not diminish with passage of time.  A debtor cannot "wait out" a Congressional policy choice by delaying the filing of a bankruptcy petition.  A debt that cannot be discharged initially does not become dischargeable simply by passage of time.

53.    The Ninth Circuit's decision in *In re Gergely* directly supports and confirms this principle, as the court of appeal held that the expiration of a state statute of limitations on fraud actions does not affect a non-dischargeability proceeding under section 523 based on fraud. *In re Gergely*, 110 F.3d 1448 (9th Cir. 1997). The appellate court reasoned that the question of the dischargeability of the debt under the Bankruptcy Code is a distinct issue governed solely by the rules established by bankruptcy law, and that once the debt has been established, the state statute of limitations is immaterial. *Id.* at 1454. The Court held "the state limitations period for fraud actions is irrelevant to the dischargeability of an established debt". *Id.* at 1454.

54.    Therefore, the Moving Creditors' anticipated challenges to the Debtors' right to receive a discharge are not barred by any application of a statute of limitation. Congress has imposed no time limit to challenge the discharge of a debt under § 523(a)(2) and § 523(a)(4). The Debtors cannot import one from state law governing fraudulent transfers.  The Moving Creditors are entitled to discovery all the day back to January 1, 2017, when the Zhuang Absconders started to borrow prodigiously. The Moving Creditors are entitled to know what happened to the loan proceeds.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

180515712.2  13

**E.      The Debtor Does Not Have a Sufficient "Privacy" Interest to Withhold Discovery**

55.      The Debtor is not entitled to broadly assert "privacy" as a basis to withhold relevant evidence. Should this Court find merit to any privacy concerns in the anticipated production of the Zhuang Debtors' documents, these concerns can and should be addressed by entry of a protective order between the parties, which is a common practice in discovery.

56.      As an initial matter, Zhihui Zhuang is seeking a significant benefit under the federal Bankruptcy Code. Having asked a U.S. court to discharge their debt obligations, he cannot withhold relevant information under the banner of privacy. He simply cannot have it both ways.    *In re Pearlstein*, No. 17-32770-THP7, 2022 WL 1492236, at \*4 (Bankr. D. Or. May 11, 2022) (holding that even ***sensitive medical records*** of a debtor must be disclosed to a creditor and rejecting a privacy claim based on ***medical records***).

57.      Federal common law recognizes established privileges such as the attorney-client privilege and the Fifth Amendment privilege against self-incrimination as potential reason to withhold discovery, but it does not recognize a freestanding privacy right as a basis to refuse to produce documents. Because bankruptcy proceedings are federal in nature, federal common law, not state law, governs the assertion of evidentiary privileges in Rule 2004 examinations. *In re N. Plaza, LLC*, 395 B.R. 113, 122 (S.D. Cal. 2008); *see also* Hon. Barry Russell, *Bankruptcy Evidence Manual* § 501.3 (West 2006) (collecting cases).  And federal law does not recognize privacy as a reason to resist discovery. This is the end of the legal inquiry.

58.      Here, any alleged "privacy objections can be appropriately addressed by: (1) redacting any irrelevant personal identifying information from the documents produced; and (2) producing documents under a protective order to minimize any invasion into the individual's privacy rights." *Stuart v. Cnty. of Riverside*, 2023 WL 4826231, at \*2 (C.D. Cal. June 15, 2023); *see Meyer*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

180515712.2  14

*v. Cnty. of San Diego*, No. 21-CV-341-RSH-BLM, 2024 WL 86603, at *9 (S.D. Cal. Jan. 8, 2024) (holding that the existing protective order adequately protected the privacy interests of the individual's personal identifiable information and ordering the defendants to produce the requested information in accordance with the protective order).

59.    Any protective scope is very limited, as privacy alone does not constitute a valid basis to withhold documents under the relevant Bankruptcy Rules or the Federal Civil Rules. Mr. Zhuang's blanket refusal to disclose critical documents based on a vague privacy assertion must be rejected, particularly because the information sought is material to the Moving Creditors' ongoing investigations into the Zhuang Absconders.

60.    If the Court finds any merit to the alleged "privacy concerns" the confidential information may be produced pursuant to a protective order and then filed on the docket under seal. This is routinely done in litigation across the country. However, Mr. Zhuang may not use "privacy concerns" as a basis to entirely withhold relevant evidence, especially given his voluntary election to file for bankruptcy protection.

61.    Mr. Zhuang is not entitled to make a blanket assertion of "privacy" as a basis to withhold identification documentation such as licenses, state ID cards, passports, and immigration documents, or his phone numbers and online profiles.  As explained above, there is no federal recognition of "privacy" as a basis to withhold documents, especially with respect to identification documents and related information for which there is no recognized right to privacy.

62.    The Ninth Circuit's holding in *United States v. Diaz-Castaneda* establishes that there is no reasonable expectation of privacy in a driver's license or state ID card, or the identification numbers contained in those documents. *United States v. Diaz-Castaneda*, 494 F.3d 1146, 1153 (9th Cir. 2007). While the court's analysis arose in a Fourth Amendment context, the underlying principle — that identification documents carry diminished privacy expectations — would support

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

180515712.2 15

the position that such documents cannot be withheld in civil discovery when identity is relevant to the litigation.

63.     Additionally, California courts have consistently recognized that driver's licenses are public identification documents without a reasonable expectation of privacy. In *People v. Herrera*, a California appellate court held that warrantless obtaining of a copy of a defendant's driver's license for identification purposes did not violate the right to privacy, since information contained on the license does not give rise to a reasonable expectation of privacy. *People v. Herrera*, 124 Cal. App. 3d 386, 389, 177 Cal. Rptr. 288, 289 (Ct. App. 1981). This principle should extend to civil discovery contexts, similar to the present situation, where a party seeks production of certain identification documents for a legitimate legal purpose.

64.     Here, there is a compelling reason to order production of the requested identification documentation, including the Mr. Zhuang's licenses, passports, immigration records, phone numbers and other related documentation from both the United States and China.

65.     The Moving Creditors are conducting background investigations across the world to determine where the money the Zhuang Absconders siphoned from creditors in China have ended up.  To investigate effectively, they must have rudimentary information to verify Mr. Zhuang's residences and also verify his identities, including the potential use of alias and other names. This information is also necessary to adequately perform credit assessments and background checks to discover Mr. Zhuang's concealed assets. Good cause exists for the Moving Creditors to discover this information because it is directly relevant to the scope of inquiry under Rule 2004 in discovering Mr. Zhuang's assets, illegal transfers of assets and other fraudulent acts.

66.     A Chinese document called the Household Registration Booklet is in particular important for investigative purposes here.  It is undersigned counsel's understanding that every Chinese citizen is required to carry this document and the document provides sufficient information

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

180515712.2  16

to trace the holder's "ancestral home" where his relatives are likely to reside.  This Household Registration Booklet permits an investigator retained by the Moving Creditors to identify potential likely recipients of fraudulent transfers.  Common sense teaches us that Mr. Zhuang probably transferred assets to family members and relatives that currently unknown to the Moving Creditors. With this information, the Moving Creditors are more likely to identify them.

67.    The Moving Creditors likewise are entitled to review Mr. Zhuang's apparently successful recent application for permanent residence in the United States.  It is undersigned counsel's understanding that applicable federal immigration law requires an applicant to provide detailed personal financial information. Indeed, a foreign national who "is likely at any time to become a public charge" will not be granted permanent immigration status in this country. *See* 8 U.S.C. § 1182(a)(4). The Moving Creditors are entitled to compare that financial information, provided under oath to the federal government by Mr. Zhuang, against his current claim of poverty.

**F.    The Debtors Cannot Resist Discovery By Saying that He Has Left China**

68.    It is black letter law that Mr. Zhuang is required to produce all responsive documents within his possession, custody, or control, including documents reasonably available to Mr. Zhuang from a government agency or another third party.  In other words, if Mr. Zhuang possesses the legal right to obtain those documents upon demand, he must obtain the documents and then produce it in discovery. He cannot throw up his hands and say it is too much work to get these documents from a third party. Under this principle, this Court must compel production of these requested documents, despite the fact that the documents may not be in Mr. Zhuang's immediate physical possession and despite that fact that he has left China.

69.    In *Superior Communications v. Earhugger, Inc.*, the court applied the rule that federal courts have consistently held that documents are deemed to be within a party's possession, custody or control if the party has actual possession, custody, or control, or has the legal right to

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

180515712.2  17

obtain the documents on demand. *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 217 (C.D. Cal. 2009); *see* Fed.R.Civ.P. 34(a)(1)(A). This standard was similarly applied in *National Academy of Recording Arts & Sciences, Inc. v. On Point Events, LP*, holding that "control" is defined as the legal right to obtain documents upon demand. *Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*, 256 F.R.D. 678, 680 (C.D. Cal. 2009) (quoting *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir.1999)).

70.    Federal courts have specifically applied this "legal right to obtain" standard to documents held by government agencies that the discovery target can obtain by contacting those agencies. In *Soto v. City of Concord*, the Northern District of California held "actual possession of the requested documents is not required. A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995).

71.    Here, Mr. Zhuang's argument that certain documents are not in his possession, custody, or control is fatally flawed because he has the legal right to obtain the documents on demand. Mr. Zhuang must be compelled to request these highly relevant documents from Chinese courts, governmental agencies and financial institutions.

72.    Under established federal law, Mr. Zhuang is in possession and control if he maintains the legal right to request the production of these documents from certain bureaus, agencies, or government facilities.  This test is clearly met because he was a party to or party in interest in various Chinese court proceedings. Mr. Zhuang has the legal rights to obtain the documents from China about his personal financial affairs or the financial affairs of the companies he controlled. Therefore, this Court must compel Mr. Zhuang to make a reasonable request to these

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

180515712.2  18

government agencies and institutions in order to adequately respond to the Moving Creditors' document requests.[2]

### G.    Maria Tam Must Ensure Compliance With Discovery Obligations

73.    Mr. Zhuang  has made highly dubious and frankly unbelievable assertions that he has no responsive documents to specific categories of document requests.  Maria Tam has advised undersigned counsel that all she has done is simply ask Mr. Zhuang whether he has various types of responsive documents—such as emails, text messages, and other electronic communications—and accepted his responses at face value. Wang Decoration, ¶ 12.  This is not enough to comply with Ms. Tam's discovery obligations on behalf of her clien. Not even remotely close.

74.    Ms. Tam's unchecked reliance on Mr. Zhuang's self-serving statements is not sufficient to comply with her discovery obligations, as Ms. Tam has an independent duty to oversee an adequate search of all potential sources of responsive documents in Mr. Zhuang's custody, possession, or control. This is especially true where, as here, the statements from her client are dubious at best and her client has had a long and documented history of defying court orders of two countries and disregarding his legal obligations.

75.    The Moving Creditors respectfully request the Court to address the apparent failure of Ms. Tam to fulfil her responsibility as an officer of the court to exercise reasonable oversight of this discovery process. Ms. Tam bears direct professional responsibility for overseeing her client's discovery obligations, including identifying sources of documents, collecting and reviewing documents and ultimately producing  responsive documents.

---

[2] If the Zhuang Debtors cannot obtain these documents after a documented good faith effort, these cases should be dismissed on international comity grounds. The Moving Creditors reserve the right to file such a motion.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

180515712.2  19

76.    Ms. Tam has the personal responsibility to actively supervise and manage the document review and production process by the Zhuang Debtors. As the Second Circuit observed recently in a published decision, "[d]iscovery is run largely by attorneys, and the court and the judicial process depend upon honesty and fair dealing among attorneys." *Adidas Am., Inc. v. Thom Browne, Inc.*, 174 F.4th 325, 335 (2d Cir. 2026) (internal citation omitted) (stating a negligence standard for liability for discovery lapses and mistakes by counsel).

