# Shenzhen Intermediate People's Court, Guangdong

# Civil Judgment

(2022) Yue 03 Min Chu No. 7466

Plaintiff: China Guangfa Bank Co., Ltd.Shenzhen Branch, domiciled at 19-22/F, West Wing, Department Store Plaza, 123 Shennan East Road, Luohu District, Shenzhen, Guangdong Province, unified social credit code 91440300892230855N.

Responsible Person: Wang Jiaming, President.

Authorized Litigation Representative: Ma Yuanzhi, lawyer from Guangdong Huisen Law Firm.

Authorized Litigation Representative: Liu Pingjing, lawyer from Guangdong Huisen Law Firm.

Defendant: Shenzhen Jianxin Fengyuan Industrial Co., Ltd., domiciled at Room 802, Building T2, Upperhills (South District), 5001 Huanggang Road, Lianhua Yicun Community, Huafu Subdistrict, Futian District, Shenzhen, Guangdong Province, unified social credit code 91440300192191015Q.

Legal Representative: Zhuang Zhichuang, Executive Director and General Manager.

Authorized Litigation Representative: Ling Qing, lawyer from Tahota (Shenzhen) Law Firm.

Authorized Litigation Representative: Fu Jingyun, lawyer from Tahota (Shenzhen) Law Firm.

Defendant: Shenzhen Shiji Fengyuan Investment Development Co., Ltd., domiciled at 4/F, Apartment Building, Dongfang Ruijing Yuan, 203 Longping East Road, Longgang Subdistrict, Longgang District, Shenzhen, Guangdong Province, unified social credit code 914403007839257545.

Legal Representative: Zhuang Zhibin, Executive Director and General Manager.

Defendant: Shaoguan Shiji Fengyuan Investment Development Co., Ltd., domiciled at Room 3, 4/F, No. 16 Xinhua South Road, Wujiang District, Shaoguan, Guangdong Province (used only as office space), unified social credit code 914402007782016233G.

Legal Representative: Liu Xiangyu, Executive Director and Manager.

Defendant: Shenzhen Junsheng Department Store Co., Ltd., domiciled at Room 101, Zone A, Oriental Ruijing Yuan, 203 Longping East Road, Nanlian Community, Longgang Subdistrict, Longgang District, Shenzhen; Zone A, Room 201 (A07-A32); Zone B (01; 03-06; 08-23; 25-29), unified social credit code 91440300573120261Y.

Legal Representative: Zhuang Zhibin, Executive Director and General Manager.

Defendant: Shenzhen Jianxin Property Service Co., Ltd., domiciled at 2/F, Block D, Oriental Ruijing Yuan, 203 Longping East Road, Longgang Subdistrict, Longgang District, Shenzhen, Guangdong Province, unified social credit code 914403005586652630.

Legal Representative: Zhuang Zhipeng, Executive Director and General Manager.

Defendant: Shenzhen Jintongfu Technology Development Co., Ltd., domiciled at Room 202, 17 Tianhong Street, Pingshe Community, Pingshe Subdistrict, Longgang District, Shenzhen, Guangdong Province, unified social credit code 91440300775589295B.

Legal Representative: Zhuang Zhichuang, Executive Director and General Manager.

Defendant: Zhuang Chenshi, male, born on October 1, 1957, Han Chinese, domiciled at No. 508, Building 3, Market Complex Building, Xixiang Market, Bao'an District, Shenzhen, Guangdong Province, as per his ID card, citizen identity number 440306195710010414.

Defendant: Zhuang Qufang, female, born on June 15, 1961, Han Chinese, domiciled at No. 508, Building 3, Market Complex Building, Xixiang Town Market, Bao'an District,

Shenzhen, Guangdong Province, as per her ID card, citizen identity number 440321196106150427.

Defendant: Zhuang Zhichuang, male, born on May 15, 1984, Han Chinese, domiciled at 01A, Unit 1, Building B05, St. Moritz Garden, Yulong Road, Longhua New District, Shenzhen, Guangdong Province, as per his ID card, citizen identity number 440307198405150015.

Defendant: Li Na, female, born on October 28, 1985, Han Chinese, domiciled at 01A, Unit 1, Building B05, St. Moritz Garden, Yulong Road, Longhua New District, Shenzhen, Guangdong Province, as per her ID card, citizen identity number 441421198510284027.

Defendant: Zhuang Zhiwu, male, born on March 16, 1984, Han Chinese, domiciled at No. 2, Xiyuan Villa, 3012 Xiangmihu Road, Futian District, Shenzhen, Guangdong Province, as per his ID card, citizen identity number 440306198403160432.

Defendant: Wen Jiayin, female, born on July 6, 1987, Han Chinese, domiciled at No. 52, Xiyuan Villa, 3012 Xiangmihu Road, Futian District, Shenzhen, Guangdong Province, as per her ID card, citizen identity number 440306198707061628.

Defendant: Zhuang Zhihui, male, born on October 3, 1986, Han Chinese, domiciled at No. 52, Xiyuan Villa, 3012 Xiangmihu Road, Futian District, Shenzhen, Guangdong Province, as per his ID card, citizen identity number 440306198610038851.

Defendant: Zhuang Zhifeng, male, born on May 8, 1982, Han Chinese, domiciled at No. 52, Xiyuan Villa, 3012 Xiangmihu Road, Futian District, Shenzhen, Guangdong Province, as per his ID card, citizen identity number 440306198205080474.

Defendant: Zhuang Zhipeng, male, born on September 23, 1986, Han Chinese, domiciled at 01A, Unit 1, Building B05, St. Moritz Garden, Yulong Road, Longhua New District, Shenzhen, Guangdong Province, as per his ID card, citizen identity number

440307198609230017.

Defendant: He Yingying, female, born on December 29, 1989, Han Chinese, domiciled at No. 1, Xinwei Five Lane, Longgang District, Shenzhen, Guangdong Province, as per her ID card, citizen identity number 440307198912291525.

In the case regarding the dispute over a financial loan contract between the plaintiff China Guangfa Bank Co., Ltd.Shenzhen Branch (hereinafter referred to as Guangfa Bank Shenzhen Branch) and the defendants Shenzhen Jianxin Fengyuan Industrial Co., Ltd. (hereinafter referred to as Jianxin Fengyuan Company), Shenzhen Shiji Fengyuan Investment Development Co., Ltd. (hereinafter referred to as Shiji Fengyuan Company), Shaoguan Shiji Fengyuan Investment Development Co., Ltd. (hereinafter referred to as Shiji Fengyuan Company), Shenzhen Junsheng Department Store Co., Ltd. (hereinafter referred to as Junsheng Company), Shenzhen Jianxin Property Service Co., Ltd. (hereinafter referred to as Jianxin Company), Shenzhen Jintongfu Technology Development Co., Ltd. (hereinafter referred to as Jintongfu Company), Zhuang Chenshi, Zhuang Qufang, Zhuang Zhichuang, Li Na, Zhuang Zhiwu, Wen Jiayin, Zhuang Zhihui, Zhuang Zhifeng, Zhuang Zhipeng, and He Yingying, after this court accepted the case on December 9, 2022, it applied the ordinary procedure in accordance with the law and held a public hearing on July 14, 2023. The plaintiff's authorized litigation representatives Ma Yuanzhi and Liu Pingjing, as well as Jianxin Fengyuan Company's authorized litigation representatives Ling Qing and Fu Jingyun, appeared in court for the hearing. The remaining defendants did not appear in court for the hearing, and this court heard the case by default in accordance with the law. The trial of this case has now been concluded.

