# Futian Primary People's Court, Shenzhen, Guangdong
# Execution Ruling

(2024) Yue 0304 Zhi Yi No. 1300

Objector (Applicant for Enforcement): Peng Yunhua, female, born on July 2, 1973, Han Chinese, domiciled at No. 61, Loudu Village, Yuexi Administrative Committee, Hetian Town, Luhe County, Guangdong Province, citizen identity number 441523197307027360.

Authorized Litigation Representative: Chen Jue, lawyer from Beijing Yingke (Shenzhen) Law Firm.

Authorized Litigation Representative: Wei Liuzhong, lawyer from Beijing Yingke (Shenzhen) Law Firm.

Person Subject to Enforcement: Zhuang Chenshi, male, born on October 1, 1957, Han Chinese, domiciled at No. 508, Building 3, Market Complex Building, Xixiang Market, Bao'an District, Shenzhen, Guangdong Province, citizen identity number 440306195710010414.

Person Subject to Enforcement: Peng Wuchuan, male, born on December 8, 1962, Han Chinese, domiciled at No. 58, Longxing Street, Longgang Subdistrict, Longgang District, Shenzhen, Guangdong Province, citizen identity number 442530196212087379.

Person Subject to Enforcement: Shenzhen Fushiyuan Real Estate Development Co., Ltd., domiciled at 4/F, Building 26, Liuyuan Road, Henggang Subdistrict, Longgang District, Shenzhen, Guangdong Province, unified social credit code 914403007839265541.

Legal Representative: Zhuang Zhipeng.

Person Subject to Enforcement: Zhuang Zhihui, male, born on October 3, 1986, Han

Chinese, domiciled at No. 52, Xiyuan Villa, 3012 Xiangmihu Road, Futian District, Shenzhen, Guangdong Province, citizen identity number 440306198610038851.

In the case regarding the dispute over a loan contract between the aforementioned applicant for enforcement Peng Yunhua and the persons subject to enforcement Shenzhen Fushiyuan Real Estate Development Co., Ltd. (hereinafter referred to as Fushiyuan Company), Zhuang Zhihui, Peng Wuchuan, and Zhuang Chenshi, this court has docketed the case for enforcement under case number (2024) Yue 0304 Zhi No. 6975. During the enforcement process, the applicant for enforcement, dissatisfied, filed an objection with this court, requesting continued enforcement. This court initially docketed the case for mediation under case number (2024) Yue 0304 Min Su Qian Diao No. 86062. As the mediation and front-end procedural work have concluded, the case has now been transferred to the enforcement objection procedure for formal docketing and review. After accepting the case, this court formed a collegiate panel in accordance with the law to conduct a written review, which has now been concluded.

The objector claims that the persons subject to enforcement in this case possess a substantial amount of property available for enforcement, and that the Futian District People's Court of Shenzhen (hereinafter referred to as Futian Court)'s ruling to conclude this enforcement proceeding lacks legal basis. During the litigation of case (2022) Yue 0304 Min Chu No. 39173, the properties of the person subject to enforcement Fushiyuan Company were pre-sealed. Please refer to the *Notice of Seizure, Freezing, and Detention of Property* (2022) Yue 0304 Zhi Bao No. 5440 for details. During the enforcement process, the Futian Court temporarily refrained from disposing of the properties of the person subject to enforcement Fushiyuan Company

due to the lack of response from the real estate registration authority regarding whether disposition was possible. This act of nonfeasance in enforcement seriously violates legal provisions. According to the *Notice of the Supreme People's Court on Forwarding the Letter of the Ministry of Housing and Urban-Rural Development <Concerning Issues Related to Handling Property Rights Registration Based on Assistance Enforcement Documents for Unlicensed Properties>* (Fa [2012] No. 151): "2. When disposing of a house that has not undergone initial registration during enforcement proceedings, if it meets the conditions for initial registration, the enforcing court may issue an *Assistance Enforcement Notice* to the housing registration authority after disposition; if it temporarily does not meet the conditions for initial registration, the enforcing court may issue an *Assistance Enforcement Notice* to the housing registration authority after disposition, stating that after the house buyer or successor perfects the relevant procedures and meets the conditions for initial registration, the housing registration authority shall register it in accordance with the *Assistance Enforcement Notice*; if it does not meet the conditions for initial registration, in principle, disposal shall be conducted 'as-is', meaning that before disposal, the status quo that the house does not meet the conditions for initial registration shall be disclosed, the buyer or successor shall acquire the house according to its current rights status, and subsequent property registration matters shall be handled by the buyer or successor themselves." The aforementioned sealed properties have obtained a *Pre-sale Permit for Commercial Housing* and have not yet been sold, clearly constituting property of the person subject to enforcement Fushiyuan Company that has disposal value. The Futian Court should dispose of and auction them in accordance with legal provisions. Therefore, given that the person