77.    "Counsel bear responsibility for coordinating their clients' discovery production." *Knickerbocker v. Corinthian Colleges*, 298 F.R.D. 670, 678 (W.D. Wash. 2014). In other words, "Counsel must take affirmative steps to monitor compliance so that all sources of discoverable information are identified and searched." *Id.* (internal citation omitted).  A lawyer who fails to take personal responsibility for the discovery process is subject to sanctions.  *Id.* (colleting cases). As one California court has put it, a lawyer who "did not conduct a reasonable inquiry into the adequacy" of discovery is equally responsible with along her clients for the consequences of noncompliance.  *Qualcomm Inc. v. Broadcom Corp.*, 05CV 1958–B (BLM), 2008 WL 66932 (S.D.Cal. Jan. 7, 2008), *vacated in part*, 05CV 1958–RMB (BLM), 2008 WL 638108 (S.D.Cal. Mar. 5, 2008).

78.    To quote another court, "counsel cannot simply turn over discovery requests to the client and step back and wait for what the client provides and rely on that information without having vetted the collection process and production itself." *Johnson v. Riverhead Cent. Sch. Dist*., No. CV 14-7130 (DRH) (AKT), 2016 U.S. Dist. LEXIS 59203, at *4 (E.D.N.Y. May 3, 2016). Based on the most charitable reading of the record so far, it appears that Ms. Tam is doing exactly this.  She has not provided any direct oversight of her clients' discovery efforts.  This is not enough, in particular relative to these Zhuang Debtors.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

180515712.2 20

79. Fed.R.Civ.P. 26(g) also contains certain responsibilities relating exclusively to discovery requests and responses. Rule 26(g) thus requires a signing attorney to certify that a reasonable inquiry has been made with respect to the factual and legal basis for any discovery request or response. Fed.R.Civ.P. 26(g) Advisory Committee's Note. The reasonableness of the inquiry is measured by an objective standard; there is no required showing of bad faith. *Id.*

80. Here, Ms. Tam and the Zhuang Debtors have certified that there are no responsive documents in their possession, custody, or control relating to a number of the Moving Creditors' discovery requests. These dubious representations are another example of the Zhuang Debtors' bad-faith efforts to thwart the discovery process, as has been seen again and again in the history of their conduct in both China and the United States. Ms. Tam, as an officer of the Court, and the Zhuang Debtors' legal representative, is equally as responsible for the submission of a representation with no basis in reasonable inquiry and unworthy of common-sense belief.

81. In *National Ass'n of Radiation Survivors v. Turnage*, the Northern District of California addressed the Veterans Administration's failure to comply with discovery obligations and imposed specific requirements to ensure proper attorney oversight of the discovery process. The court held "the defendant and its counsel failed in a variety of instances to conduct any reasonable inquiry into the factual basis of its discovery responses as well as the factual basis of subsequent pleadings, papers, and motions based on those responses." *Nat'l Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 556 (N.D. Cal. 1987).

82. This standard makes clear that counsel cannot simply forward discovery requests to the client and wait for a response—instead, attorneys must establish and oversee systematic procedures for identifying custodians, collecting documents, and ensuring completeness of production. The court's emphasis on accountability underscores the principle that attorneys bear

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

180515712.2 21

ultimate responsibility for ensuring their clients' discovery obligations are met through active supervision and coordination, not passive transmission of requests.

83.     Here, Ms. Tam has certified that a reasonable inquiry has been made with respect to the Moving Creditors' numerous document requests. However, given the incredible lack of responsive documents with respect to certain requests, it is clear that this certification has been made in bad faith. These omissions reflect the consistent failure of the Zhuang Debtors and Ms. Tam to conduct reasonable inquiries prior to making a representation to their adversaries. The omissions are sanctionable under Rule 26(g) where the omitted documents and information should have been disclosed in particular discovery responses. Ms. Tam is falling dramatically short of her responsibilities as an officer of the Court to ensure the integrity of the discovery process.

**H.     Sanctions Are Warranted Under FRCP 37(a)(5)(A)**

84.     Monetary sanctions against Mr. Zhuang and his counsel Marai Tam are warranted and appropriate under by Fed. R. Civ. P. 37(a).  This rules provides that if the Court grants a motion to compel (as it should here), it *must*, "after giving an opportunity to be heard," require the responding party, his attorney, or both "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

85.     This award of fees is mandatory unless the Court finds that the opposing party's position was "substantially justified" or that "other circumstances make an award of expenses unjust." *Id.* The burden of establishing this substantial justification or special circumstances rests on the party being sanctioned. *See Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994). The rule's purpose is "to protect courts and opposing parties from delaying or harassing tactics during the discovery process." *Cunningham v. Hamilton County*, 527 U.S. 198, 208 (1999).

86.     Rule 37 sanctions must be applied diligently both "to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

180515712.2  22

conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976). A "district court has great latitude in imposing sanctions for discovery abuse." *Dahl v. City of Huntington Beach*, 84 F.3d 363, 367 (9th Cir.1996).

87.    Federal courts in California have consistently recognized the mandatory nature of sanctions when a motion to compel is granted. *See Infanzon v. Allstate Ins. Co.*, 335 F.R.D. 305, 311 (C.D. Cal. 2020), *aff'd,* No. 22-56070, 2024 WL 3631140 (9th Cir. Aug. 2, 2024) (granting a motion to compel and imposing monetary sanctions, emphasizing that Rule 37(a)(5)(A) makes such awards mandatory after a court grants a motion to compel*); see also Guifu Li v. A Perfect Day Franchise, Inc*, 281 F.R.D. 373, 395 (N.D. Cal. 2012) (imposing monetary sanctions on defendants after granting plaintiffs' motions to compel production of documents, finding the defendants' position was not substantially justified and that an award of fees was not unjust).

88.    Here, the Court granted Moving Creditors' Rule 2004 Motion and ordered Mr. Zhuang to produce documents responsive to the underlying discovery requests by a date certain. Mr. Zhuang has failed to comply with the Order granting the Motion, and has instead cited to a variety of flimsy excuses.  As set forth above, those excuses are meritless and in fact lack the most basic legal support.

89.    There is no substantial justification to support any of Mr. Zhuang's legally insufficient excuses justifying continued nonproduction and noncooperation. Further, there are no circumstances present which would militate a finding that an award of expenses is unjust. Indeed, the history of the Zhuang Debtors in both countries compels the conclusion that they are engaged in continued deliberate obstruction and should be appropriately sanctioned.

90.    Given the foregoing, the Moving Creditors are entitled to monetary sanctions, including costs and expenses related to the submission of the underlying motion and attorney's fees pursuant to Fed. R. Civ. P. 37(a)(5)(A).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

180515712.2 23

91. The Moving Creditors will file an application for fees if this request is granted.

## IV. MEET AND CONFER

92. The parties met on May 4, 2026 and again on July 21, 2026. They were unsuccessful in narrowing their differences.

93. The Moving Creditors cannot submit a joint stipulation due to non-cooperation from the Debtor.

## V. CONCLUSION

WHEREFORE, for the foregoing reasons, the Moving Creditors respectfully request entry of the Proposed Order granting the relief requested in this Motion to Compel and such other relief as is just and proper.

DATED: July 22, 2026

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: _____
MINYAO WANG
140 Broadway, Suite 3100
New York, New York 10005
Tel: (212) 232-1300
Minyao.Wang@lewisbrisbois.com

JULIE M. ROMERSA
633 West 5th Street, Suite 4000
Los Angeles, CA 90071
Tel: (213) 250-1800
Julie.Romersa@lewisbrisbois.com

*Attorneys for Weijie Xu, Shenzhen Zhaobangji Small Loan Co., Ltd. and Winson Credit (HK) Limited*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

180515712.2   24

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Julie M. Romersa (SBN 341871)
Julie.Romersa@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, CA 90071
Tel: (213) 250-1800

Minyao Wang (*pro hac vice* forthcoming)
minyao.wang@lewisbrisbois.com
140 Broadway, Suite 3100
New York, NY 10005
Tel: (212) 232-1300

*Attorneys for Movants Weijie Xu, Shenzhen Zhaobangji Small Loan Co., Ltd. and Winson Credit ( HK) Limited*

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

In re

ZHIHUI ZHUANG

Debtor.

BK NO.:25-bk-21019-NB

**DECLARATION OF MINYAO WANG IN SUPPORT OF JOINT MOTION TO COMPEL DEBTOR TO PRODUCE DOCUMENTS AS REQUIRED BY ORDER GRANTING MOTION FOR FRBP 2004 DISCOVERY AND FOR SANCTIONS AGAINST DEBTOR AND HIS COUNSEL**

I, MINYAO WANG, an attorney admitted to practice before the Supreme Court of the United States and  the courts of the State of New York, affirm the following under penalty of perjury:

1.      I am a partner with the law firm of Lewis Brisbois Bisgaard & Smith LLP ("LBBS") in its New York City office. LBBS is counsel of record for the Moving Creditors.

2.      I am a citizen of the United States. All statements set forth in this Declaration are based upon my personal knowledge or my review of the relevant documents. If called as a witness, I can testify competently thereto.

3.      I am responsible for the day-to-day administration of this case at LBBS.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

180529065.1

4.      I am submitting this declaration in support of the *Moving Creditors' Joint Motion to Compel Debtor to Produce Documents as Required by Order Granting Motion for FRBP 2004 Discovery and for Sanctions against Debtor and His Counsel*, filed concurrently herewith.

5.      Attached as **Exhibit A** is a true and correct copy of subpoena I served on Debtor Zhihui Zhuang on April 10, 2026.

6.      Mr. Zhuang made a limited a production on April 24, 2026. He did not ask for an extension of time.

7.      Mr. Zhuang requested a meet and confer only on April 29, 2026, four days after the deadline for compliance.  A formal letter required by Local Bankruptcy Rule 7026-1(c)(2) was not served by Mr. Zhuang until May 1, 2026.

8.      Attached as **Exhibit B** is a true and correct copy of the letter I received from Maria Tam on May 1, 2026.

9.      I received responses and objections from Ms. Tam on May 1, 2026. There was no explanation as to why the responses and objections were late.

10.     I met and conferred with Ms. Tam on Zoom on May 4, 2026 for two hours.  The parties were unable to resolve their disputes on the Rule 2004 Subpoenas.

11.     Ms. Tam represented to me during this meeting that she did not personally supervise her clients' search for responsive documents.

12.     Attached as **Exhibit C** is a true and correct copy of the email exchange between Ms. Tam and me dated July 13-14, 2026.

13.     I had no communications from Ms. Tam between the filing of the stipulation on May 12, 2026 and her email reply on July 14, 2026 concerning her deadline to file a motion for a protective order.

14.     I thereafter spoke with Ms. Tam on July 14, 2024 during which she asked for an

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

180529065.1  2

extension of time.

15. I asked Ms. Tam to make a supplemental production of documents within two days in order for me to evaluate her extension request, as documented in Exhibit C.

16. Since then, I received no supplemental production and received no additional communications from Ms. Tam concerning a motion for protective order.

17. As a result, my colleagues and I had to scramble to file this motion to compel. Significant fees were incurred as a result of the failure of the Debtors to engage.

18. Due to the lack of communications and lack of cooperation from Ms. Tam, I was not able to prepare a joint stipulation for this motion.

19. Attached as **Exhibit D** is a true and correct copy of a declaration filed by a process server dated November 29, 2025 in Case No. 25-cv-05235-MWC-MAA in the United States District Court for the Central District of California.

20. Attached as **Exhibit E** is a true and correct copy of order dated March 31, 2026 in Case No. 24-cv-08671-RGK-BFM in the United States District Court for the Central District of California.