Plaintiff Guangfa Bank Shenzhen Branch alleged: 1. To rescind the *Fixed Asset Project Loan*

*Contract* (Contract No. (2019) Shenyin Gudai Zi No. 000036) signed between the plaintiff and Jianxin Fengyuan Company; 2. To order Jianxin Fengyuan Company to immediately repay the plaintiff the working capital loan principal of RMB 614,496,637.33, interest of RMB 7,544,550.91, and compound interest of RMB 40,828.69, totaling RMB 622,082,016.93 (tentatively calculated as of October 28, 2022), with subsequent interest, penalty interest, and compound interest to be calculated according to the contract until all debts are fully cleared; 3. To order that if Jianxin Fengyuan Company fails to perform its repayment obligation, the plaintiff shall have the right to have the 35 properties located in Buji Walmart Shopping Plaza, Shenzhen, Longgang District, which were mortgaged to the plaintiff by Jianxin Fengyuan Company, appraised, auctioned, or sold, and to receive priority compensation from the proceeds obtained from the appraisal, auction, or sale; 4. To order that if Jianxin Fengyuan Company fails to perform its repayment obligation, the plaintiff shall have the right to have the 99.875% equity interest in Shiji Fengyuan Company, which was pledged to the plaintiff by Jianxin Fengyuan Company, appraised, auctioned, or sold, and to receive priority compensation from the proceeds obtained from the appraisal, auction, or sale; 5. To order that if Jianxin Fengyuan Company fails to perform its repayment obligation, the plaintiff shall have the right to have the 0.125% equity interest in Shiji Fengyuan Company, which was pledged to the plaintiff by Zhuang Chenshi, appraised, auctioned, or sold, and to receive priority compensation from the proceeds obtained from the appraisal, auction, or sale; 6. To order that if Jianxin Fengyuan Company fails to perform its repayment obligation, the plaintiff shall have the right to have the 100% equity interest in Jianxin Fengyuan Company, which was pledged to the plaintiff by Zhuang Chenshi, appraised, auctioned, or sold, and to receive priority compensation from the proceeds

obtained from the appraisal, auction, or sale; 7. To order that if Jianxin Fengyuan Company fails to perform its repayment obligation, the plaintiff shall have the right to receive priority compensation from the accounts receivable pledged to the plaintiff by Jianxin Fengyuan Company [including but not limited to the accounts receivable corresponding to the operating income from the 35 properties located in Shenzhen Walmart Shopping Plaza (including but not limited to receivables such as rent, management fees, parking fees, venue fees, advertising fees, etc.)]; 8. To order that if Jianxin Fengyuan Company fails to perform its repayment obligation, the plaintiff shall have the right to receive priority compensation from the accounts receivable pledged to the plaintiff by Shiji Fengyuan Company, Junsheng Company, Jianxin Company, and Jintongfu Company [including but not limited to the accounts receivable corresponding to the operating income from the 297 properties located in Shenzhen Walmart Shopping Plaza (including added construction and unlicensed parts, supporting facilities, auxiliary facilities, and corresponding parking spaces) (including but not limited to receivables such as rent, management fees, parking fees, venue fees, advertising fees, etc.)]; 9. To order Shiji Fengyuan Company, Shiji Fengyuan Company, Junsheng Company, Jianxin Company, Jintongfu Company, Zhuang Chenshi, Zhuang Qufang, Zhuang Zhichuang, Li Na, Zhuang Zhiwu, Wen Jiayin, Zhuang Zhihui, Zhuang Zhifeng, Zhuang Zhipeng, and He Yingying to assume joint and several liability for the debts under the *Fixed Asset Project Loan Contract* (Contract No. (2020) Shenyin Gudai Zi No. 000027); 10. To order that the litigation costs such as the case acceptance fee and property preservation fee for this case be jointly borne by the sixteen defendants.

Facts and Reasons: On September 6, 2021, the plaintiff and the defendant Jianxin Fengyuan Company signed the *Fixed Asset Project Loan Contract* numbered (2019) Shenyin Gudai Zi

No. 000036. To secure the performance of the main contract, the plaintiff and the defendant Jianxin Fengyuan Company signed the *Mortgage Contract* (2019) Shenyin Gudai Zi No. 000036-Guarantee 16, the *Maximum Amount Pledge Contract* (2019) Shenyin Gudai Zi No. 000036-Guarantee 08, the *Maximum Amount Accounts Receivable Pledge Contract* (2019) Shenyin Gudai Zi No. 000036-Guarantee 11, and the *Rent Account Supervision Agreement* (2019) Shenyin Gudai Zi No. 000036-01; signed the *Maximum Amount Accounts Receivable Pledge Contract* (2019) Shenyin Gudai Zi No. 000036-Guarantee 12 with the defendant Shiji Fengyuan Company; signed the *Maximum Amount Accounts Receivable Pledge Contract* (2019) Shenyin Gudai Zi No. 000036-Guarantee 13 with the defendant Junsheng Company; signed the *Maximum Amount Accounts Receivable Pledge Contract* (2019) Shenyin Gudai Zi No. 000036-Guarantee 14 with the defendant Jianxin Company; signed the *Maximum Amount Accounts Receivable Pledge Contract* (2019) Shenyin Gudai Zi No. 000036-Guarantee 15 with the defendant Jintongfu Company; jointly signed the *Rent Account Supervision Agreement* (2019) Shenyin Gudai Zi No. 000036-02 with the defendants Jianxin Fengyuan Company, Shiji Fengyuan Company, Junsheng Company, Jianxin Company, and Jintongfu Company; signed two *Maximum Amount Pledge Contracts* (2019) Shenyin Gudai Zi No. 000036-Guarantee 09 and Guarantee 10 with the defendant Zhuang Chenshi; jointly signed the *Maximum Amount Guarantee Contract* (2019) Shenyin Gudai Zi No. 000036-Guarantee 02 with the defendants Shiji Fengyuan Company, Shiji Fengyuan Company, Junsheng Company, Jianxin Company, and Jintongfu Company; jointly signed the *Maximum Amount Guarantee Contract* (2019) Shenyin Gudai Zi No. 000036-Guarantee 03 with the defendants Zhuang Chenshi, Zhuang Qufang, Zhuang Zhichuang, Li Na, Zhuang Zhiwu, Wen Jiayin, Zhuang Zhihui, Zhuang Zhifeng, Zhuang Zhipeng, and He Yingying.

The *Fixed Asset Project Loan Contract* (No. (2019) Shenyin Gudai Zi No. 000036) signed between the plaintiff and the defendant Jianxin Fengyuan Company mainly stipulated that the loan amount under this contract is RMB 650 million; the loan term is from January 3, 2020, to January 3, 2035. The actual loan term, loan amount, and loan interest rate shall be subject to the loan receipt or other debt and credit certificates under this contract. The purpose of the fixed asset project loan under this contract is: to replace Ping An Bank's operating property mortgage loan regarding the Buji Walmart Shopping Plaza in Dafen Village, Longgang District, and to cover operating expenses such as maintenance, renovation, decoration, and tenant recruitment for the property during its operation period. The repayment method is monthly interest settlement and principal repayment in installments, with the 20th of each month as the interest settlement date and the 21st as the interest payment date. The contract stipulated that if the defendant Jianxin Fengyuan Company fails to repay on the agreed schedule, for the overdue portion, the plaintiff shall charge interest from the overdue date at the penalty interest rate for overdue loans until the principal and interest are fully paid. The penalty interest rate for overdue loans is an increase of 50% on the loan interest rate agreed in this contract. For interest that the defendant Jianxin Fengyuan Company fails to pay on schedule, compound interest shall be charged from the overdue date at the penalty interest rate agreed in the contract, using the interest settlement method stipulated in the contract. Paragraph 2 of Article 13 of the contract stipulated: If the defendant Jianxin Fengyuan Company fails to perform its payment and settlement obligations to the plaintiff in accordance with the contract or violates other provisions of the contract, it shall constitute a breach of contract. The plaintiff shall have the right, depending on the specific circumstances, to take measures individually or simultaneously, including declaring the contract matured,

making all or part of the outstanding loan principal, interest, and other payable amounts immediately due; terminating or rescinding the contract, deducting funds from the account opened by the defendant Jianxin Fengyuan Company with the plaintiff to settle all or part of its debts owed to the plaintiff; requiring the defendant Jianxin Fengyuan Company to compensate for the losses caused to the plaintiff due to its breach; exercising the security interest; requiring the guarantors to assume guarantee liability, and other measures.