subject to enforcement Fushiyuan Company possesses a substantial amount of property available for enforcement, the Futian Court's ruling to conclude this enforcement proceeding seriously violates legal provisions and severely infringes upon the legitimate rights and interests of the applicant for enforcement. The applicant for enforcement has the right to request the court to review and revoke the enforcement ruling concluding this enforcement proceeding, and to immediately auction the properties under the name of the person subject to enforcement Fushiyuan Company. Second, the Futian Court's failure to provide the objector with specific details of the seizure of the persons subject to enforcement's property in this case constitutes a serious violation of legal provisions. The Futian Court served the *Notice of Verification Results* (2024) Yue 0304 Zhi No. 6975 and the *Notice of Seizure, Freezing, and Detention of Property* (2022) Yue 0304 Zhi Bao No. 5440 to the objector on August 5, 2024. The objector's agent immediately raised an objection, requesting the provision of documents detailing the specific seizure of the persons subject to enforcement's property in this case. However, the Futian Court indicated that the relevant content was already in the aforementioned documents. However, the *Notice of Seizure, Freezing, and Detention of Property* (2022) Yue 0304 Zhi Bao No. 5440 was a document served to the objector after the court took preservation measures following the objector's application for property preservation of assets under Fushiyuan Company during the litigation process; it clearly cannot reflect the status of the seized property of the persons subject to enforcement during the enforcement process, especially after the Futian Court's five types of inquiries. The *Notice of Verification Results* (2024) Yue 0304 Zhi No. 6975 only generally described the status of the seized property, leaving the objector unclear even about the specific

seizure and freezing periods of the properties, rendering the objector unable to file any subsequent application for extension of seizure. Request the Futian Court to immediately provide the objector with complete information on all seized and frozen properties of the persons subject to enforcement in this case. Requests: I. To revoke the enforcement ruling concluding this enforcement proceeding in case (2024) Yue 0304 Zhi No. 6975; II. To immediately auction the properties under the name of the person subject to enforcement Fushiyuan Company; III. To provide the objector with detailed information on all seizures and freezes of property of the persons subject to enforcement in this case, including but not limited to the specific seizure and freezing status of bank deposits, stocks, industrial and commercial equity, real estate, land use rights, vehicles, Alipay and Tencent Pay accounts under the names of the persons subject to enforcement through the Shenzhen Court Eagle-Eye Investigation and Control Network and the National Court Network Enforcement Query and Control System.

This court's investigation reveals that in the case regarding the dispute over a loan contract between the aforementioned applicant for enforcement and the persons subject to enforcement, the civil judgment (2022) Yue 0304 Min Chu No. 39173 of this court has become legally effective. Because the persons subject to enforcement failed to perform the obligations determined in the legally effective document, the applicant for enforcement applied to this court for compulsory enforcement, with the case number (2024) Yue 0304 Zhi No. 6975.

During the enforcement process, this court served the *Notice of Verification Results* (2024) Yue 0304 Zhi No. 6975 and the *Notice of Seizure, Freezing, and Detention of Property* (2022) Yue 0304 Zhi Bao No. 5440 to the applicant for enforcement on