Dated: New York, New York
      July 22, 2026

By: _____
     Minyao Wang, Esq.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

180529065.1 3

# EXHIBIT A

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Julie M. Romersa (SBN 341871)
Julie.Romersa@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, CA 90071
Tel: (213) 250-1800

Minyao Wang (*pro hac vice* admitted)
minyao.wang@lewisbrisbois.com
7 World Trade Center
250 Greenwich Street, 11th Floor
New York, NY 10007
Tel: (212) 232-1300

*Attorneys for Moving Creditors Weijie Xu, Shenzhen Zhaobangji Small Loan Co., Ltd. and Winson Credit (HK) Limited*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>ZHIHUI ZHUANG<br><br>    Debtor. | BK NO. 2:25-bk-21019-NB<br><br>**MOVING CREDITORS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE, TO ZHIHUI ZHUANG** |

**PROPOUNDING PARTIES**: **THE MOVING CREDITORS**

**RESPONDING PARTY:  ZHIHUI ZHUANG**

**SET NUMBER:        ONE**

Weijie Xu, Shenzhen Zhaobangji Small Loan Co, Ltd. and Winson Credit (HK) Limited (collectively, the "Moving Creditors") propound the following Requests for Production of Documents to Debtor Zhihui Zhuang ("Responding Party") pursuant to Rule 2004 of the Federal

Rules of Bankruptcy Procedure and the Order of the United States Bankruptcy Court for the Central District of California, ECF No. 43, attached hereto. Responding Party must answer and produce for inspection and copying the documents in his/her/its possession, custody or control that are called for in the numbered Requests set forth hereinafter. The documents are to be produced at the offices of Lewis Brisbois Bisgaard & Smith LLP, at 633 West 5th Street, Suite 4000Los Angeles, CA 90071 or by email to Julie.Romersa@lewisbrisbois.com and minyao.wang@lewisbrisbois.com by no later than **April 25, 2026**, **as ordered by the Court**.

Responding Party is reminded that these requests are made pursuant to a Court order under the laws of the United States of America and failure to respond will result in the filing of motions to compel, for sanctions, and for contempt of court by the Moving Creditors against the Responding Party.

## **DEFINITIONS**

1. "Account" means any account at any bank, savings and loan, credit union, securities broker, investment advisor, lender or other financial institution, including, but not limited to, checking account, savings account, escrow account, brokerage account, securities account, trust account, deposit account, trading account, money market account, certificate of deposit, credit line, loan account or investment account.

2. "Communication" means every manner of transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

3. "Concern" or "concerning" means relating to, referring to, describing evidencing or constituting.

4. "Documents" is used in its broadest sense and means any writing of any kind, and includes, but is not limited to: agreements and contracts; drafts; Communications; analyses and financial analyses; financial statements; correspondence; emails; text messages; SMS messages; instant messages (including Communications sent via WeChat, Skype, Slack, Teams, WebEx, Instant Bloomberg, or similar programs or applications); notes; social media posts; facsimiles;

2

memoranda; records; books; summaries of records or notes of conversations or interviews; diaries; calendars; forecasts; statistical statements; accountants' work papers; graphs; charts; diagrams; tables; indices; pictures; recordings; tapes; accounts; minutes or records of meetings or conferences; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; reports and/or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; projections; working papers; income tax returns; checks; computer printouts and computer disks and tapes; or any other written, recorded, transcribed, taped, filmed, or graphic matters, however produced or reproduced. The term Document also includes all diskettes, thumb drives, USB storage devices, flash drives, memory cards or similar media created or used by any of Your employees, directors, officers, agents, or partners that may have been maintained independently or separately from Your electronic data systems. For purposes of this definition, a draft or non-identical copy is a separate document.

5.    "Financial Report" means any financial statements or schedules or reports or analyses that provide financial information or information that is relevant to financial information (for example, including Documents constituting or concerning business strategy, financing and capital structure, operating costs, revenues, investments in business assets, the sales of business assets, share repurchase and equity distributions, analysis of the industry or competitors), including balance sheets, income statements, cash flow statements, free cash flows schedules, statements of common equity, information about revenues, expenditures, investments, and profitability (including EBIT, EBITDA, and operating profit), and any supporting schedules or information constituting or concerning any of those Documents

6.    "Ramona Acquisition" means the purchase of the Ramoan Property by Zhifeng Zhuang on or about January 2024.

7.    "Ramona Property" means the real property located at 942 Ramona Street, San Gabriel, CA 91776.

8.    "Santa Anita Property" means the real property located at 2001 Santa Anita Avenue S, Arcadia, CA 91006.

3

9.      "Santa Anita Sales" means the sale of the Santa Anita Property from Zhiwu Zhang to Zhifeng Zhang on December 21, 2023 and the sale of the Santa Anita Property in October 2024.

10.     "Shenzhen Zhaobangji Action" means Case No. 2:25-cv-05235-MWC-MAA in the United States District Court for the Central District of California.

11.     "Xu Action" means Case No. 2:24-cv-08671-RGK-BFM in the United States District Court for the Central District of California.

12.     "Winson Action" means an arbitration action brought by Winson Credit (HK) Limited against Chenshi Zhuang in connection with a debt owed by Skyline Champion Limited.

13.      "You" and "Your" mean Zhihui Zhuang, individually, and any officer, employee, agent, representative, or person acting or purporting to act on Your behalf.

**INSTRUCTIONS**

1.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the document request any information or documents which might otherwise be construed to be outside of its scope.

2.      The use of the singular form of any word includes the plural and the plural as singular as necessary to bring within the scope of the document request any information or documents which might otherwise be construed to be outside of its scope.

3.      You must supplement Your responses to the extent required by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

4.      Produce the originals of any document requests and all copies thereof if any copy is other than identical with the original.

5.      In producing the requests documents, furnish all documents in Your actual or constructive possession, custody or control including, without limitation, documents which may be in the physical possession of another person or entity such as Your advisors, attorneys, investigators, employees, agents, associates, affiliates, or representatives.

6.      If there are responsive documents which constitute "electronically stored information" ("ESI"), such as emails that are kept in electronic form in the ordinary course of

4

business (e.g., in a Microsoft Exchange Server or Outlook database, on network backup tapes, or on an individual user's work station, personal computer or laptop computer), then those documents shall be produced in accordance with litigation industry standards and specifications, unless the parties otherwise agree; for example, if a Stipulation and Order regarding Electronic Discovery is agreed upon by the parties and entered by the Court, then such production should be made according to any such order.

7. If You would withhold any information under a claim of privilege, identify:

(a) The nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked.

(b) For documents: (i) the type of document, e.g., letter or memorandum; (ii) the subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other.

(c) For oral communications: (i) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the subject matter of the communication.

(d) If no information is being withheld under a claim of privilege, so state.

8. Any document or part of a document withheld under a claim of privilege must be preserved.

9. If any documents responsive to a request once existed but have been destroyed or discarded, or otherwise are not capable of being produced, provide a list specifying each such document and setting forth the following information: (i) the date of the document; (ii) a description of the subject matter of the document; (iii) the name and last known address of each person who prepared or participated in the preparation of the document; (iv) the name and last known address of each addressee or other person to whom the document, or any part thereof, was sent or to whom the document or its contents, or any part thereof, was disclosed; (v) the name and last known address

5

of any person not covered by items (iii) and (iv) who had possession, custody or control of the document or a copy thereof; (vi) the date on which the document was destroyed or discarded and a statement of the reasons why the document was destroyed or discarded or why such document is not capable of being produced; and (vii) the discovery request to which the document is responsive.

(e)    You have no documents responsive to a particular request, please so state.

(f)    Unless otherwise stated, the time period for these document requests is January 1, 2017 to the present.

## DOCUMENT REQUESTS

### REQUEST FOR PRODUCTION NO. 1:

Your tax returns and amended returns for the tax years 2017 and later that were filed or submitted to any tax authority anywhere in the world, including schedules filed with and/or supporting such returns.

### REQUEST FOR PRODUCTION NO. 2:

All tax returns and amended returns for the tax years 2017 and later that were filed or submitted to any tax authority anywhere in the world by any entity in which You had, directly or indirectly, at any point during such tax year, at least a 50% equity interest, including schedules filed with and/or supporting such returns. This includes, without limitation, Skyline Champion Limited, GuangYao Decoration Design Engineering, ShiJiFengYuan Investment Development Co., Shijixin Yuan Investmnet Development Co. and Fusiyuan Real Estate Development Company.

### REQUEST FOR PRODUCTION NO. 3:

Documents and Communications sufficient to show each month-end balance, from November 2017 to present, in any Account anywhere in the world for which You are or were a holder, owner, borrower, beneficiary or authorized signatory, whether as separate or community property.

### REQUEST FOR PRODUCTION NO. 4:

All Documents and Communications concerning any wire transfers or transactions with a value of at least US $10,000.00 anywhere in the world into or out of any Account anywhere in the world in Your name, or that You have (or had) signatory authority on, including, but not limited to, account statements and receipts, wire transfer instructions, wire transfer confirmations, and any Communications referring to same.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

174809950.1

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications concerning any wire transfers or transactions anywhere in the world with a value of at least US $10,000.00 that You directed, authorized, or instructed on behalf of any entity, including, but not limited to, account statements and receipts, wire transfer instructions, wire transfer confirmations, and any Communications referring to same.

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to show the aggregate value of all personal property owned by You anywhere in the world, or any trust in which You are or were a settlor or beneficiary, excluding personal property items with a value less than US $10,000.00.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to identify any assets You own or owned with a value of at least US $10,000.00 anywhere in the world, including, but not limited to, vehicles, boats, airplanes, and jewelry.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to identify all real property anywhere in the world in which, after January 1, 2017, You have or had an ownership, leasehold or other interest of any kind, type or nature, whether legal, equitable or beneficial, and whether as a sole or joint owner, beneficiary of a trust, holder of an option to purchase or mortgagee, directly or indirectly, including without limitations any deeds, mortgages, deeds of trust, title documents, appraisals or written opinions of value, transfer documents, rights of first refusal, leases, records relating to any rental income received and expenses paid, purchase options, loan applications, real estate tax bills, applications for tax abatements and any other Documents reflecting the purchase and/or sale of such real property.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

8

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to identify all common stock or preferred stock, membership interest, partnership interest, mutual fund share, certificate of deposit, bond, or other investment or security owned by You or for Your benefit, from January 1, 2017 to present, whether directly or indirectly, individually or jointly, standing in Your name as trustee, guardian, or custodian for another, held by a trust in which You are or were a settlor or beneficiary, or held in the name of another (including Your nominees or agents) for Your benefit.

**REQUEST FOR PRODUCTION NO. 10:**

All insurance policies or annuity policies on which You were or are the owner or the beneficiary since January 1, 2017, including, but not limited to, the statement of beneficiaries and any charges thereto, the statement of cash surrender value, any statements indicating loans taken against the cash surrender value or verifying payment of premiums, and all records of purchase amounts.

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to show the outstanding balance of principal and interest, as of April 1, 2026, for any loans made by You, or guarantees, surety agreements, and letters of credit issued to You or for Your benefit whether directly or indirectly, individually, jointly in Your name as trustee, guardian, or custodian for another, or a trust in which You were a settlor or beneficiary.

**REQUEST FOR PRODUCTION NO. 12:**

Documents sufficient to show any amounts, monies or other property exceeding US $10,000.00 owed to You by any person, regardless of when the payment obligation arises, including any accounts receivable, loans, security deposits, prepayments, refunds (including tax refunds) or other amounts.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

9

**REQUEST FOR PRODUCTION NO. 13:**

Copies of any judgments rendered in Your favor, whether individually, jointly or in Your name as trustee, guardian, or custodian for another, or in favor of a trust in which You were a beneficiary, which are currently unsatisfied.

**REQUEST FOR PRODUCTION NO. 14:**

Copies of any judgments (and all associated complaints, motions, and pleadings) rendered against You or any trust in which You are or were a beneficiary, which are currently unsatisfied. This includes all judgments set forth in Your schedules filed in this case and also at exhibits to ECF No. 12 in the Xu Action.