The *Mortgage Contract* (2019) Shenyin Gudai Zi No. 000036-Guarantee 16 signed between the plaintiff and the defendant Jianxin Fengyuan Company stipulated that the defendant Jianxin Fengyuan Company shall provide mortgage guarantee with its 35 properties (as detailed in the list of mortgaged properties attached to the contract) for Contract (2019) Shenyin Gudai Zi No. 000036 and its amendments or supplementary agreements. The scope of the mortgage guarantee includes the principal debt, interest, penalty interest, compound interest, liquidated damages, compensation for damages, expenses incurred for realizing the creditor's rights and mortgage rights (including but not limited to litigation fees, arbitration fees, lawyer fees, travel expenses, execution fees, preservation fees, appraisal fees, auction or sale fees, transfer fees, announcement fees, etc.) and all other payable expenses under the main contract. The contract stipulated that if the main contract is rescinded according to its terms or legal provisions, or if the debt should be prepaid due to other circumstances stipulated in the main contract, the plaintiff shall have the right to dispose of the mortgaged property in advance and receive priority compensation from the proceeds of such disposal.

The *Maximum Amount Accounts Receivable Pledge Contract* (2019) Shenyin Gudai Zi No. 000036-Guarantee 11 signed between the plaintiff and the defendant Jianxin Fengyuan Company, the *Maximum Amount Accounts Receivable Pledge Contract* (2019) Shenyin

Gudai Zi No. 000036-Guarantee 12 signed with the defendant Shiji Fengyuan Company, the *Maximum Amount Accounts Receivable Pledge Contract* (2019) Shenyin Gudai Zi No. 000036-Guarantee 13 signed with the defendant Junsheng Company, the *Maximum Amount Accounts Receivable Pledge Contract* (2019) Shenyin Gudai Zi No. 000036-Guarantee 14 signed with the defendant Jianxin Company, and the *Maximum Amount Accounts Receivable Pledge Contract* (2019) Shenyin Gudai Zi No. 000036-Guarantee 15 signed with the defendant Jintongfu Company stipulated that the defendant Jianxin Fengyuan Company, the defendant Shiji Fengyuan Company, the defendant Junsheng Company, the defendant Jianxin Company, and the defendant Jintongfu Company shall respectively provide pledge guarantee with all their existing and future accounts receivable for the *Fixed Asset Project Loan Contract* (2019) Shenyin Gudai Zi No. 000036 and its amendments or supplementary agreements. The scope of the guarantee includes the principal debt, interest, penalty interest, compound interest, liquidated damages, compensation for damages, expenses incurred for realizing the creditor's rights and mortgage rights (including but not limited to litigation fees, arbitration fees, lawyer fees, travel expenses, execution fees, preservation fees, appraisal fees, auction or sale fees, transfer fees, announcement fees, etc.) and all other payable expenses under the main contract. The maximum principal balance guaranteed is RMB 650 million. The contract stipulated that if the defendant Jianxin Fengyuan Company fails to pay off the debt as agreed in the main contract, the plaintiff has the right to exercise the pledge right and use the proceeds obtained from exercising the pledge right to prepay the principal claim. In addition, the plaintiff also signed the *Rent Account Supervision Agreement* (2019) Shenyin Gudai Zi No. 000036-01 with the defendant Jianxin Fengyuan Company, and the *Rent Account Supervision Agreement* (2019) Shenyin Gudai Zi No. 000036-02 with the defendants

Jianxin Fengyuan Company, Shiji Fengyuan Company, Junsheng Company, Jianxin Company, and Jintongfu Company. Both agreements stipulated that each defendant must open a supervision account with the plaintiff to receive operating income such as rent from the Longgang Walmart Shopping Plaza, and the proceeds should be used first to repay the principal and interest under the involved *Loan Contract*. Once the borrower fails to repay the loan principal and interest on time, the plaintiff has the right to directly deduct from this account.

The *Maximum Amount Pledge Contract* (2019) Shenyin Gudai Zi No. 000036-Guarantee 08 signed between the plaintiff and the defendant Jianxin Fengyuan Company stipulated that the defendant Jianxin Fengyuan Company shall provide pledge guarantee for the main contract debt with its 99.875% equity interest held in the defendant Shiji Fengyuan Company; the *Maximum Amount Pledge Contract* (2019) Shenyin Gudai Zi No. 000036-Guarantee 10 signed with the defendant Zhuang Chenshi stipulated that the defendant Zhuang Chenshi shall provide pledge guarantee for the main contract debt with his 0.125% equity interest held in the defendant Shiji Fengyuan Company; the *Maximum Amount Pledge Contract* (2019) Shenyin Gudai Zi No. 000036-Guarantee 09 signed with the defendant Zhuang Chenshi stipulated that the defendant Zhuang Chenshi shall provide pledge guarantee for the main contract debt with his 100% equity interest held in the defendant Jianxin Fengyuan Company. The main contracts guaranteed by the aforementioned *Maximum Amount Pledge Contracts* are all the *Fixed Asset Project Loan Contract* (No. (2019) Shenyin Gudai Zi No. 000036) signed between the plaintiff and the defendant Jianxin Fengyuan Company on January 3, 2020, and its amendments or supplements (including but not limited to extension contracts. If there are individual agreements signed under this contract, such individual agreements also

fall within the scope of the main contract). The scope of guarantee includes the principal debt of RMB 650 million, interest, penalty interest, compound interest, liquidated damages, compensation for damages, expenses incurred for realizing the creditor's rights (including but not limited to litigation fees, arbitration fees, lawyer fees, travel expenses, execution fees, preservation fees, appraisal fees, auction or sale fees, transfer fees, announcement fees, etc.) and all other payable expenses, and all have undergone pledge registration. The aforementioned contracts all stipulate that if the main contract is rescinded according to its terms or legal provisions, or if the debt should be prepaid due to other circumstances stipulated in the main contract, the plaintiff has the right to dispose of the pledged rights in advance and receive priority compensation from the proceeds of such disposal.

The *Maximum Amount Guarantee Contract* (No.: (2019) Shenyin Gudai Zi No. 000036-Guarantee 02) jointly signed by the plaintiff and the defendants Shiji Fengyuan Company, Shiji Fengyuan Company, Junsheng Company, Jianxin Company, and Jintongfu Company mainly stipulated that the defendants Shiji Fengyuan Company, Shiji Fengyuan Company, Junsheng Company, Jianxin Company, and Jintongfu Company shall provide a maximum amount guarantee for the *Fixed Asset Project Loan Contract* (No. (2019) Shenyin Gudai Zi No. 000036) signed between the defendant Jianxin Fengyuan Company and the plaintiff, and its amendments or supplements (including but not limited to extension contracts. If there are individual agreements signed under this contract, such individual agreements also fall within the scope of the main contract). The scope of the guarantee includes the principal debt of RMB 650 million, interest, penalty interest, compound interest, liquidated damages, compensation for damages, expenses incurred for realizing the creditor's rights (including but not limited to litigation fees, arbitration fees, lawyer fees, travel expenses, execution fees,

preservation fees, appraisal fees, auction or sale fees, transfer fees, announcement fees, etc.) and all other payable expenses, for which they assume joint and several liability guarantee. The guarantee period is two years from the date when the performance period of the debt by the debtor under the main contract expires. The guarantee method of this contract is joint and several liability guarantee. If there are multiple guarantors, each guarantor is a joint and several co-guarantor and assumes joint and several co-guarantee liability. The contract stipulates that if the main contract is rescinded according to its terms or legal provisions, or if performance should be advanced due to other circumstances stipulated in the main contract, and the debt under the main contract is not realized or not fully realized, the plaintiff has the right to require the defendants Shiji Fengyuan Company, Shiji Fengyuan Company, Junsheng Company, Jianxin Company, and Jintongfu Company to assume the guarantee liability in advance.

The main terms of the *Maximum Amount Guarantee Contract* (2019) Shenyin Gudai Zi No. 000036-Guarantee 03 jointly signed by the plaintiff and the defendants Zhuang Chenshi, Zhuang Qufang, Zhuang Zhichuang, Li Na, Zhuang Zhiwu, Wen Jiayin, Zhuang Zhihui, Zhuang Zhifeng, Zhuang Zhipeng, and He Yingying are consistent with the *Maximum Amount Guarantee Contract* (2019) Shenyin Gudai Zi No. 000036-Guarantee 02.