August 5, 2024. The *Notice of Verification Results* stated: During the enforcement process, this court verified the property of the persons subject to enforcement, including bank deposits, stocks, industrial and commercial equity, real estate, land use rights, vehicles, Alipay and Tencent Pay account balances, etc., through the Shenzhen Court Eagle-Eye Investigation and Control Network and the National Court Network Enforcement Query and Control System. This court deducted and seized deposits of RMB 1,362,521.35 from the person subject to enforcement Fushiyuan Company. After deducting the enforcement fee of RMB 15,866.55, deducting Liu Muxun's litigation fee of RMB 215,328.78, and the preservation fee of RMB 5,000, the remaining case funds of RMB 1,126,326.02 will be distributed to Liu Muxun (according to the agreement reached by Liu Muxun, Peng Yunhua, and Shenzhen Yuhexing Investment Development Co., Ltd.). The seizure of the properties of the person subject to enforcement Fushiyuan Company in case (2022) Yue 0304 Min Chu No. 39173 remains effective. If an extension of seizure is required, please submit an application for extension of seizure 30 days in advance. Due to the lack of response from the real estate registration authority regarding whether disposition is possible, disposal is temporarily suspended. Since no other property available for enforcement has been found for the persons subject to enforcement in this case, if you do not apply for the disposition of the above-mentioned property and have objections to the above verification results, you shall provide property available for enforcement to this court within seven days from the date of service of this notice; upon expiration of the period, this court will rule to conclude this enforcement proceeding in accordance with the law. On August 15, 2024, this court issued the *Enforcement Ruling* (2024) Yue 0304 Zhi No. 6975, ruling to conclude this enforcement proceeding. The applicant for

enforcement, dissatisfied, filed an enforcement objection with the claims as stated above.

It was additionally found that on October 19, 2022, this court issued the *Notice of Seizure, Freezing, and Detention of Property* (2022) Yue 0304 Zhi Bao No. 5440, notifying all parties that based on the property preservation application filed by the applicants Liu Muxun, Peng Yunhua, and Shenzhen Yuhexing Investment Development Co., Ltd., this court legally made the civil ruling on property preservation in (2022) Yue 0304 Min Chu No. 39173. On September 22, 2022, this court pre-sealed the properties under the name of Fushiyuan Company located in Jianxin Tianchen Garden, Henggang Subdistrict, Longgang District, Shenzhen: Units 401, 501, 1401, 1501, 1605, 2603, 2901, Block C, Building 1; Unit 2901, Block B, Building 1; Units 2401, 2501, Block A, Building 1; Units 1821, 1822, 2110, 2315, 2318, Building 2; Units 2210, 2211, 2212, 2417, 2418, 2419, Block B, Building 3 [Pre-sale Permit No.: Shen Fang Xu Zi (2019) Longgang 008], with a preservation expiration date of September 21, 2025; on September 8, 2022, this court froze deposits totaling RMB 1,356,067.21 in Fushiyuan Company's account ending in 0290 at Guangfa Bank, and placed a queue-seizure on deposits of RMB 0 in Fushiyuan Company's account ending in 3016 at Bank of China, with a preservation expiration date of September 7, 2023.

This court holds that the focal issue in this case is whether the enforcement action of concluding this enforcement proceeding taken by the enforcement division of this court is lawful, given that there are properties registered under the names of the persons subject to enforcement. Regarding this, a comprehensive judgment should be made based on relevant legal provisions and the objective situation of whether there is

feasibility for continued enforcement in this case.

Article 1 of the *Provisions of the Supreme People's Court on Strictly Regulating the Conclusion of Enforcement Proceedings (Trial)* stipulates that the people's court concluding enforcement proceedings shall simultaneously meet the following conditions: (I) An enforcement notice has been issued to the person subject to enforcement, ordering them to report property; (II) A consumption restriction order has been issued to the person subject to enforcement, and those meeting the conditions have been included in the list of judgment defaulters; (III) Property investigation measures have been exhausted, and no property available for enforcement has been found under the person subject to enforcement, or the discovered property cannot be disposed of; (IV) More than three months have passed since the enforcement case was docketed; (V) If the whereabouts of the person subject to enforcement are unknown, a search has been conducted according to law; if the person subject to enforcement or others obstruct enforcement, compulsory measures such as fines and detention have been taken according to law, and if a crime is constituted, criminal responsibility investigation procedures have been initiated according to law. Article 4 stipulates that the "discovered property cannot be disposed of" in Item 3 of Article 1 of these Provisions includes the following circumstances: (I) The property of the person subject to enforcement has not been sold through auction or sale according to legal procedures, the applicant for enforcement does not accept debt-for-property swap or cannot be delivered for debt-for-property swap according to law, and other enforcement measures such as compulsory management cannot be taken against the property; (II) The vehicles, ships, and other property of the person subject to enforcement seized by the people's court at the registration authority cannot

be actually impounded.