**REQUEST FOR PRODUCTION NO. 15:**

Documents sufficient to show any settlements obtained in Your favor, whether directly or indirectly, individually, jointly, or in Your name as trustee, guardian, custodian for another, or in favor of a trust in which You are or were a beneficiary, under which there remains any unperformed monetary obligation by any party thereto.

**REQUEST FOR PRODUCTION NO. 16:**

Documents sufficient to show each and every entity in which You hold or have held an equity or economic interest including, in the case of a trust, any trust in which You are or were a settlor or beneficiary, since January 1, 2017.

**REQUEST FOR PRODUCTION NO. 17:**

Documents sufficient to show the new worth of any trust or estate planning or asset protection vehicle in which You were a settlor or beneficiary since 2017, as of each year end and as of April 1, 2026.

**REQUEST FOR PRODUCTION NO. 18:**

All of Your monthly and quarterly Financial Reports since January 1, 2017, including, but not limited to, balance sheets, personal financial statements, income statements (profit and loss reports), general ledger reports, financial forecasts, and cash flow statements.

**REQUEST FOR PRODUCTION NO. 19:**

All of the monthly and quarterly Financial Reports since January 1, 2017, including, but not limited to, balance sheets, income statements (profit and loss reports), general ledger reports, financial forecasts, and cash flow statements for any entity in which You have or had at least a 50% equity interest. This includes, without limitation, Skyline Champion Limited, GuangYao Decoration Design Engineering, ShiJiFengYuan Investment Development Co., Shijixin Yuan Investment Development Co. and Fusiyuan Real Estate Development Company.

**REQUEST FOR PRODUCTION NO. 20:**

Documents sufficient to determine Your net worth as of each year end after January 1, 2017.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents and Communications concerning the Santa Anita Sales, including, but not limited to, the distribution of the proceeds of the sale from the Santa Anita Sale.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents Communications concerning the Santa Anita Property, including, but not limited to, the financing of the acquisition of the Santa Anita Property.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

11

**REQUEST FOR PRODUCTION NO. 23:**

All Documents and Communications concerning Your possession and use of the Santa Anita Property, including, but not limited to, lease agreements, mortgage agreements, and any other documents constituting, confirming, modifying, describing or referring to any right to occupancy or possession You have or had in the Santa Anita Property, including any informal understanding, life estate, or deeded interest, since January 1, 2016.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications concerning payment of any expenses related to maintenance and operation of the Santa Anita Property, including, but not limited to, utility payments, since January 1, 2016.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents and Communications concerning all tax payments made concerning the Santa Anita Property, including, but not limited to, property tax bills and checks or bank statements concerning property tax payments, since January 1, 2016.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Communications concerning any changes, improvements, or renovations to the Santa Anita Property, including, but not limited to, Documents and Communications concerning architects, designers, landscapers, painters, plumbers, electricians, and carpenters, since January 1, 2016.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents and Communications concerning the acquisition of the Ramona Property, including, but not limited to, the financing of the acquisition of the Ramona Property.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

12

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and Communications concerning Your possession and use of the Ramona Property, including, but not limited to, lease agreements, mortgage agreements, and any other documents constituting, confirming, modifying, describing or referring to any right to occupancy or possession You have in the Ramona Property, including any informal understanding, life estate, or deeded interest, since January 1, 2024.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents and Communications concerning payment of any expenses related to maintenance and operation of the Ramona Property, including, but not limited to, utility payments, since January 1, 2024.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents and Communications concerning all tax payments made concerning the Ramona Property, including, but not limited to, property tax bills and checks or bank statements concerning property tax payments, since January 1, 2024.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents and Communications concerning any changes, improvements, or renovations to the Ramona Property, including, but not limited to, Documents and Communications concerning architects, designers, landscapers, painters, plumbers, electricians, and carpenters, since January 1, 2024.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents and Communications with any person or entity concerning or with (i) ZH Glendora, LLC or (ii) ZH Management Corporation.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

13

**REQUEST FOR PRODUCTION NO. 33:**

All Documents and Communications concerning the Xu Action, the Winson Action and/or the Shenzhen Zhaobangji Action.

**REQUEST FOR PRODUCTION NO. 34:**

Documents and Communications sufficient to identify all officer, director, manager and employee positions You held with any entity since January 1, 2017, and the date(s) on which You held such position(s).  This includes, without limitation, Skyline Champion Limited, GuangYao Decoration Design Engineering, ShiJiFengYuan Investment Development Co., Shijixin Yuan Investmnet Development Co. and Fusiyuan Real Estate Development Company.

**REQUEST FOR PRODUCTION NO. 35:**

Documents and Communications concerning your relationships with Jiayin Wen and Qiwen Mai, their identities and their current locations.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents and Communications concerning the real property located at 2218 Lee Avenue, Arcadia, CA 91006-521.

**REQUEST FOR PRODUCTION NO. 37:**

All pages of Your identification cards, driver's licenses, visas, passports, social security cards, travel documents, green cards and similar documents.  This applies to expired documents as well as currently valid documents.

**REQUEST FOR PRODUCTION NO. 38:**

All pages of Your Chinese household registration document, known in Chinese as 居民戶口簿.

**REQUEST FOR PRODUCTION NO. 39:**

Documents and Communications sufficient to show all countries You have travelled to in the last five years and the purposes and the dates of such travel. For purposes of this request, the Hong Kong Special Administrative Region, the Macao Special Administrative Region and Taiwan (The Republic of China) shall each be deemed a country.

**REQUEST FOR PRODUCTION NO. 40:**

Documents sufficient to show all Your residential addresses in the past five years and the date ranges in which You lived at such addresses.

**REQUEST FOR PRODUCTION NO. 41:**

Documents sufficient to show all phone numbers and all email addresses You have used in the past five years.

**REQUEST FOR PRODUCTION NO. 42:**

Documents sufficient to show all Your account names on WeChat, iCloud and similar online services, including all account names You have used in the past five years.

**REQUEST FOR PRODUCTION NO. 43:**

Documents and Communications sufficient to show the current address for Zhifeng Zhuang.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents and Communications concerning payments made to You by Zhifeng Zhuang, either directly or indirectly.

**REQUEST FOR PRODUCTION NO. 45:**

All Communications between You and Zhifeng Zhuang concerning the Xu Action, the Shenzhen Zhaobangji Action, the Winson Action, these bankruptcy cases and/or the debt You owe in China. This includes all relevant WeChat communications with Zhifeng Zhuang.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

15

**REQUEST FOR PRODUCTION NO. 46:**

Your complete credit reports issued in the last 10 days by Equifax, Experian, and TransUnion, **with full balance histories**.

**REQUEST FOR PRODUCTION NO. 47:**

Copies of any application for settlement, right of abode, or permanent residence submitted to any country by You or on Your behalf.  For purposes of this request, the Hong Kong Special Administrative Region, the Macao Special Administrative Region and Taiwan (The Republic of China) shall each be deemed a country.

**REQUEST FOR PRODUCTION NO. 48:**

All Communications and Documents concerning the payment of legal fees to Michael Israel, Maria Tam and any other legal counsel, including without limitation the source of payments.

**REQUEST FOR PRODUCTION NO. 49:**

All Communications and Documents concerning the payment of fees and costs for the translation of documents submitted to the Chapter 7 Trustee, including without limitation the source of payments.

**REQUEST FOR PRODUCTION NO. 50:**

All Communications and Documents concerning Your decision to seek bankruptcy protection that is not otherwise privileged.

**REQUEST FOR PRODUCTION NO. 51:**

Communications and Documents sufficient to identify all safe deposit boxes you have or have had anywhere in the world since January 1, 2017.

**REQUEST FOR PRODUCTION NO. 52:**

Communications and Documents regarding all loans greater than $50,000 you have personally guaranteed since January 1, 2017.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

16

**REQUEST FOR PRODUCTION NO. 53:**

Copies of all Documents You provided to the United States Trustee and/or the Chapter 7 Trustee.

**REQUEST FOR PRODUCTION NO. 54:**

All Your Communications with anyone in China concerning the Documents you submitted to the Chapter 7 Trustee.

DATED: April 10, 2026                    **LEWIS BRISBOIS BISGAARD & SMITH LLP**


By: _____
JULIE M. ROMERSA
Julie.Romersa@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, CA 90071
Tel: (213) 250-1800

Minyao Wang (*pro hac vice* admitted)
minyao.wang@lewisbrisbois.com
7 World Trade Center
250 Greenwich Street, 11th Floor
New York, NY 10007
Tel: (212) 232-1300

*Attorneys for Weijie Xu, Shenzhen Zhaobangji Small Loan Co., Ltd. and Winson Credit (HK) Limited*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

17

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Julie M. Romersa (SBN 341871)
Julie.Romersa@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, CA 90071
Tel: (213) 250-1800

Minyao Wang (*pro hac vice* forthcoming)
minyao.wang@lewisbrisbois.com
7 World Trade Center
250 Greenwich Street, 11th Floor
New York, NY 10007
Tel: (212) 232-1300

FILED & ENTERED

APR 03 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY llewis       DEPUTY CLERK

CHANGES MADE BY COURT

*Attorneys for Movants Weijie Xu, Shenzhen Zhaobangji Small Loan Co., Ltd. and Winson Credit (HK) Limited*

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

In re

ZHIHUI ZHUANG

           Debtor.

BK NO. 2:25-bk-21019-NB

Chapter 7

**ORDER** ~~GRANTING MOTION FOR ORDER~~ **REQUIRING EXAMINATION AND PRODUCTION OF DOCUMENTS**

The Court, the Honorable Neil W. Bason, United States Bankruptcy Judge, presiding, having reviewed and considered the "NOTICE JOINT MOTION AND JOINT MOTION OF MOVING CREDITORS FOR ORDER REQUIRING EXAMINATIONS AND PRODUCTION OF DOCUMENTS BY THE DEBTORS AND JIAYIN WEN PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MINYAO WANG IN SUPPORT THEREOF" (dkt. 38, the "Motion"), filed by Weijie Xu, Shenzhen Zhaobangji Small Loan Co., Ltd. and Winson Credit (HK) Limited (collectively the "Moving Creditors") and after finding that good cause exists for the

174160281.2

examination and production of the requested documents set forth in exhibits to the Motion, and for good cause appearing therefor

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted.

2.      The Debtor, Zhihui Zhuang and his spouse Yiwei Lyu are directed to produce the documents substantially identified in Exhibit "B" and Exhibit "C" to the Motion respectively, by no later than 5:00 p.m., Pacific Time, on **April 25, 2026**.

3.      The 2. The Debtor, Zhihui Zhuang and his spouse Yiwei Lyu shall appear for examinations under oath, on **June 4 and 5, 2026** respectively.

4.      The Moving Creditors are authorized to issue subpoenas against Ms. Lyu to effectuate the terms of this Order.

5.      The Moving Creditors are authorized to adjust the dates of the examinations based on the production compliance by the Debtor and Ms. Lyu.

6.      The Moving Creditors are instructed to immediately seek appropriate relief from the Court in case of non-compliance with this Order.

7.      The Debtor, Zhihui Zhuang and Yiwei Lyu are reminded that this is an **ORDER** issued by a **COURT** in the United States.

8.      The Court shall retain jurisdiction to consider any additional request for information and documents or further examination on appropriate notice.

//

**LEWIS
BRISBOIS
BISGAARD
& SMITH LLP**
ATTORNEYS AT LAW

174160281.2    2

9.    This order is subject to resolution of any disputes and/or motions to quash pursuant to the posted procedures of the undersigned Bankruptcy Judge (available at www.cacb.uscourts.gov), LBR 2004-1(f) and (g), and Rule 45 (Fed. R. Civ. P., incorporated by Rules 2004 and 9016, Fed. R. Bankr. P.).