Additionally, the aforementioned guarantee contracts all stipulate that if the guaranteed creditor's rights concurrently have other guarantees (including but not limited to guarantees, mortgages, pledges, and any other forms of security), regardless of whether the other guarantees are provided by the debtor itself, the guarantee liability assumed by the guarantor shall not be affected by any other guarantees, shall not be conditioned upon the plaintiff making claims against other guarantors, nor shall it be exempted or reduced thereby. When

the defendant Jianxin Fengyuan Company fails to perform the debt as agreed in the main contract or when the circumstances for realizing the guarantee agreed upon by the parties to this contract occur, the plaintiff has the right to directly require the guarantor to assume all guarantee liability under the guarantee contract, without needing to exercise other security rights first.

After the above contracts were signed, the plaintiff fulfilled its loan disbursement obligations according to the contract. On January 21, 2020, it disbursed a loan of RMB 590 million to the defendant Jianxin Fengyuan Company, with a loan term from January 21, 2020, to January 21, 2035, and an annual interest rate of 6.5%; on January 22, 2020, it disbursed a loan of RMB 60 million to the defendant Jianxin Fengyuan Company, with a loan term from January 22, 2020, to January 21, 2035, and an annual interest rate of 6.5%.

According to the provisions of the *Fixed Asset Loan Contract*, the defendant Jianxin Fengyuan Company should pay interest monthly. However, starting from September 21, 2022, the defendant Jianxin Fengyuan Company failed to pay interest as stipulated in the contract, which has constituted a breach of contract. The plaintiff has the right, in accordance with the contract, to declare all outstanding loan principal and interest under this contract immediately due, exercise the security interest, and require the guarantors to assume the guarantee liability, among other measures.

Jianxin Fengyuan Company argued in its defense: First, under the current economic situation and given that the creditor's rights claimed by the plaintiff in this case are fully secured, according to relevant judicial precedents of the Supreme People's Court, the creditor's rights involved in this case should not be declared prematurely due. Second, the evidence provided by the plaintiff does not include the repayment records of the defendant Jianxin Fengyuan

Company nor the bank statements of the plaintiff exercising its pledge rights over the pledged supervision account. Therefore, the remaining creditor's rights, principal, and corresponding interest calculation methods claimed by the plaintiff cannot be confirmed. The court is earnestly requested to further order the plaintiff to submit these. Third, based on the evidence received by the defendant Jianxin Fengyuan Company, the plaintiff failed to fulfill its obligations of entrusting payment on behalf and supervising the use of the pledged supervision account. Therefore, the defendant Jianxin Fengyuan Company has the right to be exempted from liability within the scope of losses caused by the plaintiff's dereliction of duty and not to bear the corresponding interest, compound interest, and penalty interest. Fourth, even if the creditor's rights involved in this case are declared prematurely due, the starting time for calculating the compound interest and penalty interest involved in this case should be the time when the court's notice is served to the defendant, not the time claimed by the plaintiff in its civil complaint. Fifth, since the other defendants did not appear in court, the court is earnestly requested to grant the defendant Jianxin Fengyuan Company sufficient time to verify the authenticity of the other evidentiary materials involved. Sixth, based on the principle of good faith, the rights claimed by the plaintiff should also protect the legitimate rights of other creditors. For example, the rights in rem enjoyed by China Huarong Asset Management Co., Ltd. Guangdong Branch over the mortgaged property.

Shiji Fengyuan Company, Shiji Fengyuan Company, Junsheng Company, Jianxin Company, Jintongfu Company, Zhuang Chenshi, Zhuang Qufang, Zhuang Zhichuang, Li Na, Zhuang Zhiwu, Wen Jiayin, Zhuang Zhihui, Zhuang Zhifeng, Zhuang Zhipeng, and He Yingying did not submit any defense.

The plaintiff submitted a series of relevant evidence, including the *Fixed Asset Project Loan*

*Contract*, *Mortgage Contract*, Maximum Amount Accounts Receivable Pledge Contract, and *Maximum Amount Guarantee Contract* signed by all parties. The defendant presented its opinions on the admissibility and authenticity of the aforementioned evidence during cross-examination. This court confirms the admissibility of the aforementioned evidence submitted by the plaintiff and retains it in the case file for reference.

This court finds through trial that the facts stated in the plaintiff's complaint are consistent with the content shown in the evidence submitted by the plaintiff, and this court hereby confirms them.

This court holds that this case is a dispute over a financial loan contract. The *Fixed Asset Project Loan Contract*, *Mortgage Contract*, *Maximum Amount Pledge Contract*, *Maximum Amount Accounts Receivable Pledge Contract*, *Maximum Amount Guarantee Contract, and Fund Account Supervision Agreement* signed by the parties did not violate prohibitive provisions of laws and administrative regulations, are legal and valid, and all parties should perform their obligations accordingly. Regarding the repayment responsibility, the plaintiff, as the lender, has fully performed its obligation to disburse the loan. However, the defendant Jianxin Fengyuan Company failed to perform its obligation to repay part of the due principal on time starting from July 21, 2022. Furthermore, for the loan of RMB 60 million, it also failed to fully perform its interest payment obligation starting from August 22, 2022, and for the loan of RMB 590 million, it began to default on interest payments starting from September 21, 2022. The defendant Jianxin Fengyuan Company is currently in an unreachable state. The defendant's actions violated the provisions of Paragraph 2, Article 13 of the *Fixed Asset Project Loan Contract* concerning *Party B's failure to perform its payment and settlement obligations to Party A in accordance with this contract*, which constitutes a

breach of contract. As Party A, the plaintiff has the right, in accordance with the relevant provisions of the contract, to terminate the loan contract prematurely and request the defendant to immediately repay the principal and interest of the involved loan. The plaintiff filed this lawsuit on October 28, 2022. Therefore, this court determines that the *Fixed Asset Project Loan Contract* (2019) Shenyin Gudai Zi No. 000036 is rescinded as of October 28, 2022. Both parties agreed in the contract that the annual loan interest rate is 6.5%, and for overdue repayment, overdue interest shall be charged at a rate 50% higher than the loan interest rate. It was also agreed that for overdue repayment, compound interest shall be charged from the overdue date at the penalty interest rate. Therefore, the defendant Jianxin Fengyuan Company shall repay the plaintiff the working capital loan principal of RMB 614,496,637.33, plus interest of RMB 7,544,550.91 and compound interest of RMB 40,828.69 calculated up to October 28, 2022. Subsequent interest shall be calculated based on the loan principal of RMB 614,496,637.33 and the interest of RMB 7,544,550.91 calculated up to October 28, 2022, at an annual rate of 9.75% until all debts are fully cleared. The plaintiff's claim that the defendant Jianxin Fengyuan Company should pay compound interest on the penalty interest after October 28, 2022, lacks legal basis and is not supported by this court. Regarding the guarantee liability, defendants including Jianxin Fengyuan Company and Zhuang Chenshi provided mortgage and pledge guarantees for the involved loan with real estate, equity, and accounts receivable, respectively. The companies providing guarantees also submitted relevant shareholders' resolutions. The above-mentioned guaranteed properties have undergone real estate mortgage registration and equity pledge registration. The plaintiff has the right to receive limited compensation from the proceeds obtained from the involved guaranteed properties. Additionally, Shiji Fengyuan Company,

Shiji Fengyuan Company, Junsheng Company, Jianxin Company, Jintongfu Company, Zhuang Chenshi, Zhuang Qufang, Zhuang Zhichuang, Li Na, Zhuang Zhiwu, Wen Jiayin, Zhuang Zhihui, Zhuang Zhifeng, Zhuang Zhipeng, and He Yingying have all signed *Maximum Amount Guarantee Contracts* with the plaintiff. The above-mentioned defendants are legally required to assume joint and several liability for the repayment of the involved loan.

Defendants Shiji Fengyuan Company, Shiji Fengyuan Company, Junsheng Company, Jianxin Company, Jintongfu Company, Zhuang Chenshi, Zhuang Qufang, Zhuang Zhichuang, Li Na, Zhuang Zhiwu, Wen Jiayin, Zhuang Zhihui, Zhuang Zhifeng, Zhuang Zhipeng, and He Yingying, having been legally summoned by this court, failed to appear in court without justifiable reasons and did not submit a statement of defense. This shall be deemed as their waiver of the corresponding rights to defense, and they shall bear the adverse consequences arising therefrom.