According to the above provisions, concluding enforcement proceedings shall meet the conditions that after exhausting property investigation measures, no property available for enforcement has been found under the person subject to enforcement, or the discovered property cannot be disposed of. The discovered property cannot be disposed of must satisfy the circumstances that it has not been sold through auction or sale according to legal procedures, the applicant for enforcement does not accept debt-for-property swap or cannot be delivered for debt-for-property swap according to law, and other enforcement measures such as compulsory management cannot be taken against the property.

In this case, the enforcement division of this court has pre-sealed a substantial number of properties under the names of the persons subject to enforcement, but has not taken relevant disposal measures such as auction or sale. Under these circumstances, the enforcement division considered that the enforcement proceedings in this case could not proceed further and consequently concluded the proceedings. This enforcement action does not conform to the circumstances of exhausting property investigation and enforcement measures, nor the conditions for concluding enforcement proceedings, as stipulated in the above legal provisions. The enforcement division should, on the basis of conducting sufficient investigation, dispose of the property against which control measures have been taken. Therefore, the objector's claim for continued enforcement is established, and this court supports it. Additionally, regarding the objector's request to be provided with detailed information on all seizures and freezes of property of the persons subject to enforcement in this case, the objector may directly raise this request with the enforcement division handling this enforcement case and the relevant

responsible personnel, who shall handle it accordingly. In summary, in accordance with Article 236 of the Civil Procedure Law of the People's Republic of China, it is ruled as follows:

Revoke the *Enforcement Ruling* (2024) Yue 0304 Zhi No. 6975 of this court.

If not satisfied with this ruling, you may submit a reconsideration petition to this court within ten days from the date of service of this ruling, and provide copies equal to the number of opposing parties, applying for reconsideration to the Intermediate People's Court of Shenzhen, Guangdong Province.

Presiding Judge: Li Tao

Judge: Chen Qingyun

Judge: Wang Fei

Futian Primary People's Court, Shenzhen (Seal)

September 27, 2024

This copy is verified to be consistent with the original.

Clerk: Cao Wan

# 广东省深圳市福田区人民法院
# 执 行 裁 定 书

（2024）粤 0304 执异 1300 号

异议人（申请执行人）：彭云花，女，1973 年 7 月 2 日出生，汉族，住址广东省陆河县河田镇岳溪村委会楼肚村 61 号，公民身份号码 441523197307027360。

委托诉讼代理人：陈爵，北京市盈科（深圳）律师事务所律师。

委托诉讼代理人：韦柳中，北京市盈科（深圳）律师事务所律师。

被执行人：庄陈石，男，1957 年 10 月 1 日出生，汉族，住址广东省深圳市宝安区西乡市场综合楼 3 栋 508 号，公民身份号码 440306195710010414。

被执行人：彭武川，男，1962 年 12 月 8 日出生，汉族，住址广东省深圳市龙岗区龙岗街道龙兴街 58 号，公民身份号码 442530196212087379。

被执行人：深圳市富思源房地产开发有限公司，住所广东省深圳市龙岗区横岗街道六园路 26 栋 4 楼，统一社会信用代码 914403007839265541。

法定代表人：庄志鹏。

被执行人：庄志辉，男，1986 年 10 月 3 日出生，汉族，住址广东省深圳市福田区香蜜湖路 3012 号熙园别墅 52 号，公民身

1

份号码 440306198610038851。

上列申请执行人彭云花与被执行人深圳市富思源房地产开发有限公司（以下简称富思源公司）、庄志辉、彭武川、庄陈石借款合同纠纷一案，本院已立案执行，案号为（2024）粤 0304 执 6975 号。在执行过程中，申请执行人不服，向本院提出异议，要求继续执行。本院先行调解立案，案号为（2024）粤 0304 民诉前调 86062 号。因调解及前端程序性工作结束，现已转入执行异议程序正式立案审查。本院受理后，依法组成合议庭进行书面审查，现已审查终结。