**IT IS SO ORDERED.**

# # #

Date: April 3, 2026

Neil W. Bason
United States Bankruptcy Judge

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

174160281.2    3

# EXHIBIT B

# *Law Office of*
# *Maria W. Tam*

9650 Telstar Avenue, Unit A  #825                                    Tel: (626)281-9353
El Monte, CA 91731                                                   Fax: (626)281-9354
                                                        Tamlawoffice@gmail.com

_____

May 1, 2026

Minyao Wang, Esq.                          Via email: Minyao.wang@lewisbrisbois.com
Lewis, Brisbois, Bisgaard & Smith

**RE:     CHAPTER 7 BANKRUPTCY CASE OF ZHIHUI ZHUANG: 2:25-bk-21019**

**MEET AND CONFER BEFORE FILING MOTION FOR
PROTECTIVE ORDER AGAINST 2004 EXAMINATION**

Dear Mr. Wang:

     Attached is my meet and confer letter regarding the 2004 Examination set against debtor Zhihui Zhuang. I believe there are no disputes for some of the requests.  But I need you to confirm in writing.  We will need to go through each requests on Monday to find out whether you are satisfied with the response for some of the undisputed requests. Thank you for your attention.

Very truly yours,

_____
Maria W. Tam, ESQ.

Encl.

## MEET AND CONFER

**PROPOUNDING PARTY**: Weijie Xu, Shenzhen Zhaobangji Small Loan Co., Ltd., and Winson Credit (HK) Limited (hereinafter "Moving Creditors" or "Xu Group")

**RESPONDNG PARTY (Respondent)**: Debtor Zhihui Zhuang

      The Xu Group requested documents for over nine years.  The request period is unreasonably long and was designed for the sole purpose of oppressing and harassing the debtors.  The long period create an undue burden on debtors making it impossible for the debtors to comply.  In Bankruptcy Court, claims for relief has a maximum statute of limitation for four years. Some claims of relief has a shorter statute of limitations of two years.  By demanding nine years of documents production, the Xu Group is not doing any discovery for financial information but for the sole purpose of harassing the debtors and making it impossible for the debtor to comply. The demanded period is unreasonably long and oppressive.

      The major purpose of discovery is to discover and administer assets of the bankruptcy estate.  Trustees (or creditors) may file the following claims of relief:

1.     To recover preferential actions - 11 U.S.C. §547
      The statute of limitations for bringing a preference action under 11 U.S.C. §547 is generally two years after the entry of the order for relief (bankruptcy filing date), or one year after the appointment of a trustee if appointed within that initial two-year period.  The actual "look-back" period for preferential transfers is 90 days for general creditors or one year for insiders.  Thus to ask for documents going back nine years ago serves no purpose for preferential actions.

2.     To recover fraudulent conveyance - The statute of limitations for 11 U.S.C. §548 (fraudulent transfers) is a two-year "look-back" period. Trustees or debtors-in-possession can avoid fraudulent transfers made within two years before the bankruptcy petition filing.

3.     Strong Arm Clause - 11 USC §544
      11 USC §544(b) allows trustees to use California State fraudulent transfer laws to look back four years for fraudulent transfers.

      So, for all the causes actions that can be brought to recover assets, the maximum is four years.  Here, the Xu Group is asking for a production of documents going back for nine years.  It is impossible for the debtors to comply with such a long period of production of documents. Debtors pray for relief that all the Xu Group's Request to be limit to four years.

      Secondly, the Xu Group demanded personal documents totally unrelated to the discovery or administering of assets. (See Request No. 37 and No. 38)
What does the drivers license, social security cards, green cards have to do with discovering or administering assets?  The Xu Group wants to take debtor's drivers license, social security card, green card, visas and passport.

Thirdly, the Xu Group demanded all the information about accounts for ICloud, WECHAT, all online accounts, email accounts and phone numbers for the last five years. (See Request No. 41 and No. 42). These demands are blatant violations of personal privacy.  This is beyond the scope of discovering financial information or administering of assets.

**RESPONDNG PARTY (Respondent)**: Debtor Zhihui Zhuang

**REQUEST FOR PRODUCTION NO. 1:**

Your tax returns and amended returns for the tax years 2017 and later that were filed or submitted to any tax authority anywhere in the world, including schedules filed with and/or supporting such returns.

**RESPONSE**

Objection. Overbroad, burdensome, beyond the scope of this litigation. Creditor is requesting documents for over 9 years. Without waiving said objections, respondent responded as follows: Respondent just came to USA in 2022. The first year he filed tax return in USA was 2024. Respondent has emailed his 2024 and 2025 tax return to the Chapter 7 trustee and the Moving Creditors already. Year 2024 was the first year that the Respondent had filed tax return in USA.  Also, Respondent has left China in 2022.  He is not able to obtain a complete copy of his China's tax return.  He was able to obtain a copy of the 2020, 2021, 2022, 2023 China Tax Return Transcript.  A copy of said Tax Return Transcripts had been provided to the Moving Creditors and the Chapter 7 Trustee.

Respondent will email the above tax documents to the Moving Creditors once more.

**REQUEST FOR PRODUCTION NO. 2:**

All tax returns and amended returns for the tax years 2017 and later that were filed or submitted to any tax authority anywhere in the world by any entity in which You had, directly or indirectly, at any point during such tax year, at least a 50% equity interest, including schedules filed with and/or supporting such returns. This includes, without limitation, Skyline Champion Limited, GuangYao Decoration Design Engineering, ShiJiFengYuan Investment Development Co., Shijixin Yuan Investmnet Development Co. and Fusiyuan Real Estate Development Company.

**RESPONSE**

Objection. Overbroad, burdensome, beyond the scope of this litigation. The creditor is asking for documents for over 9 years. Without waiving said objections, Respondent responds as follow: Respondent does not own shares in any of the above mentioned companies.  Respondent does not hold any interests or any shares in any companies. Respondent does not control any business entities and does not have access to any of the tax returns of any business entities.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to show each month-end balance, from November 2017 to present, in any Account anywhere in the world for which You are or were a holder, owner, borrower, beneficiary or authorized signatory, whether as separate or community property.

**RESPONSE**

Objection. Vague, ambiguous, overbroad, burdensome, beyond the scope of this litigation.

The creditor is asking for documents for over 9 years. Without waiving said objections, Respondent responded as follows: Respondent has provided all of his bank statements for the last four years for all of his US bank accounts to the Moving Creditors and the Chapter 7 Trustee. Respondent has left China in 2022. When his father Chenshi Zhuang's business failed, Respondent who is a guarantor for some of the loans were also sued.  Judgments were entered in the China courts against Respondent. The China creditors and China court seized all of Respondent's bank accounts in China.  Respondent does not have access to any China bank accounts any more.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications concerning any wire transfers or transactions with a value of at least US $10,000.00 anywhere in the world into or out of any Account anywhere in the world in Your name, or that You have (or had) signatory authority on, including, but not limited to, account statements and receipts, wire transfer instructions, wire transfer confirmations, and any Communications referring to same.

**RESPONSE**

Objection. Vague, compound, ambiguous, overbroad, burdensome, beyond the scope of this litigation. The Moving Creditor did not even bother to put any time frame for this request. Without waiving said objections, Respondent has provided his last four years US bank statements to the Moving Creditors and Chapter 7 Trustee. No wire transfer out for over $10,000 for the last four years.  Also, as stated above, Respondent left China in 2022, after the China creditors and China Courts shut down his father Chenshi Zhuang's businesses.  Respondent does not have any bank accounts, businesses, real estate or any assets in China. No bank accounts anywhere else.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications concerning any wire transfers or transactions anywhere in the world with a value of at least US $10,000.00 that You directed, authorized, or instructed on behalf of any entity, including, but not limited to, account statements and receipts, wire transfer instructions, wire transfer confirmations, and any Communications referring to same.
**RESPONSE**

Objection. Vague, ambiguous, overbroad, burdensome, beyond the scope of this litigation. The Moving Creditor did not even bother to put any time frame for this request.  Without waiving said objections, Respondent has provided his last four years US bank statements to the Moving Creditors and Chapter 7 Trustee. Respondent has transferred $100,000 to his wife around December 2024. No other transfers for more than $10,000 anywhere on earth for the last 4 years. As stated above, Respondent left China in 2022 after the China creditors and China Courts shut down his father's business. Respondent's bank account was seized by the China creditors and the China court. As shown in the four years US bank statements, Respondent did not direct any transfers for more than $10,000.

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to show the aggregate value of all personal property owned by You anywhere in the world, or any trust in which You are or were a settlor or beneficiary, excluding personal property items with a value less than US $10,000.00.
**RESPONSE**

Respondent is not a settlor or beneficiary of any trust.  Respondents does not own personal property worth more than $10,000.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to identify any assets You own or owned with a value of at least US $10,000.00 anywhere in the world, including, but not limited to, vehicles, boats, airplanes, and jewelry.

**RESPONSE**

Respondent does not own any vehicles, boats, airplanes or jewelry more than $10,000

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to identify all real property anywhere in the world in which, after January 1, 2017, You have or had an ownership, leasehold or other interest of any kind, type or nature, whether legal, equitable or beneficial, and whether as a sole or joint owner, beneficiary of a trust, holder of an option to purchase or mortgagee, directly or indirectly, including without limitations any deeds, mortgages, deeds of trust, title documents, appraisals or written opinions of value, transfer documents, rights of first refusal, leases, records relating to any rental income received and expenses paid, purchase options, loan applications, real estate tax bills, applications for tax abatements and any other Documents reflecting the purchase and/or sale of such real property.

**RESPONSE**

Objection. Overbroad, burdensome, beyond the scope of this litigation. The creditor is asking for documents for over 9 years. Without waiving said objections, Respondent does not own any legal, equitable or beneficial interest in any deeds or trust.  No interest in any real estate within the last four years. No deeds.  No mortgages. No appraisals.  No transfer documents. No rental income.  No loan applications.  No real estate tax bill.  No applications for tax abatements. No documents reflecting purchase or sale of real property.

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to identify all common stock or preferred stock, membership interest, partnership interest, mutual fund share, certificate of deposit, bond, or other investment or security owned by You or for Your benefit, from January 1, 2017 to present, whether directly or indirectly, individually or jointly, standing in Your name as trustee, guardian, or custodian for another, held by a trust in which You are or were a settlor or beneficiary, or held in the name of another (including Your nominees or agents) for Your benefit.

**RESPONSE**

Objection. Overbroad, burdensome, beyond the scope of this litigation. The creditor is asking for documents for over 9 years. Without waiving said objections, Respondent has no stocks, no bonds, no investment, no securities in the last four years.

**REQUEST FOR PRODUCTION NO. 10:**

All insurance policies or annuity policies on which You were or are the owner or the beneficiary since January 1, 2017, including, but not limited to, the statement of beneficiaries and any charges thereto, the statement of cash surrender value, any statements indicating loans taken against the cash surrender value or verifying payment of premiums, and all records of purchase

amounts.
**RESPONSE**

Objection. Vague, ambiguous, overbroad, burdensome, beyond the scope of this litigation. The Moving Creditors are asking for documents for over 9 years. Without waiving said objections, Respondent has no life insurance, no annuity policies.

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to show the outstanding balance of principal and interest, as of April 1, 2026, for any loans made by You, or guarantees, surety agreements, and letters of credit issued to You or for Your benefit whether directly or indirectly, individually, jointly in Your name as trustee, guardian, or custodian for another, or a trust in which You were a settlor or beneficiary.
**RESPONSE**

Objection. This request is unintelligible, overbroad, burdensome, beyond the scope of this litigation. The Moving Creditors did not even put a time frame for this request. Without waiving said objections, Respondent will still try to answer.  At this time, Respondent does not have any personal guarantee on any loans.  Respondents does not have any trust.  Respondent is not a settlor or beneficiary for any trust.

**REQUEST FOR PRODUCTION NO. 12:**

Documents sufficient to show any amounts, monies or other property exceeding US $10,000.00 owed to You by any person, regardless of when the payment obligation arises, including any accounts receivable, loans, security deposits, prepayments, refunds (including tax refunds) or other amounts.
**RESPONSE**

Respondents does not have any accounts receivables.  No one owes Respondent any money.  No tax refund from the government.