In summary, the plaintiff's claims are established, and this court supports them. In accordance with Articles 410, 436, 445, 509, 563, 676, and 690 of the Civil Code of the People's Republic of China, and Article 147 of the Civil Procedure Law of the People's Republic of China, the judgment is as follows:

I. The *Fixed Asset Project Loan Contract* (No. (2019) Shenyin Gudai Zi No. 000036) signed between the plaintiff and the defendant Shenzhen Jianxin Fengyuan Industrial Co., Ltd. is rescinded as of October 28, 2022;

II. The defendant Shenzhen Jianxin Fengyuan Industrial Co., Ltd. shall immediately repay the plaintiff the working capital loan principal of RMB 614,496,637.33 and interest (interest of RMB 7,544,550.91 and compound interest of RMB 40,828.69 tentatively calculated as of

October 28, 2022; subsequent interest shall be calculated based on the loan principal of RMB 614,496,637.33 and the interest of RMB 7,544,550.91 calculated as of October 28, 2022, at an annual rate of 9.75% until all debts are fully cleared);

III. The plaintiff holds a mortgage right over the 35 properties located in Buji Walmart Shopping Plaza, Longgang District, Shenzhen, under the name of the defendant Shenzhen Jianxin Fengyuan Industrial Co., Ltd., and has the right to have the aforementioned mortgaged properties appraised, auctioned, or sold, and to receive priority compensation from the proceeds obtained from the appraisal, auction, or sale within the mortgage limit;

IV. The plaintiff holds a pledge right over the 99.875% equity interest in Shenzhen Shiji Fengyuan Investment Development Co., Ltd. held by the defendant Shenzhen Jianxin Fengyuan Industrial Co., Ltd., and has the right to have the aforementioned pledged equity appraised, auctioned, or sold, and to receive priority compensation from the proceeds obtained from the appraisal, auction, or sale within the pledge limit;

V. The plaintiff holds a pledge right over the 0.125% equity interest in Shenzhen Shiji Fengyuan Investment Development Co., Ltd. held by the defendant Zhuang Chenshi, and has the right to have the aforementioned pledged equity appraised, auctioned, or sold, and to receive priority compensation from the proceeds obtained from the appraisal, auction, or sale within the pledge limit;

VI. The plaintiff holds a pledge right over the 100% equity interest in Shenzhen Jianxin Fengyuan Industrial Co., Ltd. held by the defendant Zhuang Chenshi, and has the right to have the aforementioned pledged equity appraised, auctioned, or sold, and to receive priority compensation from the proceeds obtained from the appraisal, auction, or sale within the pledge limit;

VII. The plaintiff has the right to receive priority compensation from the accounts receivable held by Shenzhen Jianxin Fengyuan Industrial Co., Ltd. [including but not limited to the accounts receivable corresponding to the operating income from the 35 properties located in Shenzhen Walmart Shopping Plaza (including but not limited to receivables such as rent, management fees, parking fees, venue fees, advertising fees, etc.)];

VIII. The plaintiff has the right to receive priority compensation from the accounts receivable pledged to it by Shenzhen Shiji Fengyuan Investment Development Co., Ltd., Shenzhen Junsheng Department Store Co., Ltd., Shenzhen Jianxin Property Service Co., Ltd., and Shenzhen Jintongfu Technology Development Co., Ltd. [including but not limited to the accounts receivable corresponding to the operating income from the 297 properties located in Shenzhen Walmart Shopping Plaza (including added construction and unlicensed parts, supporting facilities, auxiliary facilities, and corresponding parking spaces) (including but not limited to receivables such as rent, management fees, parking fees, venue fees, advertising fees, etc.)];

IX. Shenzhen Shiji Fengyuan Investment Development Co., Ltd., Shaoguan Shiji Fengyuan Investment Development Co., Ltd., Shenzhen Junsheng Department Store Co., Ltd., Shenzhen Jianxin Property Service Co., Ltd., Shenzhen Jintongfu Technology Development Co., Ltd., Zhuang Chenshi, Zhuang Qufang, Zhuang Zhichuang, Li Na, Zhuang Zhiwu, Wen Jiayin, Zhuang Zhihui, Zhuang Zhifeng, Zhuang Zhipeng, and He Yingying shall assume joint and several guarantee liability for the above-mentioned debts.

If the obligation to pay money is not fulfilled within the period specified in this judgment, interest on the debt during the period of delayed payment shall be doubled in accordance with Article 260 of the Civil Procedure Law of the People's Republic of China.

The case acceptance fee for this case is RMB 3,152,210.8, and the preservation fee is RMB 5,000, totaling RMB 3,157,210.8, which shall be borne by the defendants. The case acceptance fee and preservation fee prepaid by the plaintiff shall be refunded by this court. The defendants shall pay the case acceptance fee and preservation fee totaling RMB 3,157,210.8 to this court within ten days from the effective date of this judgment. If they fail to pay, this court will enforce compulsory execution according to law.

If not satisfied with this judgment, you may submit an appeal petition to this court within fifteen days from the date of service of the judgment, and provide copies equal to the number of opposing parties or their representatives, appealing to the Guangdong Provincial High People's Court; you may also submit the appeal petition online to the Guangdong Provincial High People's Court within fifteen days from the date of service of the judgment.



Presiding Judge: Yue Yanni

Judge: Sun Yan

Judge: Zhang Yongbin

Shenzhen Intermediate People's Court, Guangdong (Seal)

August 30, 2023

This copy is verified to be consistent with the original.

Clerk: Liang Shangjun

# 广东省深圳市中级人民法院

# 民事判决书

（2022）粤 03 民初 7466 号

原告：广发银行股份有限公司深圳分行，住所地广东省深圳市罗湖区深南东路 123 号百货广场西座 19-22 层，统一社会信用代码 91440300892230855N。

负责人：王家铭，行长。

委托诉讼代理人：马远志，广东汇森律师事务所律师。

委托诉讼代理人：刘平京，广东汇森律师事务所律师。

被告：深圳市建信锋源实业有限公司，住所地广东省深圳市福田区华富街道莲花一村社区皇岗路 5001 号深业上城（南区）T2 栋 802，统一社会信用代码 914403001921910150。

法定代表人：庄志创，执行董事兼总经理。

委托诉讼代理人：凌青，泰和泰（深圳）律师事务所律师。

委托诉讼代理人：傅婧芸，泰和泰（深圳）律师事务所律师。

被告：深圳市世纪丰源投资发展有限公司，住所地广东省深圳市龙岗区龙岗街道龙平东路 203 号东方瑞景苑公寓楼 4 楼，统

一社会信用代码914403007839257545。

法定代表人：庄志斌，执行董事兼总经理。

被告：韶关市世纪锋元投资发展有限公司，住所地广东省韶关市武江区新华南路16号四楼3号房（仅作办公室使用），统一社会信用代码914402007782016233G。

法定代表人：刘向宇，执行董事兼经理。

被告：深圳市君盛百货有限公司，住所地广东省深圳市龙岗区龙岗街道南联社区龙平东路203号东方瑞景苑A区101；A区201（A07-A32）；B区（01；03-06；08-23；25-29），统一社会信用代码91440300573120261Y。

法定代表人：庄志斌，执行董事兼总经理。

被告：深圳市建信物业服务有限公司，住所地广东省深圳市龙岗区龙岗街道龙平东路203号东方瑞景苑D座2楼，统一社会信用代码914403005586652630。

法定代表人：庄志鹏，执行董事兼总经理。

被告：深圳市金通富科技发展有限公司，住所地广东省深圳市龙岗区坪地街道坪地社区天宏街17号202，统一社会信用代码91440300775589295B。

法定代表人：庄志创，执行董事兼总经理。

被告：庄陈石，男，1957年10月1日出生，汉族，身份证住址广东省深圳市宝安区西乡市场综合楼3栋508号，公民身份号码440306195710010414。

2

被告：庄曲芳，女，1961 年 6 月 15 日出生，汉族，身份证住址广东省深圳市宝安区西乡镇市场综合楼 3 栋 508 号，公民身份号码 440321196106150427。

被告：庄志创，男，1984 年 5 月 15 日出生，汉族，身份证住址广东省深圳市龙华新区玉龙路圣莫丽斯花园 B05 栋 1 单元 01A，公民身份号码 440307198405150015。