异议人称，本案被执行人存在大量可供执行的财产，深圳市福田区人民法院（以下简称福田法院）裁定终结本次执行程序没有法律依据。（2022）粤 0304 民初 39173 号案诉讼中预查封了被执行人富思源公司房产，详见（2022）粤 0304 执保 5440 号《查封、冻结、扣押财产通知书》。执行过程中，福田法院因不动产登记部门未回复是否能处置，暂不予处置被执行人富思源公司房产，该执行不作为行为，严重违反法律规定。根据《最高人民法院关于转发住房和城乡建设部〈关于无证房产依据协助执行文书办理产权登记有关问题的函〉的通知》（法[2012]151 号）："二、执行程序中处置未办理初始登记的房屋时，具备初始登记条件的，执行法院处置后可以依法向房屋登记机构发出《协助执行通知书》；暂时不具备初始登记条件的，执行法院处置后可以向房屋登记机构发出《协助执行通知书》，并载明待房屋买受人或承受人完善相关手续具备初始登记条件后，由房屋登记机构按照

2

《协助执行通知书》予以登记；不具备初始登记条件的，原则上进行"现状处置"，即处置前披露房屋不具备初始登记条件的现状，买受人或承受人按照房屋的权利现状取得房屋，后续的产权登记事项由买受人或承受人自行负责。"前述被查封的房产已办理了《商品房预售许可证》且尚未出售，明显属于被执行人富思源公司有处置价值的财产，福田法院应当按照法律规定进行处置拍卖。因此，在被执行人富思源公司存在大量可供执行财产的情况下，福田法院裁定终结本次执行程序严重违反法律规定，严重侵害申请执行人的合法权益。申请执行人有权请求法院审查并撤销本案终结本次执行程序的执行裁定书，立即拍卖被执行人富思源公司名下的房产。二、福田法院未向异议人提供本案对被执行人财产具体查封情况，严重违反法律规定。福田法院于 2024 年 8 月 5 日向异议人送达（2024）粤 0304 执 6975 号《查证结果通知书》及（2022）粤 0304 执保 5440 号《查封、冻结、扣押财产通知书》。异议人代理人立即提出异议，要求提供本案对被执行人财产具体查封情况的文件。但福田法院表示相关内容已经在上述文件中，但（2022）粤 0304 执保 5440 号《查封、冻结、扣押财产通知书》是在诉讼过程中异议人申请财产保全富思源公司名下的财产，法院采取保全措施后，向异议人送达的文件，显然不能反映执行过程中尤其是福田法院五查以后的被执行人的被查封财产的情况。（2024）粤 0304 执 6975 号《查证结果通知书》仅笼统表述查封财产情况，异议人甚至不清楚具体财产的查封冻结期限，异议人后续无法提出任何续封申请。请求福田法院立即

向异议人提供本案被执行人的全部查封冻结财产的信息。请求：
一、撤销（2024）粤 0304 执 6975 号案终结本次执行程序的执行
裁定书；二、立即拍卖被执行人富思源公司名下的房产；三、向
异议人提供本案被执行人的全部查封冻结详细财产信息，包括但
不限于通过深圳法院鹰眼查控网、全国法院网络执行查控系统对
被执行人名下的银行存款、股票、工商股权、房产、土地使用权、
车辆、支付宝和财付通账户的具体查封、冻结情况。

本院审查查明，上列申请执行人与被执行人借款合同纠纷一
案，本院（2022）粤 0304 民初 39173 号民事判决书已经发生法
律效力。由于被执行人未履行生效法律文书确定的内容，申请执
行人向本院申请强制执行，案号为（2024）粤 0304 执 6975 号。

执行过程中，本院于 2024 年 8 月 5 日向申请执行人送达
（2024）粤 0304 执 6975 号《查证结果通知书》及（2022）粤
0304 执保 5440 号《查封、冻结、扣押财产通知书》。《查证结
果通知书》载明：在执行过程中，本院通过深圳法院鹰眼查控网、
全国法院网络执行查控系统对被执行人名下的银行存款、股票、
工商股权、房产、土地使用权、车辆、支付宝和财付通账户余额
等财产进行了查证，扣划被执行人富思源公司存款 1362521.35
元，扣除执行费 15866.55 元，扣除刘木寻诉讼费 215328.78 元、
保全费 5000 元，剩余案款 1126326.02 元将发放给刘木寻（按刘
木寻、彭云花、深圳市裕和兴投资发展有限公司达成的协议）。