**REQUEST FOR PRODUCTION NO. 13:**

Copies of any judgments rendered in Your favor, whether individually, jointly or in Your name as trustee, guardian, or custodian for another, or in favor of a trust in which You were a beneficiary, which are currently unsatisfied.
**RESPONSE**

Respondent does not have any judgments that show any one (or any entities) owing Respondent any money.

**REQUEST FOR PRODUCTION NO. 14:**

Copies of any judgments (and all associated complaints and pleadings) rendered against You or any trust in which You are or were a beneficiary, which are currently unsatisfied.  This includes all judgments set forth in Your schedules filed in this case and also at ECF No. 12 in the Xu Action.
**RESPONSE**

Respondent has provided all the China court judgments that he can obtain from the China Courts to the Moving Creditors and the Chapter 7 Trustee already. Additionally, Respondent has provided the Moving Creditors and the Chapter 7 Trustee the case summary for the following two federal court actions:

1.    Shenzhen Zhaobangji Small Loan Co.. v. Chenshi Zhuang et al.
2:25-cv-05235-MWC-MAA
2.    Weijie Xu v. Chenshi Zhuang et al. 2:24-cv-08671-RGK-BRM
3.    The Guangfa bank judgment
4.    Industrial Bank judgment

All four judgments have been emailed to the Chapter 7 trustee and Moving Creditors. Respondent will email them once more to the Moving Creditors.  Also, Respondent is NOT a defendant in the Winson lawsuit.  Winson is NOT a creditor of Respondent.

**REQUEST FOR PRODUCTION NO. 15:**
Documents sufficient to show any settlements obtained in Your favor, whether directly or indirectly, individually, jointly, or in Your name as trustee, guardian, custodian for another, or in favor of a trust in which You are or were a beneficiary, under which there remains any unperformed monetary obligation by any party thereto.
**RESPONSE**
Respondents is not aware of any settlements. Respondent is not the beneficiary of any trust.

**REQUEST FOR PRODUCTION NO. 16:**
Documents sufficient to show each and every entity in which You hold or have held an equity or economic interest including, in the case of a trust, any trust in which You are or were a settlor or beneficiary, since January 1, 2017.
**RESPONSE**
Objection. Overbroad, burdensome, beyond the scope of this litigation. The creditor is asking for documents for over 9 years. Without waiving said objections, Respondent responds as follows: Respondent does not own any shares or economic interest in any businesses.  Respondent does not hold any title or position in any businesses.

**REQUEST FOR PRODUCTION NO. 17:**
Documents sufficient to show the new worth of any trust or estate planning or asset protection vehicle in which You were a settlor or beneficiary since 2017, as of each year end and as of April 1, 2026.
**RESPONSE**
Objection. Overbroad, burdensome, beyond the scope of this litigation. The creditor is asking for documents for over 9 years. Without waiving said objections, Respondent does not have any trust.  Respondents is not a settlor or beneficiary of any trust.

**REQUEST FOR PRODUCTION NO. 18:**
All of Your monthly and quarterly Financial Report since January 1, 2017, including, but not limited to, balance sheets, personal financial statements, income statements (profit and loss reports), general ledger reports, financial forecasts, and cash flow statements.
**RESPONSE**
Objection. Overbroad, burdensome, beyond the scope of this litigation. The creditor is asking for documents for over 9 years. Without waiving said objections, Respondent does not

have monthly and quarterly financial report.  No personal balance sheet.  No general ledger reports.

**REQUEST FOR PRODUCTION NO. 19:**

All of the monthly and quarterly Financial Report since January 1, 2017, including, but not limited to, balance sheets, income statements (profit and loss reports), general ledger reports, financial forecasts, and cash flow statements for any entity in which You have or had at least a 50% equity interest. This includes, without limitation, Skyline Champion Limited, GuangYao Decoration Design Engineering, ShiJiFengYuan Investment Development Co., Shijixin Yuan Investmnet Development Co. and Fusiyuan Real Estate Development Company.
**RESPONSE**

Objection. Overbroad, burdensome, beyond the scope of this litigation. The creditor is asking for documents for over 9 years. Without waiving said objections, Respondent respond as follows: Respondent does not own any interests or shares in any of the companies listed in the above request.  Respondent does not own any interests or shares in any businesses.

**REQUEST FOR PRODUCTION NO. 20:**

Documents sufficient to determine Your net worth as of each year end after January 1, 2017.
**RESPONSE**

Objection. Vague, ambiguous, burdensome, overbroad, beyond the scope of this litigation. The Moving Creditors are asking for documents over nine years. Without waiving said objections, Respondent does not have any documents that shows net worth.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents and Communications concerning the Santa Anita Sale, including, but not limited to, the distribution of the proceeds of the sale from the Santa Anita Sale.
**RESPONSE**

Respondent does not have any documents concerning the Santa Anita Sale.  Respondent does not have any documents concerning the distribution of the proceeds of the sale from the Sant Anita Sale.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents and Communications concerning the Santa Anita Property, including, but not limited to, the financing of the acquisition of the Santa Anita Property.
**RESPONSE**

Respondent does not hav any documents concerning the financing and acquisition of the Santa Anita Property.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents and Communications concerning Your possession and use of the Santa Anita Property, including, but not limited to, lease agreements, mortgage agreements, and any other documents constituting, confirming, modifying, describing or referring to any right to occupancy or possession You have or had in the Santa Anita Property, including any informal understanding, life estate, or deeded interest, since January 1, 2016.

**RESPONSE**

Respondent does not have any lease agreements, mortgage agreements, life estate or deeded interest relating to the possession and/or use of the Santa Anita Property.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications concerning payment of any expenses related to maintenance and operation of the Santa Anita Property, including, but not limited to, utility payments, since January 1, 2016.

**RESPONSE**

Objection. Vague, ambiguous, overbroad, burdensome, beyond the scope of this litigation. The Moving Creditors are asking for records for over 10 years. Without waiving said objections, Respondent does not have any documents concerning payment of any expenses, maintenance and operation of the Santa Anita Property.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents and Communications concerning all tax payments made concerning the Santa Anita Property, including, but not limited to, property tax bills and checks or bank statements concerning property tax payments, since January 1, 2016.

**RESPONSE**

Objection. Vague, ambiguous, overbroad, burdensome, beyond the scope of this litigation. The Moving Creditors are asking for records for over 10 years. Without waiving said objections, Respondent does not have any documents and communications concerning any tax payments made concerning the Santa Anita Property.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Communications concerning any changes, improvements, or renovations to the Santa Anita Property, including, but not limited to, Documents and Communications concerning architects, designers, landscapers, painters, plumbers, electricians, and carpenters, since January 1, 2016.

**RESPONSE**

Objection. Vague, ambiguous, overbroad, burdensome, beyond the scope of this litigation. The Moving Creditors are asking for records for over 10 years. Without waiving said objections, Respondent has paid $4000 in 2024 for minor repair for the Santa Anita Property.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents and Communications concerning the acquisition of the Ramona Property, including, but not limited to, the financing of the acquisition of the Ramona Property.

**RESPONSE**

Respondent does not have any documents and communications concerning the acquisition of the Ramona Property. Respondent does not own the Ramona Property.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and Communications concerning Your possession and use of the Ramona Property, including, but not limited to, lease agreements, mortgage agreements, and any other documents constituting, confirming, modifying, describing or referring

to any right to occupancy or possession You have in the Ramona Property, including any informal understanding, life estate, or deeded interest, since January 1, 2024.
**RESPONSE**

Respondent does not have any lease agreements, mortgage agreements or any other documents regarding living at the Ramona Property.  My older brother (Zhifeng Zhuang) let me live there.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents and Communications concerning payment of any expenses  related to maintenance and operation of the Ramona Property, including, but not limited to, utility payments, since January 1, 2024.
**RESPONSE**

Respondent did not make any payments concerning any expenses of the Ramona Property.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents and Communications concerning all tax payments made concerning the Ramona Property, including, but not limited to, property tax bills and checks or bank statements concerning property tax payments, since January 1, 2024.
RESPONSE

Respondent did not pay any real property tax for Ramona Property.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents and Communications concerning any changes, improvements, or renovations to the Ramona Property, including, but not limited to, Documents and Communications concerning architects, designers, landscapers, painters, plumbers, electricians, and carpenters, since January 1, 2021.
**RESPONSE**

Respondent did not pay for any expenses relating to any changes, improvements or renovations to the Ramona Property.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents and Communications concerning or with ZH Glendora, LLC or ZH Management Corporation.
**RESPONSE**

Respondent does not know ZH Glendora, LLC or ZH Management Corporation.  No documents and no communications.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents and Communications concerning the Xu Action, the Winson Action and/or the Shenzhen Zhaobangji Action.
**RESPONSE**

Objection. Vague, ambiguous, burdensome, overbroad. Without waiving said objections, Respondent responds as follows: Respondent does not know anything about the Winson Action. Respondent is not a defendant in the Winson Action. Winson Credit is wrong in claiming that he is a creditor of Respondent.

For the Xu Action and Shenzhen Zhaobangji Action, Respondent was represented by attorney Michael Israel. Attorney Michael Israel handled the lawsuit but we lost the case. Also, for the Xu Action and the Shenzhen Zhaobangji Action, the Moving Creditors are represented by attorney Minyao Wang and he has all the documents filed in these two federal court case.

Respondent is providing the case summary for the two federal court case. If the Moving Creditors point out what they want from the case summary, Respondent will ask his attorney to download and email the filed court documents to the Moving Creditors.

**REQUEST FOR PRODUCTION NO. 34:**

Documents and Communications sufficient to identify all officer, director, manager and employee positions You held with any entity since January 1, 2017, and the date(s) on which You held such position(s). This includes, without limitation, Skyline Champion Limited, GuangYao Decoration Design Engineering, ShiJiFengYuan Investment Development Co., Shijixin Yuan Investmnet Development Co. and Fusiyuan Real Estate Development Company.
**RESPONSE**

Respondent does not hold any position in any of the companies listed in Request No. 34. Respondent FuSiYuan Real Estate Development Company only.

**REQUEST FOR PRODUCTION NO. 35:**

Documents and Communications concerning your relationships with Jiayin Wen and Qiwen Mai, their identities and their current locations.
**RESPONSE**

Objection. Vague, ambiguous, unintelligible. Without waiving said objections, Respondent responds as follws: Jiayin Wen is the wife of my second brother (Zhiwu Zhuang). Jiayin Wen lives at 2218 Lee Ave, Arcadia, CA 91006. Qiwen Mai is the mother of Jiayin Wen. I do not know where Qiwen Mai lives.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents and Communications concerning the real property located at 2218 Lee Ave, Arcadia, CA 91006-521.
**RESPONSE**

Respondent does not have any documents or communications regarding the real property located at 2218 Lee Ave, Arcadia, CA 91006.

**REQUEST FOR PRODUCTION NO. 37:**

All pages of Your identification cards, driver's licenses, visas, passports, social security cards, travel documents, green cards and similar documents. This applies to expired documents as well as currently valid documents.
**RESPONSE**

Objection. Vague, ambiguous, overbroad, invasion of privacy, harassment, beyond the scope of this litigation.

**REQUEST FOR PRODUCTION NO. 38:**

All pages of Your Chinese household registration document, known in Chinese as [Chinese characters].

**RESPONSE**

Objection.  Vague, ambiguous, overbroad, invasion of privacy, harassment, beyond the scope of this litigation. Respondent has left China since 2022. Respondent cannot locate its Chinese household registration document.

**REQUEST FOR PRODUCTION NO. 39:**

Documents and Communications sufficient to show all countries You have travelled to in the last five years and the purposes and the dates of such travel.  For purposes of this request, the Hong Kong Special Administrative Region, the Macao Special Administrative Region and Taiwan (The Republic of China) shall each be deemed a country.