被告：李娜，女，1985 年 10 月 28 日出生，汉族，身份证住址广东省深圳市龙华新区玉龙路圣莫丽斯花园 B05 栋 1 单元 01A，公民身份号码 441421198510284027。

被告：庄志武，男，1984 年 3 月 16 日出生，汉族，身份证住址广东省深圳市福田区香蜜湖路 3012 号熙园别墅 2 号，公民身份号码 440306198403160432。

被告：文嘉茵，女，1987 年 7 月 6 日出生，汉族，身份证住址广东省深圳市福田区香蜜湖路 3012 号熙园别墅 52 号，公民身份号码 440306198707061628。

被告：庄志辉，男，1986 年 10 月 3 日出生，汉族，身份证住址广东省深圳市福田区香蜜湖路 3012 号熙园别墅 52 号，公民身份号码 440306198610038851。

被告：庄志锋，男，1982 年 5 月 8 日出生，汉族，身份证住址广东省深圳市福田区香蜜湖路 3012 号熙园别墅 52 号，公民身份号码 440306198205080474。

被告：庄志鹏，男，1986 年 9 月 23 日出生，汉族，身份证

3

住址广东省深圳市龙华新区玉龙路圣莫丽斯花园 B05 栋 1 单元 01A，公民身份号码 440307198609230017。

被告：何莹莹，女，1989 年 12 月 29 日出生，汉族，身份证住址广东省深圳市龙岗区新围五巷 1 号，公民身份号码 440307198912291525。

原告广发银行股份有限公司深圳分行（以下简称广发银行深圳分行）与被告深圳市建信锋源实业有限公司（以下简称建信锋源公司）、深圳市世纪丰源投资发展有限公司（以下简称世纪丰源公司）、韶关市世纪锋元投资发展有限公司（以下简称世纪锋元公司）、深圳市君盛百货有限公司（以下简称君盛公司）、深圳市建信物业服务有限公司（以下简称建信公司）、深圳市金通富科技发展有限公司（以下简称金通富公司）、庄陈石、庄曲芳、庄志创、李娜、庄志武、文嘉茵、庄志辉、庄志锋、庄志鹏、何莹莹金融借款合同纠纷一案，本院于 2022 年 12 月 9 日立案后，依法适用普通程序，于 2023 年 7 月 14 日公开开庭进行了审理。原告委托诉讼代理人马远志、刘平京，建信锋源公司委托诉讼代理人凌青、傅婧芸到庭参加诉讼。其余被告均未到庭参加诉讼，本院依法缺席审理。本案现已审理终结。

原告广发银行深圳分行诉称：1.判令解除原告与建信锋源公司签订的（2019）深银固贷字第 000036 号《固定资产项目贷款合同》；2.判令建信锋源公司立即偿还原告流动资金贷款本金 614496637.33 元、利息 7544550.91 元、复利 40828.69 元，共计

4

622082016.93 元（暂计至 2022 年 10 月 28 日），其后产生的利息、罚息及复利按照合同约定计至债务全部清除之日止；3.判令建信锋源公司不履行还款义务时，原告有权对建信锋源公司抵押给原告的位于深圳市龙岗区布吉沃尔玛购物广场 35 处物业折价、拍卖、变卖，并就折价、拍卖、变卖所得的价款优先受偿；4.判令建信锋源公司不履行还款义务时，原告有权对建信锋源公司质押给原告的世纪丰源公司 99.875%的股权折价、拍卖、变卖，并就折价、拍卖、变卖所得的价款优先受偿；5.判令建信锋源公司不履行还款义务时，原告有权对庄陈石质押给原告的世纪丰源公司 0.125%的股权折价、拍卖、变卖，并就折价、拍卖、变卖所得的价款优先受偿；6.判令建信锋源公司不履行还款义务时，原告有权对庄陈石质押给原告的建信锋源公司 100%的股权折价、拍卖、变卖，并就折价、拍卖、变卖所得的价款优先受偿；7.判令建信锋源公司不履行还款义务时，原告有权对建信锋源公司质押给原告的应收账款优先受偿【包括但不限于位于深圳市沃尔玛购物广场 35 套房产对应经营收入的应收账款（包括但不限于应收租金、管理费、停车费、场地费、广告费等）】；8.判令建信锋源公司不履行还款义务时，原告有权对世纪丰源公司、君盛公司、建信公司、金通富公司质押给原告的应收账款优先受偿【包括但不限于位于深圳市沃尔玛购物广场 297 套房产（含加建及无证部分、配套设施、辅助设施及对应停车位）对应经营收入的应收账款（包括但不限于应收租金、管理费、停车费、场地费、广告费

5

等）】；9. 判令世纪丰源公司、世纪锋元公司、君盛公司、建信公司、金通富公司、庄陈石、庄曲芳、庄志创、李娜、庄志武、文嘉茵、庄志辉、庄志锋、庄志鹏、何莹莹对（2020）深银固贷字第 000027 号《固定资产项目贷款合同》项下债务承担连带保证责任；10. 判令本案受理费、财产保全费等诉讼费用由十六个被告共同承担。

事实与理由：2021 年 9 月 6 日，原告与被告建信锋源公司签订了编号为（2019）深银固贷字第 000036 号《固定资产项目贷款合同》。为担保主合同的履行，原告与被告建信锋源公司签订了（2019）深银固贷字第 000036-担保 16《抵押合同》、（2019）深银固贷字第 000036-担保 08《最高额权利质押合同》、（2019）深银固贷字第 000036-担保 11《最高额应收账款质押合同》、（2019）深银固贷字第 000036 号-01《租金账户监管协议》；与被告世纪丰源公司签订了（2019）深银固贷字第 000036-担保 12《最高额应收账款质押合同》；与被告君盛公司签订了（2019）深银固贷字第 000036-担保 13《最高额应收账款质押合同》；与被告建信公司签订了（2019）深银固贷字第 000036-担保 14《最高额应收账款质押合同》；与被告金通富公司签订了（2019）深银固贷字第 000036-担保 15《最高额应收账款质押合同》；与被告建信锋源公司、被告世纪丰源公司、被告君盛公司、被告建信公司、被告金通富公司共同签订了（2019）深银固贷字第 000036 号-02《租金账户监管协议》；与被告庄陈石签订了（2019）深银

6

固贷字第 000036-担保 09、担保 10 两份《最高额权利质押合同》；与被告世纪丰源公司、被告世纪锋元公司、被告君盛公司、被告建信公司、被告金通富公司共同签订了（2019）深银固贷字第 000036-担保 02《最高额保证合同》；与被告庄陈石、被告庄曲芳、被告庄志创、被告李娜、被告庄志武、被告文嘉茵、被告庄志辉、被告庄志锋、被告庄志鹏、被告何莹莹共同签订了（2019）深银固贷字第 000036-担保 03《最高额保证合同》。

原告与被告建信锋源公司签署的（2019）深银固贷字第 000036《固定资产项目贷款合同》主要约定，本合同项下的贷款金额为 6.5 亿元；贷款期限自 2020 年 1 月 3 日至 2035 年 1 月 3 日，实际贷款期限、贷款金额、贷款利率以本合同项下借款借据或其他债权债务凭证所记载为准。本合同项下的固定资产项目贷款用途为：用于置换平安银行关于龙岗区大芬村布吉沃尔玛购物广场经营性物业抵押贷款及用于该物业在经营期间维护、改造、装修、招商等经营性支出。还款方式为按月结息，分期还本，每月的 20 日为结息日，21 日为付息日。合同约定如被告建信锋源公司未按约定期限还款，就逾期部分，原告从逾期之日起按照逾期贷款罚息利率计收利息，直至清偿本息为止。逾期贷款罚息利率为本合同约定的贷款利率水平上加收 50%，对于被告建信锋源公司不能按期支付的利息，以合同约定的结息方式，从逾期之日起按照合同约定的罚息利率计收复利。合同第十三条第二款约定：如被告建信锋源公司未按合同的约定履行对原告的支付和清偿义