（2022）粤 0304 民初 39173 号查封被执行人富思源公司房产继
续有效，如需续封请提前 30 日提交续封申请。因不动产登记部

门未回复是否能处置，暂不予处置。因本案被执行人目前查无其他可供执行的财产，如不申请处分上述财产且对于上述查证结果有异议的，自本通知送达之日起七日内向本院提供可供执行的财产；逾期，本院将依法裁定终结本次执行程序。2024 年 8 月 15 日，本院作出（2024）粤 0304 执 6975 号《执行裁定书》，裁定终结本次执行程序。申请执行人不服，提出执行异议，诉请如前。

另查明，本院于 2022 年 10 月 19 日作出（2022）粤 0304 执保 5440 号《查封、冻结、扣押财产通知书》，通知各方当事人本院根据申请人刘木寻、彭云花、深圳市裕和兴投资发展有限公司提出的财产保全申请，依法作出（2022）粤 0304 民初 39173 号财产保全民事裁定，于 2022 年 9 月 22 日预查封了富思源公司名下位于深圳市龙岗区横岗街道建信天宸花园 1 栋 C 座 401、501、1401、1501、1605、2603、2901；1 栋 B 座 2901；1 栋 A 座 2401、2501；2 栋 1821、1822、2110、2315、2318；3 栋 B 座 2210、2211、2212、2417、2418、2419 房产【预售许可证证号：深房许字（2019）龙岗 008 号】，保全到期日为 2025 年 9 月 21 日；于 2022 年 9 月 8 日冻结富思源公司名下广发银行尾号 0290 账户内存款 1356067.21 元，轮候冻结富思源公司在中国银行尾号 3016 账户内的存款 0 元，保全到期日为 2023 年 9 月 7 日。

本院认为，本案争议的焦点问题系被执行人名下登记有房产的情况下，本院执行机构作出的终结本次执行的执行行为是否合法，对此，应当根据相关法律规定及本案是否具备继续执行可行性的客观情况综合判断。

5

《最高人民法院〈关于严格规范终结本次执行程序的规定（试行）〉》第一条的规定，人民法院终结本次执行程序，应当同时符合下列条件：（一）已向被执行人发出执行通知、责令被执行人报告财产；（二）已向被执行人发出限制消费令，并将符合条件的被执行人纳入失信被执行人名单；（三）已穷尽财产调查措施，未发现被执行人有可供执行的财产或者发现的财产不能处置；（四）自执行案件立案之日起已超过三个月；（五）被执行人下落不明的，已依法予以查找；被执行人或者其他人妨害执行的，已依法采取罚款、拘留等强制措施，构成犯罪的，已依法启动刑事责任追究程序。第四条规定，本规定第一条第三项中的"发现的财产不能处置"，包括下列情形：（一）被执行人的财产经法定程序拍卖、变卖未成交，申请执行人不接受抵债或者依法不能交付其抵债，又不能对该财产采取强制管理等其他执行措施的；（二）人民法院在登记机关查封的被执行人车辆、船舶等财产，未能实际扣押的。

根据上述规定，终结本次执行程序应当符合穷尽财产调查措施后，仍未发现被执行人有可供执行的财产或者发现的财产不能处置等条件。发现的财产不能处置则必须满足经法定程序拍卖、变卖未成交，申请执行人不接受抵债或者依法不能交付其抵债，又不能对该财产采取强制管理等其他执行措施的情形。

本案中，本院执行机构已预查封了被执行人名下大量房产，但并未采取相关拍卖、变卖等处置措施，在这种情况下，执行机构便认为本次执行程序无法继续进行，进而终结本次程序，该执

行行为并不符合上述法律规定的穷尽财产调查及执行措施的情形和终结本次执行程序的条件。执行机构应在进行充分调查的基础上，对已采取控制措施的财产进行处置。故，异议人有关要求继续执行的主张成立，本院予以支持。此外，异议人要求向其提供本案被执行人的全部查封冻结详细财产信息，该项请求异议人可直接向办理该执行案件的执行机构及相关承办人员提出，由其处理即可。综上，依照《中华人民共和国民事诉讼法》第二百三十六条的规定，裁定如下：

撤销本院（2024）粤 0304 执 6975 号《执行裁定书》。

如不服本裁定，可以自裁定书送达之日起十日内向本院提交复议申请书，并按对方当事人的人数提出副本，向广东省深圳市中级人民法院申请复议。

审　判　长　李　　涛
审　判　员　陈　庆　云
审　判　员　王　　飞



本件与原本核对无异

二○二四年九月　七日

书　记　员　曹　　婉