**RESPONSE**

Respondent traveled to Thailand on October 16, 2024 for 5 days.  Traveled to Singapore on October 21, 2024 for 5 days.  Traveled to Singapore on November 18, 2025 for 5 days. All these trips are leisure travel.

**REQUEST FOR PRODUCTION NO. 40:**

Documents sufficient to show all Your residential addresses in the past five years and the date ranges in which You lived at such addresses.

**RESPONSE**

Respondent lives at the following addresses:

2001 S. Santa Anita Avenue Arcadia, CA 91006      from June to December 2022
2218 Lee Avenue Arcadia, CA 91006                 from Jan to August 2023
885 Sussex Road San Marino, CA 91108              from Sep 2023 to Jan 2025
150 Fano Street, Unit A, Arcadia, CA 91006        from Jan 2025 to the present

Respondent 2024 and 2025 tax returns show his home address.  No documents for other residence.

**REQUEST FOR PRODUCTION NO. 41**:

Documents sufficient to show all phone numbers and all email addresses You have used in the past five years.

**RESPONSE**

Objection. Vague, ambiguous, overbroad, harassment and invasion of personal privacy.

**REQUEST FOR PRODUCTION NO. 42:**

Documents sufficient to show all Your account names on WeChat, iCloud and similar online services, including all account names You have used in the past five years.

**RESPONSE**

Objection. Vague, ambiguous, overbroad, burdensome, harassment and invasion of personal privacy.

**REQUEST FOR PRODUCTION NO. 43:**

Documents and Communications sufficient to show the current address for Zhifeng Zhuang.

**RESPONSE**

Respondent does not have any documents for this request.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents and Communications concerning payments made to You by Zhifeng Zhuang, either directly or indirectly.

**RESPONSE**

Objection. Vague, ambiguous, overbroad, burdensome and beyond the scope of this litigation.  The Moving Creditors do not even set any time frame for this request.  Without waiving said objections, any funds wired in by Zhifeng Zhuang to the Respondent are reflected in the four years US Bank statements provided to the Chapter 7 Trustee and the Moving Creditors. The following are the transfer from my older brother Zhifeng to my Chase bank account (account ending 7756): December 15, 2022 - $50,000; Sept 15, 2023 - $50,000; Nov 13, 2023 - $100,000; July 11, 2024 - $40,000; Dec 13, 2024 - $100,000.

I had already provided my Chase Bank account bank statements to the CH 7 Trustee and the Moving Creditors. There are no other transfers from my older brother Zhifeng Zhuang to me.

**REQUEST FOR PRODUCTION NO. 45:**

All Communications between You and Zhifeng Zhuang concerning the Xu Action, the Shenzhen Zhaobangji Action, the Winson Action, these bankruptcy cases and/or the debt You owe in China.  This includes all relevant WeChat communications with Zhifeng Zhuang.

**RESPONSE**

Objection. Vague, ambiguous, overbroad, unintelligible and invasion of personal privacy. The federal court Xu Action was handled by the attorney Michael Israel. Respondent does not know how to handle the lawsuit.

**REQUEST FOR PRODUCTION NO. 46:**

Your complete credit reports issued in the last 10 days by Equifax, Experian, and TransUnion, with full balance histories.

**RESPONSE**

Respondent will provide the credit report.

**REQUEST FOR PRODUCTION NO. 47:**

Copies of any application for settlement, right of abode, or permanent residence submitted to any country by You or on Your behalf.  For purposes of this request, the Hong Kong Special Administrative Region, the Macao Special Administrative Region and Taiwan (The Republic of China) shall each be deemed a country.

**RESPONSE**

Respondent did not apply for settlement, right of abode or permanent residence in Hong Kong, or Macao or Taiwan or anywhere else. Respondent is a permanent residence of USA.

**REQUEST FOR PRODUCTION NO. 48:**

All Communications and Documents concerning the payment of legal fees to Michael Israel, Maria Tam and any other legal counsel, including without limitation

Page 13 of  15

the source of payments.

**RESPONSE**

Objection.  Vague, ambiguous, overbroad, attorney-client privilege. Without waiving said objections, we have paid our federal court attorney Michael Israel forty seven thousand dollars ($47,000).  The funds were paid from Qufang Zhuang's bank accounts.  All of Qufang Zhuang's bank account statements have been emailed to the Chapter 7 Trustee and the Moving Creditors. Respondent paid bankruptcy attorney Maria Tam $8000 for the two bankruptcy cases. This fee includes filing fees and two class fees.

**REQUEST FOR PRODUCTION NO. 49:**

All Communications and Documents concerning the payment of fees and costs for the translation of documents submitted to the Chapter 7 Trustee, including without limitation the source of payments.

**RESPONSE**

The translation company is in China. The translation fee was paid by my aunt (my father's older sister) in China.

**REQUEST FOR PRODUCTION NO. 50:**

All Communications and Documents concerning Your decision to seek bankruptcy protection that is not otherwise privileged.

**RESPONSE**

Objection. Vague, ambiguous, overbroad, attorney-client privilege and beyond the scope of this case. Without waiving said objections, Respondent lost the two federal lawsuits filed by Weijix Xu and Shenzhen Zhaobangji Small Loan Co. Respondent does not have the money to satisfy the two lawsuits. Therefore filed bankruptcy.

**REQUEST FOR PRODUCTION NO. 51:**

Communications and Documents sufficient to identify all safe deposit boxes you have or have had anywhere in the world since January 1, 2017.

**RESPONSE**

Objection. Vague, ambiguous, overbroad, burdensom and beyond the scope of this case. The Moving Creditors are asking for records for nine years.  Without waiving said objections, Respondent responds as follows: Respondent does not have any safe deposit box in USA or China or anywhere else on earth.

**REQUEST FOR PRODUCTION NO. 52:**

Communications and Documents regarding all loans greater than $50,000 you have personally guaranteed since January 1, 2017.

**RESPONSE**

Objection. Vague, ambiguous, overbroad, burdensome and beyond the scope of this case. The Moving Creditors are asking for records for over nine years.  Without waiving said objections, Respondent responds as follows.  Respondent does not have access to any of the personal guarantee documents as all the businesses have been shutdown between 2021 to 2022. Respondent has left China in 2022. Respondents have already provided all the China court judgments that he can obtain to the Moving Creditors, Chapter 7 Trustee and the U.S. Trustee.

Also, Respondent does not control any businesses.  Respondent signed the personal guarantee on the loans because his father Chenshi Zhuang asked him to sign.


**REQUEST FOR PRODUCTION NO. 53:**
　　　　Copies of all Documents You provided to the United States Trustee and/or the Chapter 7 Trustee.
**RESPONSE**
　　　　Respondents has provided all the documents that he has provided to the Chapter 7 Trustee to the Moving Creditors already.  The attorney for the Moving Creditors Minyao Wang is included in the email distribution list for the documents emailed to the Chapter 7 Trustee and the Office of United States Trustee.  Attorney Minyao Wang has a copy of all the documents emailed to the Chapter 7 Trustee and United States Trustee.


**REQUEST FOR PRODUCTION NO. 54:**
　　　　All Your Communications with anyone in China concerning the Documents you submitted to the Chapter 7 Trustee.
**RESPONSE**
　　　　Objection. Vague, ambiguous, overbroad, burdensome and unintelligible. Respondent asked the registered agent for the different companies to obtain the documents from China. The names of the registered agents are as follows:
　　　　(A) GuangYao Deocration Design Engineering: Zhuang Zhi Peng
　　　　(B) ShiJiFengYuan Investment Development Co: Zhuang Zhi Chuang
　　　　( C) Shijixin Yuan Investment Development Co: Liu Kian Jun
　　　　(D) Fushiyuan Real Estate Development Company: Zhuang Zhi Peng
　　　　(E) Jianxin Feng Yuan Industrial Co. Ltd: Zhuang Zhi Chuang

# EXHIBIT C

## Wang, Minyao

| | |
|---|---|
| **From:** | MARIA TAM <tamlawoffice@gmail.com> |
| **Sent:** | Tuesday, July 14, 2026 8:28 PM |
| **To:** | Wang, Minyao |
| **Cc:** | MARIA W. TAM; Mazza-Hilway, Rosa |
| **Subject:** | Re: Zhuang discover disputes |

> EXTERNAL

Mr. Wang:

   The two bankruptcy cases should not be consolidated.  The debtors are individual debtors and are entitled to separate discharge.  Thank you.

On Tue, Jul 14, 2026 at 2:42 PM Wang, Minyao <Minyao.Wang@lewisbrisbois.com> wrote:

Ms. Tam,

Rosa and I discussed the following issues with you today:

1.  You said your three clients will promptly pay the sanctions in the federal district court if and when the District Court adopts the R & R.

2.  You stated your clients will voluntarily vacate the home at 942 Romona Street (which they do not own and do not have the right to occupy) and they will not require my client to obtain an order of ejectment.  You asked for some time for them to find alternative housing.  My response is they should start looking for alternative housing now.  Also, if Zhifeng Zhuang (who I understand is not your client) is willing to assign the deed to us now such that I do not spend resources on foreclosure please let me know.

3.  You asked for further adjournment of the date to file motion practice regarding our discovery disputes.  In order for us to consider this request you will make a supplemental production this week.  I won't consider an adjournment until you made a significant production by COB on Thursday so that I can review them on Friday and make a decision.

In addition, we did not get a chance to discuss this issue which was raised in my first email.  **Please let me know if you consent consolidate both cases before Judge Russell.  I need to know your position before 2:00 PM Pacific time on July 15**.



**Minyao Wang**
**Partner**
**Minyao.Wang@lewisbrisbois.com**

**T: 646.989.9428 F: 212.232.1399**

140 Broadway, 31st Floor, New York, NY 10005 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**



This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** MARIA W. TAM <tammailbox@gmail.com>
**Sent:** Tuesday, July 14, 2026 3:13 PM
**To:** Wang, Minyao <Minyao.Wang@lewisbrisbois.com>
**Cc:** MARIA TAM <tamlawoffice@gmail.com>; Mazza-Hilway, Rosa <Rosa.Mazza-Hilway@lewisbrisbois.com>
**Subject:** Re: Zhuang discover disputes

EXTERNAL

Then please call me when you complete your current zoom meeting. We are not doing a zoom meeting today. I just need to talk to you on the phone.

On Tue, Jul 14, 2026 at 12:03 PM Wang, Minyao <Minyao.Wang@lewisbrisbois.com> wrote:

 I am not available until 4 my time.  I am at a zoom hearing.

2



**Minyao Wang**
**Partner**
**Minyao.Wang@lewisbrisbois.com**

**T: 646.989.9428 F: 212.232.1399**

140 Broadway, 31st Floor, New York, NY 10005 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**



This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** MARIA TAM <tamlawoffice@gmail.com>
**Sent:** Tuesday, July 14, 2026 2:55 PM
**To:** Wang, Minyao <Minyao.Wang@lewisbrisbois.com>
**Cc:** MARIA W. TAM <tammailbox@gmail.com>; Mazza-Hilway, Rosa <Rosa.Mazza-Hilway@lewisbrisbois.com>
**Subject:** Re: Zhuang discover disputes

EXTERNAL

Minyao: please call me now. I need to talk to you first.

On Tue, Jul 14, 2026 at 11:38 AM Wang, Minyao <Minyao.Wang@lewisbrisbois.com> wrote:

Rosa and I are available for 4 PM eastern.  Rosa please send a zoom.