7

务或违反合同其他约定的，即构成违约，原告有权视具体情形分别或同时采取宣布合同到期，尚未偿还的贷款本息和其他应付款项全部或部分立即到期；终止或解除合同，将被告建信锋源公司在原告开立的账户内的款项扣划以清偿其对原告所负全部或部分债务；要求被告建信锋源公司赔偿因其违约而给原告造成的损失；行使担保物权；要求保证人承担保证责任等措施。

原告与被告建信锋源公司签订的（2019）深银固贷字第000036-担保 16《抵押合同》约定，被告建信锋源公司以其名下35 处物业（详见合同附件所列的抵押财产清单）为（2019）深银固贷字第 000036 合同及其修订或补充协议提供抵押担保，抵押担保的范围包括主合同项下的债务本金、利息、罚息、复利、违约金、损害赔偿金、为实现债权、抵押权而发生的费用（包括但不限于诉讼费、仲裁费、律师费、差旅费、执行费、保全费、评估费、拍卖或变卖费、过户费、公告费等）和其他所有应付费用。合同约定，如依据主合同约定或法律规定解除合同的或依据主合同约定的其他情形应当提前履行债务的，原告有权提前处分抵押财产，并从处分所得价款中优先受偿。

原告与被告建信锋源公司签订的（2019）深银固贷字第000036-担保 11《最高额应收账款质押合同》、与被告世纪丰源公司签订的（2019）深银固贷字第 000036-担保 12《最高额应收账款质押合同》、与被告君盛公司签订的（2019）深银固贷字第000036-担保 13《最高额应收账款质押合同》、与被告建信公司

8

签订的（2019）深银固贷字第 000036-担保 14《最高额应收账款质押合同》、与被告金通富公司签订的（2019）深银固贷字第 000036-担保 15《最高额应收账款质押合同》约定，被告建信锋源公司、被告世纪丰源公司、被告君盛公司、被告建信公司、被告金通富公司分别以其现有及将有的全部应收账款为（2019）深银固贷字第 000036 号《固定资产项目贷款合同》及其修订或补充协议提供质押担保，担保的范围包括主合同项下的债务本金、利息、罚息、复利、违约金、损害赔偿金、为实现债权、抵押权而发生的费用（包括但不限于诉讼费、仲裁费、律师费、差旅费、执行费、保全费、评估费、拍卖或变卖费、过户费、公告费等）和其他所有应付费用。担保的最高本金余额为 6.5 亿元，合同约定，如被告建信锋源公司未按主合同约定清偿债务，原告有权行使质权，并将行使质权所得价款提前清偿主债权。另外，原告还与被告建信锋源公司签订了（2019）深银固贷字第 000036 号-01《租金账户监管协议》、与被告建信锋源公司、被告世纪丰源公司、被告君盛公司、被告建信公司、被告金通富公司签订了（2019）深银固贷字第 000036 号 02《租金账户监管协议》，该两份协议均约定各被告需在原告方开立监管账户，用于收取龙岗沃尔玛购物广场租金等经营性收入，回款优先用于偿还案涉《借款合同》项下本息，一旦借款人未按时偿还贷款本息，原告有权直接从该账户中扣划。

原告与被告建信锋源公司签订的（2019）深银固贷字第

000036-担保 08《最高额权利质押合同》约定，被告建信锋源公司以其持有的被告世纪丰源公司 99.875%股权为主合同债务提供质押担保；与被告庄陈石签订的（2019）深银固贷字第 000036-担保 10《最高额权利质押合同》约定，被告庄陈石以其持有的被告世纪丰源公司 0.125%股权为主合同债务提供质押担保；与被告庄陈石签订的（2019）深银固贷字第 000036-担保 09《最高额权利质押合同》约定，被告庄陈石以其持有的被告建信锋源公司 100%的股权为主合同债务提供质押担保。前述《最高额权利质押合同》担保的主合同均为原告与被告建信锋源公司于 2020 年 1 月 3 日签订的编号为（2019）深银固贷字第 000036 号《固定资产项目贷款合同》及其修订或补充（包括但不限于展期合同。如果该合同项下签有单笔协议，单笔协议也属于主合同范围），担保范围包括债务本金 6.5 亿元、利息、罚息、复利、违约金、损害赔偿金、为实现债权而发生的费用（包括但不限于诉讼费、仲裁费、律师费、差旅费、执行费、保全费、评估费、拍卖或变卖费、过户费、公告费等）和其他所有应付费用，并均已办理了质押登记。前述合同均约定，依据主合同约定或法律规定解除主合同的，或依据主合同约定的其他情形应当提前履行债务的，原告有权提前处分出质权利，并从处分所得价款中优先受偿。

原告与被告世纪丰源公司、被告世纪锋元公司、被告君盛公司、被告建信公司、被告金通富公司共同签订的编号：（2019）深银固贷字第 000036 号-担保 02《最高额保证合同》主要约定，

10

被告世纪丰源公司、被告世纪锋元公司、被告君盛公司、被告建信公司、被告金通富公司对被告建信锋源公司与原告签订的（2019）深银固贷字第 000036 号《固定资产项目贷款合同》及其修订或补充（包括但不限于展期合同。如果该合同项下签有单笔协议，单笔协议也属于主合同范围）提供最高额保证。保证范围包括债务本金 6.5 亿元、利息、罚息、复利、违约金、损害赔偿金、为实现债权而发生的费用（包括但不限于诉讼费、仲裁费、律师费、差旅费、执行费、保全费、评估费、拍卖或变卖费、过户费、公告费等）和其他所有应付费用承担连带责任保证。保证期间为自主合同债务人履行债务期限届满之日起两年。本合同的保证方式为连带责任保证，如有多个保证人，各保证人为连带共同保证人，承担连带共同保证责任。合同约定，如依据主合同约定或法律规定解除主合同的或者依据主合同约定的其他情形应当提前履行的，而主合同项下的债务未实现或未能全部实现的，原告有权要求被告世纪丰源公司、被告世纪锋元公司、被告君盛公司、被告建信公司、被告金通富公司提前承担保证责任。

原告与被告庄陈石、被告庄曲芳、被告庄志创、被告李娜、被告庄志武、被告文嘉茵、被告庄志辉、被告庄志锋、被告庄志鹏、被告何莹莹共同签订的（2019）深银固贷字第 000036-担保 03《最高额保证合同》的主要条款与（2019）深银固贷字第 000036 号-担保 02《最高额保证合同》一致。

另外，前述担保合同均约定，若被担保的债权同时存在其他

11

担保（包括但不限于保证、抵押、质押及其他任何形式的担保），不论其他担保是否由债务人自己提供，担保人承担的担保责任不受其他担保的任何影响，不以原告向其他担保人提出权利主张为前提，也不因之而免除或减少。当被告建信锋源公司未按主合同约定履行债务或者发生本合同当事人约定的实现担保的情形，原告有权直接要求担保人承担担保合同项下全部担保责任，而无须先行行使其他担保权利。

上述合同签订后，原告依合同约定履行了贷款发放义务，2020 年 1 月 21 日向被告建信锋源公司发放了 5.9 亿元贷款，借款期限自 2020 年 1 月 21 日至 2035 年 1 月 21 日,执行年利率 6.5%；2020 年 1 月 22 日向被告建信锋源公司发放了 6000 万元贷款，借款期限自 2020 年 1 月 22 日至 2035 年 1 月 21 日,执行年利率 6.5%。

根据《固定资产贷款合同》约定，被告建信锋源公司应按月付息，但 2022 年 9 月 21 日起，被告建信锋源公司未能按合同约定支付利息，已构成违约，原告有权根据合同约定宣布本合同项下未偿还的贷款本息全部立即到期，行使担保物权，要求保证人承担保证责任等。

建信锋源公司辩称：一、当前经济形势下，以及原告主张的本笔债权有充分担保情况下，依据最高院相关司法判例，本案所涉债权不应当提前宣告到期。二、原告所提供的证据并未包括被告建信锋源公司的还款记录以及原告就质押监管账户行使质权的银行流水，因此原告所主张的剩余债权、本金以及相应的利息计