Get Outlook for iOS

3



**Minyao Wang**
**Partner**
**Minyao.Wang@lewisbrisbois.com**

**T: 646.989.9428 F: 212.232.1399**

140 Broadway, 31st Floor, New York, NY 10005 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**



This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** MARIA TAM <tamlawoffice@gmail.com>
**Sent:** Tuesday, 14 July 2026 14:28:44
**To:** Wang, Minyao <Minyao.Wang@lewisbrisbois.com>
**Cc:** MARIA W. TAM <tammailbox@gmail.com>; Mazza-Hilway, Rosa <Rosa.Mazza-Hilway@lewisbrisbois.com>
**Subject:** Re: Zhuang discover disputes

| EXTERNAL |
| --- |

Mr. Wang:

 Just called you at (646)989-9428 and left you a message.  Please call me back at (626)281-9353. Need to discuss the federal court case and also other issues.

On Mon, Jul 13, 2026 at 1:44 PM Wang, Minyao <Minyao.Wang@lewisbrisbois.com> wrote:

Ms. Tam,

We need to tee up our disputes for resolution by the Bankruptcy Court in accordance with our prior stipulations.

4

Have you reserved a hearing date yet?

Also please let me know if you consent to have both matters consolidated before Judge Barry Russell.

The Chapter 7 agrees with this proposal in principle.

Also at the risk of being redundant, it is our view that your clients have no remotely arguable basis to withhold the discovery and we will be seeking an award of fees and costs in connection with this motion practice, as I made clear when you, Rosa and I spoke on the phone weeks ago.

 **Minyao Wang**
**Partner**
**Minyao.Wang@lewisbrisbois.com**

**T: 646.989.9428 F: 212.232.1399**

140 Broadway, 31st Floor, New York, NY 10005 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**



This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

6

# EXHIBIT D

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Hong Lu (SBN 280219)
Hong.Lu@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, CA 90071
Tel: (213) 250-1800

Minyao Wang (*pro hac vice* admitted)
minyao.wang@lewisbrisbois.com
7 World Trade Center
250 Greenwich Steet, 11th Floor
New York, NY 10007
Tel: (212) 232-1300

*Attorneys for Petitioner Shenzhen Zhaobangji Small Loan Co., Ltd.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Shenzhen Zhaobangji Small Loan Co., Ltd., | CASE NO. 25-cv-05235-MWC-MAA |
| Petitioner, | **SECOND DECLARATION OF TONY BABYAYAN** |
| v. | |
| Chenshi Zhuang, an individual, | |
| Qufang Zhuang, an individual, Zhihui | |
| Zhuang, an individual, and Zhifeng | |
| Zhuang, an individual, | |
| Respondents. | |

SECOND DECLARATION OF TONY BABAYAN

I, TONY BABAYAN, affirm the following under the penalty of perjury:

1.     I am over 18 years of age and am not a party to the above-entitled action.

2.     My address is 8816 S. Sepulveda Blvd., #101, Los Angeles, CA 90045.

3.     I have been employed by Advanced Microsystems since 2016.  A significant portion of my day-to-day job responsibility is performing service of process of legal documents in federal and civil cases.  Due to my experience and general success in effectuating service, my employer often assigns me difficult-to-serve targets.

4.     I was instructed by Minyao Wang, Esq., counsel to Petitioner Shenzhen Zhaobangji Small Loan Co., Ltd. ("Shenzhen Zhaobangji") in this action to serve case-initiating documents on Chenshi Zhuang, Qufang Zhuang, Zhihui Zhuang and Zhifeng Zhuang, who I understand are members of the same Chinese family: Chenshi and Qufang are married to each other and Zhihui and Zhifeng are their adult sons.

5.     By case-initiating documents I refer to Shenzhen Zhaobangji's complaint filed in this action, including the exhibits thereto, the summons issued by the Clerk of the Court against each Zhuang Respondent, the Notice of Court Mediation, the Notice of Judicial Assignment and the Civil Cover Sheet.

6.     At Mr. Wang's instructions, I attempted service on the Zhuang Respondents at 942 S. Ramona Street, San Gabriel, CA 91776.  Mr. Wang has advised me that according to public records this residence is owed by the Zhuang family.  Mr. Wang has further advised me that each Zhuang Respondent has submitted a filing to a judge of this Court stating that they can be reached at this residence.

7.     At Mr. Wang's instructions, I have made since July of this year

SECOND DECLARATION OF TONY BABAYAN

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

extensive and repeated efforts to serve the case-initiating documents on the Zhuang Respondents, as set forth below.

8. Based on a review of my records, including information stored on my phone, I attempted personal service at the Ramona Street residence on the following dates and times: July 22, 2025 8:00 P.M., July 30, 2025, 6:00 P.M., July 31, 2025 7:00 P.M., August 01, 2025, 3:00 P.M., August 03, 2025, 2:50 P.M., August 04, 2025, 10:00 A.M., August 11, 2025 6:45 A.M. to 10:00 A.M. (which was an extended stakeout), November 22, 2025 5:00 P.M., November 23, 2025, 2:00 PM, Nov. 24, 2025 at 5:00 P.M. and November 25, 2025 at 8 A.M.

9. Due to deletion of photos and other information on my phone, I do not have exact dates and times, but to the best of my recollection I made additional service attempts (apart from those expressly referred to above) at the Ramona Street residence on or about July 16 and July 22, September 5, September 15, October 4, November 1 and November 5.

10. No one at the Ramona Street residence responded to me in any of the above-mentioned service attempts.

11. During the August 3 service attempt at the Ramona Street residence mentioned above, I spoke to a neighbor who confirmed that the Ramona Street residence is occupied and that the family who lives there is a Chinese family surnamed Zhuang.

12. During my aforementioned visits to the Ramona Street residence, I saw no indication that the home is vacant or is otherwise unoccupied.

13. On November 22, 2025, Mr. Wang advised me that FedEx dropped off at around noon Pacific Time that day four envelopes bearing legal documents that he had sent to each of the Zhuang Respondents. Mr. Wang sent me a photograph showing that the envelopes were dropped off at the courtyard of the Ramona Street

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

3

SECOND DECLARATION OF TONY BABAYAN

residence which is behind a locked gate.

14. When I arrived at the Ramona Street residence at 5 P.M. on November 22 (about five hours after the FedEx delivery), however, the FedEx envelopes had already been retrieved. I took a photograph of the empty courtyard, attached hereto as **Exhibit A**.

15. Mr. Wang also advised me that based on public records the Zhuang Respondents may reside at 885 Sussex Road, San Marino, CA 91108. I visited that location on November 22, 2025 at 4 P.M. No one answered and I could not determine whether the home is occupied or not. While my phone records do not give me exact dates and times, I recall to the best of my ability that I previously visited the 885 Sussex Road residence for purposes of attempting service of the case initiating documents on or about July 16 during daytime and also or about July 22 around 8 P.M. No one answered the door during those two visits.

16. On November 17, 2025, I visited 2218 Lee Avenue, Arcadia, California 91006, which according to information from Mr. Wang is owned by a member of the extended Zhuang family and at least Chenshi Zhuang and Qufang Zhuang might reside there. I was met at that home by a Chinese woman (who appears to be in her 30s' or 40's) who struggles to communicate in English. I handed my cell phone to her so that she could speak in Cantonese with Mr. Wang. After the call, I served the case-initiating documents on Chenshi Zhuang on her per Mr. Wang's instructions.

17. Finally, I noted that on the evening August 4, 2025, I conducted a five-hour surveillance at Premium Legal Partners, 16451 Scientific Irvine, CA 92618. Mr. Wang instructed me to commence this surveillance because he had information stating that at least some of the Zhuang Respondents may attend a business meeting there. But I was not able to locate the Zhuang Respondents after five hours.

18. Based on the above, it is my professional opinion that Shenzhen

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

SECOND DECLARATION OF TONY BABAYAN

Zhaobangji has gone above and beyond to serve the Zhuang Respondents. It is my further opinion based on doing this line of work for almost ten years that the Zhuang Respondents are evading service of process on purpose.

Dated: Los Angeles, California
        November 29, 2025

_Tony Babayan_
TONY BABAYAN

SECOND DECLARATION OF TONY BABAYAN

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# EXHIBIT E

closed

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Weijie Xu, an individual, | Case No. 2:24-cv-08671-RGK-BFM |
| Petitioner, | **ORDER CONCERNING CONTEMPT OF COURT BY ZHIFENG ZHUANG** |
| vs. | |
| Chenshi Zhuang, an individual; Qufang Zhuang, an individual; Zhihui Zhuang, an individual; and Zhifeng Zhuang, an individual | **[109]** |
| Respondents. | |

WHEREAS, on January 13, 2026, this Court entered an order (ECF No. 98) compelling Respondent Zhiefeng Zhuang to appear in person on January 26, 2026 to show cause why he should not be adjudged in contempt by reason of the facts certified in Magistrate Judge Brianna Fuller Mircheff's Certification and Order (ECF No. 98) filed on December 24, 2025, and why he should not be fined $5,000 per day until he fully complies with Judge Mircheff's September 25, 2025 order concerning post-judgment discovery.

WHEREAS, Mr. Zhuang failed to appear in person as ordered by the Court on January 26, 2026;

WHEREAS, this Court issued a new order on January 29, 2026 (ECF No. 103) (i) issuing a bench warrant for the arrest of Mr. Zhuang for contempt of court but holding the same until February 9, 2026 and (ii) compelling Mr. Zhuang to appear in person on February 9, 2026 to explain among other things why he should not be fined $5,000 a day as recommended by Magistrate Judge Mircheff for contempt of court.

ORDER

WHEREAS, Mr. Zhuang failed to attend the February 9, 2026 court hearing as ordered by the Court.

WHEREAS, by order dated February 10, 2026 (ECF No. 106), this Court released the bench warrant for the arrest of Mr. Zhuang to the United States Marshals Service for execution.

The Court, having considered the record of this case, and finding good cause shown, hereby further ORDERS that:

1. Zhifeng Zhuang is fined $5,000 daily, effective **ten days** after the date of this order, until he complies with Judge Mircheff's September 25, 2025 order concerning post-judgment discovery.

2. Petitioner Weijie Xu, if he so wishes, shall file an application to recover all reasonable fees and costs incurred as a result of Zhifeng Zhuang's non-compliance with court orders in this action within **fourteen days** after the date of this order.

3. The Clerk of Court is directed to serve this Order on Zhifeng Zhuang at the following address, 942 S Ramona St, San Gabriel, CA 91776 and service is deemed complete upon mailing.

Dated: 3/31/2026

_____

HON. R. GARY KLAUSNER

United States District Judge

ORDER

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
140 Broadway, Suite 3100
New York, New York 10005


A true and correct copy of the foregoing document entitled (*specify*): _____ **NOTICE JOINT MOTION AND JOINT MOTION TO COMPEL DEBTOR TO PRODUCE DOCUMENTS AS REQUIRED BY ORDER GRANTING MOTION FOR FRBP 2004 DISCOVERY AND FOR SANCTIONS AGAINST DEBTOR AND HIS COUNSEL; MEMORANDUM OFPOINTS AND AUTHORITIES; DECLARATION OF MINYAO WANG IN SUPPORT THEREOF**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____7/22/2026_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/22/2026 | Minyao Wang | /s/ Minyao Wang |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

180461560.1 This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                             **F 9013-3.1.PROOF.SERVICE**

Attachment 1

- **Keith Patrick Banner**    kbanner@greenbergglusker.com, calendar@greenbergglusker.com, cmillerwatkins@greenbergglusker.com, MilanaECF@ggfirm.com
- **Leo A Bautista**    leo.bautista@lewisbrisbois.com, Cora.Ruvalcaba@lewisbrisbois.com
- **Rosendo Gonzalez (TR)**    rgonzalez@ecf.axosfs.com, rossgonzalez@gonzalezplc.com, jzavala@gonzalezplc.com, zig@gonzalezplc.com, gig@gonzalezplc.com
- **Julie M Romersa**    julie.romersa@lewisbrisbois.com
- **David Samuel Shevitz**    David.S.Shevitz@usdoj.gov
- **Maria W Tam**    tammailbox@gmail.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Yang Wenyao**    yangwenyao@concordsage.com

177440065.1