12

算方式均无法确认。恳请法院进一步责令原告方予以提交。三、从被告建信锋源公司所收到的证据来看，原告方并未履行委托代付以及监督质押监管账户使用的义务。因此被告建信锋源公司有权在因原告方失职所造成的损失范围内免除责任并且不承担相应的利息、复利和罚息的责任。四、即便本案所涉债权被宣告提前到期，那么计算本案所涉及的复利和罚息的起算时间应当为本案法院通知被告的送达时间，而不应当是原告方在民事起诉状中所主张的时间。五、由于其他各被告均未到庭，因此涉及的其他证据的材料的真实性恳请法院给予被告建信锋源公司充分的时间予以核实。六、基于诚实信用原则原告方所主张的权利还应当保障其他债权人的合法权利。比如中国华融资产管理股份有限公司广东省分公司对抵押物所享有的在先权利。

世纪丰源公司、世纪锋元公司、君盛公司、建信公司、金通富公司、庄陈石、庄曲芳、庄志创、李娜、庄志武、文嘉茵、庄志辉、庄志锋、庄志鹏、何莹莹未作答辩。

原告提交了各方当事人签署的《固定资产项目贷款合同》、《抵押合同》、《最高额应收账款质押合同》、《最高额保证合同》等一系列相关证据。被告对上述相关证据发表质证意见。本院对原告提交的上述证据予以确认并在卷佐证。

本院经审理查明，原告起诉状列明的事实与其提交证据显示内容一致，本院予以确认。

本院认为，本案为金融借款合同纠纷。各方当事人签署的《固

定资产项目贷款合同》、《抵押合同》、《最高额权利质押合同》、《最高额应收账款质押合同》、《最高额保证合同》、《资金账户监管协议》等未违反法律和行政法规等禁止性规定，合法有效，各方均应依约履行。关于还款责任，原告作为贷款人已经全面履行出借义务，但被告建信锋源公司则自 2022 年 7 月 21 日起就未能按期履行偿还部分到期本金义务，且该笔 6000 万元的贷款是则自 2022 年 8 月 22 日起亦未能完全履行付息义务，该笔 5.9 亿元的贷款自 2022 年 9 月 21 日起开始逾期支付利息；被告建信锋源公司目前亦处于失联状态，被告违反《固定资产项目贷款合同》第 13 条第二款有关"乙方未按本合同约定履行对甲方的支付和清偿义务"之约定，已构成违约，原告作为甲方可按照合同相关约定有权提前解除贷款合同，并请求被告立即偿还涉案贷款本息。原告于 2022 年 10 月 28 日提起本案起诉，故本院认定（2019）深银固贷字第 000036 号《固定资产项目贷款合同》于 2022 年 10 月 28 日予以解除。双方在合同中约定贷款年利率为 6.5%，逾期还款则以贷款利率上浮 50%计收逾期利息，并约定逾期还款还需从逾期之日起按照罚息利率计收复利，故被告建信锋源公司应偿还原告流动资金贷款本金 614496637.33 元及计至 2022 年 10 月 28 日止利息 7544550.91 元、复利 40828.69 元，之后产生的利息以贷款本金 614496637.33 元及计至 2022 年 10 月 28 日止利息 7544550.91 元为基数，按年利率 9.75%计至债务全部清除之日止。原告主张被告建信锋源公司支付 2022 年 10 月 28 日之后罚息的复

14

利，于法无据，本院不予支持。关于担保责任问题，建信锋源公司、庄陈石等被告分别提供了房产、股权、应收账款对涉案借款提供抵押、质押担保，且提供担保的公司均提交有相关公司股东会决议，上述担保财产亦办理了房产抵押登记、股权出质登记，原告有权就涉案担保财产所得价款有限受偿。另外，世纪丰源公司、世纪锋元公司、君盛公司、建信公司、金通富公司、庄陈石、庄曲芳、庄志创、李娜、庄志武、文嘉茵、庄志辉、庄志锋、庄志鹏、何莹莹均与原告签订有《最高额保证合同》，上述被告依法均需对涉案借款承担连带清偿责任。

世纪丰源公司、世纪锋元公司、君盛公司、建信公司、金通富公司、庄陈石、庄曲芳、庄志创、李娜、庄志武、文嘉茵、庄志辉、庄志锋、庄志鹏、何莹莹经本院合法传唤，无正当理由拒不到庭，又未提交答辩状，应视为其放弃相应的抗辩权利，应承担由此产生的不利后果。

综上所述，原告的诉讼请求成立，本院予以支持。依照《中华人民共和国民法典》第四百一十条、第四百三十六条、第四百四十五条、第五百零九条、第五百六十三条、第六百七十六条、第六百九十条，《中华人民共和国民事诉讼法》第一百四十七条之规定，判决如下：

一、原告与被告深圳市建信锋源实业有限公司签订的（2019）深银固贷字第000036号《固定资产项目贷款合同》于2022年10月28日解除；

二、被告深圳市建信锋源实业有限公司立即偿还原告流动资金贷款本金614496637.33元及利息（暂计至2022年10月28日的利息7544550.91元、复利40828.69元，之后产生的利息以贷款本金614496637.33元及计至2022年10月28日止利息7544550.91元为基数，按年利率9.75%计至债务全部清除之日止）；

三、原告对被告深圳市建信锋源实业有限公司名下位于深圳市龙岗区布吉沃尔玛购物广场35处物业享有抵押权，有权对上述抵押财产进行折价、拍卖、变卖，并就折价、拍卖、变卖所得的价款在抵押限额内优先受偿；

四、原告对被告深圳市建信锋源实业有限公司持有的深圳市世纪丰源投资发展有限公司99.875%的股权享有质权，有权就对上述质押股权折价、拍卖、变卖，并就折价、拍卖、变卖所得的价款在质押限额内优先受偿；

五、原告对被告庄陈石持有的深圳市世纪丰源投资发展有限公司0.125%的股权享有质权，有权就上述质押股权折价、拍卖、变卖，并就折价、拍卖、变卖所得的价款在质押限额内优先受偿；

六、原告对被告庄陈石持有的深圳市建信锋源实业有限公司100%的股权享有质权，有权就上述质押股权折价、拍卖、变卖，并就折价、拍卖、变卖所得的价款在质押限额内优先受偿；

七、原告对深圳市建信锋源实业有限公司持有的应收账款优先受偿【包括但不限于位于深圳市沃尔玛购物广场35套房产对应

16

经营收入的应收账款（包括但不限于应收租金、管理费、停车费、场地费、广告费等）】；

八、原告对深圳市世纪丰源投资发展有限公司、深圳市君盛百货有限公司、深圳市建信物业服务有限公司、深圳市金通富科技发展有限公司质押给其的应收账款优先受偿【包括但不限于位于深圳市沃尔玛购物广场297套房产（含加建及无证部分、配套设施、辅助设施及对应停车位）对应经营收入的应收账款（包括但不限于应收租金、管理费、停车费、场地费、广告费等）】；

九、深圳市世纪丰源投资发展有限公司、韶关市世纪锋元投资发展有限公司、深圳市君盛百货有限公司、深圳市建信物业服务有限公司、深圳市金通富科技发展有限公司、庄陈石、庄曲芳、庄志创、李娜、庄志武、文嘉茵、庄志辉、庄志锋、庄志鹏、何莹莹对上述债务承担连带保证责任。

如果未按本判决指定的期间履行给付金钱义务，应当依照《中华人民共和国民事诉讼法》第二百六十条规定，加倍支付迟延履行期间的债务利息。

本案案件受理费 3152210.8 元、保全费 5000 元，合计 3157210.8 元，由被告负担，原告已预交的案件受理费及保全费，由本院予以退还。被告应在本判决生效之日起十日内向本院缴纳案件受理费及保全费共计 3157210.8 元，拒不缴纳的，本院依法强制执行。

如不服本判决，可以在判决书送达之日起十五日内，向本院

17

递交上诉状，并按对方当事人或者代表人的人数提出副本，上诉
于广东省高级人民法院；也可以在判决书送达之日起十五日内，
向广东省高级人民法院在线提交上诉状。

|  |  |  |  |  |  |
|---|---|---|---|---|---|
| 审 | 判 | 长 | 岳 | 燕 | 妮 |
| 审 | 判 | 员 | 孙 |  | 妍 |
| 审 | 判 | 员 | 张 | 永 | 彬 |



本件与原本核对无异

|  |  |  |  |  |  |
|---|---|---|---|---|---|
| 书 | 记 | 员 | 梁 | 上 | 军 |