# *Law Office of*
# *Maria W. Tam*

9650 Telstar Avenue, Unit A  #825          Tel: (626)281-9353
El Monte, CA 91731          Fax: (626)281-9354
         Tamlawoffice@gmail.com

_____

May 1, 2026

Minyao Wang, Esq.          Via email: Minyao.wang@lewisbrisbois.com
Lewis, Brisbois, Bisgaard & Smith

**RE:**      **<u>CHAPTER 7 BANKRUPTCY CASE OF ZHIHUI ZHUANG: 2:25-bk-21019</u>**

         **<u>MEET AND CONFER BEFORE FILING MOTION FOR
PROTECTIVE ORDER AGAINST 2004 EXAMINATION</u>**

Dear Mr. Wang:

     Attached is my meet and confer letter regarding the 2004 Examination set against debtor Zhihui Zhuang. I believe there are no disputes for some of the requests.  But I need you to confirm in writing.  We will need to go through each requests on Monday to find out whether you are satisfied with the response for some of the undisputed requests. Thank you for your attention.

         Very truly yours,

         _____
         Maria W. Tam, ESQ.

Encl.

## MEET AND CONFER

**PROPOUNDING PARTY**: Weijie Xu, Shenzhen Zhaobangji Small Loan Co., Ltd., and Winson Credit (HK) Limited (hereinafter "Moving Creditors" or "Xu Group")

**RESPONDNG PARTY (Respondent)**: Debtor Zhihui Zhuang

The Xu Group requested documents for over nine years.  The request period is unreasonably long and was designed for the sole purpose of oppressing and harassing the debtors. The long period create an undue burden on debtors making it impossible for the debtors to comply.  In Bankruptcy Court, claims for relief has a maximum statute of limitation for four years. Some claims of relief has a shorter statute of limitations of two years.  By demanding nine years of documents production, the Xu Group is not doing any discovery for financial information but for the sole purpose of harassing the debtors and making it impossible for the debtor to comply. The demanded period is unreasonably long and oppressive.

The major purpose of discovery is to discover and administer assets of the bankruptcy estate.  Trustees (or creditors) may file the following claims of relief:

1.      To recover preferential actions - 11 U.S.C. §547
The statute of limitations for bringing a preference action under 11 U.S.C. §547 is generally two years after the entry of the order for relief (bankruptcy filing date), or one year after the appointment of a trustee if appointed within that initial two-year period.  The actual "look-back" period for preferential transfers is 90 days for general creditors or one year for insiders.  Thus to ask for documents going back nine years ago serves no purpose for preferential actions.

2.      To recover fraudulent conveyance - The statute of limitations for 11 U.S.C. §548 (fraudulent transfers) is a two-year "look-back" period. Trustees or debtors-in-possession can avoid fraudulent transfers made within two years before the bankruptcy petition filing.

3.      Strong Arm Clause - 11 USC §544
11 USC §544(b) allows trustees to use California State fraudulent transfer laws to look back four years for fraudulent transfers.

So, for all the causes actions that can be brought to recover assets, the maximum is four years.  Here, the Xu Group is asking for a production of documents going back for nine years.  It is impossible for the debtors to comply with such a long period of production of documents. Debtors pray for relief that all the Xu Group's Request to be limit to four years.

Secondly, the Xu Group demanded personal documents totally unrelated to the discovery or administering of assets. (See Request No. 37 and No. 38)
What does the drivers license, social security cards, green cards have to do with discovering or administering assets?  The Xu Group wants to take debtor's drivers license, social security card, green card, visas and passport.

Thirdly, the Xu Group demanded all the information about accounts for ICloud, WECHAT, all online accounts, email accounts and phone numbers for the last five years. (See Request No. 41 and No. 42). These demands are blatant violations of personal privacy.  This is beyond the scope of discovering financial information or administering of assets.

**RESPONDNG PARTY (Respondent)**: Debtor Zhihui Zhuang

**REQUEST FOR PRODUCTION NO. 1:**

Your tax returns and amended returns for the tax years 2017 and later that were filed or submitted to any tax authority anywhere in the world, including schedules filed with and/or supporting such returns.

**RESPONSE**

Objection. Overbroad, burdensome, beyond the scope of this litigation. Creditor is requesting documents for over 9 years. Without waiving said objections, respondent responded as follows: Respondent just came to USA in 2022. The first year he filed tax return in USA was 2024. Respondent has emailed his 2024 and 2025 tax return to the Chapter 7 trustee and the Moving Creditors already. Year 2024 was the first year that the Respondent had filed tax return in USA.  Also, Respondent has left China in 2022.  He is not able to obtain a complete copy of his China's tax return.  He was able to obtain a copy of the 2020, 2021, 2022, 2023 China Tax Return Transcript.  A copy of said Tax Return Transcripts had been provided to the Moving Creditors and the Chapter 7 Trustee.

Respondent will email the above tax documents to the Moving Creditors once more.

**REQUEST FOR PRODUCTION NO. 2:**

All tax returns and amended returns for the tax years 2017 and later that were filed or submitted to any tax authority anywhere in the world by any entity in which You had, directly or indirectly, at any point during such tax year, at least a 50% equity interest, including schedules filed with and/or supporting such returns. This includes, without limitation, Skyline Champion Limited, GuangYao Decoration Design Engineering, ShiJiFengYuan Investment Development Co., Shijixin Yuan Investmnet Development Co. and Fusiyuan Real Estate Development Company.

**RESPONSE**

Objection. Overbroad, burdensome, beyond the scope of this litigation. The creditor is asking for documents for over 9 years. Without waiving said objections, Respondent responds as follow: Respondent does not own shares in any of the above mentioned companies.  Respondent does not hold any interests or any shares in any companies. Respondent does not control any business entities and does not have access to any of the tax returns of any business entities.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to show each month-end balance, from November 2017 to present, in any Account anywhere in the world for which You are or were a holder, owner, borrower, beneficiary or authorized signatory, whether as separate or community property.

**RESPONSE**

Objection. Vague, ambiguous, overbroad, burdensome, beyond the scope of this litigation.

The creditor is asking for documents for over 9 years. Without waiving said objections, Respondent responded as follows: Respondent has provided all of his bank statements for the last four years for all of his US bank accounts to the Moving Creditors and the Chapter 7 Trustee. Respondent has left China in 2022. When his father Chenshi Zhuang's business failed, Respondent who is a guarantor for some of the loans were also sued.  Judgments were entered in the China courts against Respondent. The China creditors and China court seized all of Respondent's bank accounts in China.  Respondent does not have access to any China bank accounts any more.

### REQUEST FOR PRODUCTION NO. 4:

All Documents and Communications concerning any wire transfers or transactions with a value of at least US $10,000.00 anywhere in the world into or out of any Account anywhere in the world in Your name, or that You have (or had) signatory authority on, including, but not limited to, account statements and receipts, wire transfer instructions, wire transfer confirmations, and any Communications referring to same.

**RESPONSE**

Objection. Vague, compound, ambiguous, overbroad, burdensome, beyond the scope of this litigation. The Moving Creditor did not even bother to put any time frame for this request. Without waiving said objections, Respondent has provided his last four years US bank statements to the Moving Creditors and Chapter 7 Trustee. No wire transfer out for over $10,000 for the last four years.  Also, as stated above, Respondent left China in 2022, after the China creditors and China Courts shut down his father Chenshi Zhuang's businesses.  Respondent does not have any bank accounts, businesses, real estate or any assets in China. No bank accounts anywhere else.

### REQUEST FOR PRODUCTION NO. 5:

All Documents and Communications concerning any wire transfers or transactions anywhere in the world with a value of at least US $10,000.00 that You directed, authorized, or instructed on behalf of any entity, including, but not limited to, account statements and receipts, wire transfer instructions, wire transfer confirmations, and any Communications referring to same.
**RESPONSE**

Objection. Vague, ambiguous, overbroad, burdensome, beyond the scope of this litigation. The Moving Creditor did not even bother to put any time frame for this request.  Without waiving said objections, Respondent has provided his last four years US bank statements to the Moving Creditors and Chapter 7 Trustee. Respondent has transferred $100,000 to his wife around December 2024. No other transfers for more than $10,000 anywhere on earth for the last 4 years. As stated above, Respondent left China in 2022 after the China creditors and China Courts shut down his father's business. Respondent's bank account was seized by the China creditors and the China court. As shown in the four years US bank statements, Respondent did not direct any transfers for more than $10,000.

### REQUEST FOR PRODUCTION NO. 6:

Documents sufficient to show the aggregate value of all personal property owned by You anywhere in the world, or any trust in which You are or were a settlor or beneficiary, excluding personal property items with a value less than US $10,000.00.
**RESPONSE**

Respondent is not a settlor or beneficiary of any trust.  Respondents does not own personal property worth more than $10,000.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to identify any assets You own or owned with a value of at least US $10,000.00 anywhere in the world, including, but not limited to, vehicles, boats, airplanes, and jewelry.

**RESPONSE**

Respondent does not own any vehicles, boats, airplanes or jewelry more than $10,000

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to identify all real property anywhere in the world in which, after January 1, 2017, You have or had an ownership, leasehold or other interest of any kind, type or nature, whether legal, equitable or beneficial, and whether as a sole or joint owner, beneficiary of a trust, holder of an option to purchase or mortgagee, directly or indirectly, including without limitations any deeds, mortgages, deeds of trust, title documents, appraisals or written opinions of value, transfer documents, rights of first refusal, leases, records relating to any rental income received and expenses paid, purchase options, loan applications, real estate tax bills, applications for tax abatements and any other Documents reflecting the purchase and/or sale of such real property.

**RESPONSE**

Objection. Overbroad, burdensome, beyond the scope of this litigation. The creditor is asking for documents for over 9 years. Without waiving said objections, Respondent does not own any legal, equitable or beneficial interest in any deeds or trust.  No interest in any real estate within the last four years. No deeds.  No mortgages. No appraisals.  No transfer documents. No rental income.  No loan applications.  No real estate tax bill.  No applications for tax abatements. No documents reflecting purchase or sale of real property.

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to identify all common stock or preferred stock, membership interest, partnership interest, mutual fund share, certificate of deposit, bond, or other investment or security owned by You or for Your benefit, from January 1, 2017 to present, whether directly or indirectly, individually or jointly, standing in Your name as trustee, guardian, or custodian for another, held by a trust in which You are or were a settlor or beneficiary, or held in the name of another (including Your nominees or agents) for Your benefit.

**RESPONSE**

Objection. Overbroad, burdensome, beyond the scope of this litigation. The creditor is asking for documents for over 9 years. Without waiving said objections, Respondent has no stocks, no bonds, no investment, no securities in the last four years.

**REQUEST FOR PRODUCTION NO. 10:**

All insurance policies or annuity policies on which You were or are the owner or the beneficiary since January 1, 2017, including, but not limited to, the statement of beneficiaries and any charges thereto, the statement of cash surrender value, any statements indicating loans taken against the cash surrender value or verifying payment of premiums, and all records of purchase

amounts.
**RESPONSE**

Objection. Vague, ambiguous, overbroad, burdensome, beyond the scope of this litigation. The Moving Creditors are asking for documents for over 9 years. Without waiving said objections, Respondent has no life insurance, no annuity policies.

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to show the outstanding balance of principal and interest, as of April 1, 2026, for any loans made by You, or guarantees, surety agreements, and letters of credit issued to You or for Your benefit whether directly or indirectly, individually, jointly in Your name as trustee, guardian, or custodian for another, or a trust in which You were a settlor or beneficiary.
**RESPONSE**

Objection. This request is unintelligible, overbroad, burdensome, beyond the scope of this litigation. The Moving Creditors did not even put a time frame for this request. Without waiving said objections, Respondent will still try to answer.  At this time, Respondent does not have any personal guarantee on any loans.  Respondents does not have any trust.  Respondent is not a settlor or beneficiary for any trust.

**REQUEST FOR PRODUCTION NO. 12:**

Documents sufficient to show any amounts, monies or other property exceeding US $10,000.00 owed to You by any person, regardless of when the payment obligation arises, including any accounts receivable, loans, security deposits, prepayments, refunds (including tax refunds) or other amounts.
**RESPONSE**

Respondents does not have any accounts receivables.  No one owes Respondent any money.  No tax refund from the government.

**REQUEST FOR PRODUCTION NO. 13:**

Copies of any judgments rendered in Your favor, whether individually, jointly or in Your name as trustee, guardian, or custodian for another, or in favor of a trust in which You were a beneficiary, which are currently unsatisfied.
**RESPONSE**

Respondent does not have any judgments that show any one (or any entities) owing Respondent any money.

**REQUEST FOR PRODUCTION NO. 14:**

Copies of any judgments (and all associated complaints and pleadings) rendered against You or any trust in which You are or were a beneficiary, which are currently unsatisfied.  This includes all judgments set forth in Your schedules filed in this case and also at ECF No. 12 in the Xu Action.
**RESPONSE**

Respondent has provided all the China court judgments that he can obtain from the China Courts to the Moving Creditors and the Chapter 7 Trustee already. Additionally, Respondent has provided the Moving Creditors and the Chapter 7 Trustee the case summary for the following two federal court actions:

1. Shenzhen Zhaobangji Small Loan Co.. v. Chenshi Zhuang et al.
   2:25-cv-05235-MWC-MAA
2. Weijie Xu v. Chenshi Zhuang et al. 2:24-cv-08671-RGK-BRM
3. The Guangfa bank judgment
4. Industrial Bank judgment

All four judgments have been emailed to the Chapter 7 trustee and Moving Creditors. Respondent will email them once more to the Moving Creditors.  Also, Respondent is NOT a defendant in the Winson lawsuit.  Winson is NOT a creditor of Respondent.

**REQUEST FOR PRODUCTION NO. 15:**
Documents sufficient to show any settlements obtained in Your favor, whether directly or indirectly, individually, jointly, or in Your name as trustee, guardian, custodian for another, or in favor of a trust in which You are or were a beneficiary, under which there remains any unperformed monetary obligation by any party thereto.
**RESPONSE**
Respondents is not aware of any settlements. Respondent is not the beneficiary of any trust.

**REQUEST FOR PRODUCTION NO. 16:**
Documents sufficient to show each and every entity in which You hold or have held an equity or economic interest including, in the case of a trust, any trust in which You are or were a settlor or beneficiary, since January 1, 2017.
**RESPONSE**
Objection. Overbroad, burdensome, beyond the scope of this litigation. The creditor is asking for documents for over 9 years. Without waiving said objections, Respondent responds as follows: Respondent does not own any shares or economic interest in any businesses.  Respondent does not hold any title or position in any businesses.

**REQUEST FOR PRODUCTION NO. 17:**
Documents sufficient to show the new worth of any trust or estate planning or asset protection vehicle in which You were a settlor or beneficiary since 2017, as of each year end and as of April 1, 2026.
**RESPONSE**
Objection. Overbroad, burdensome, beyond the scope of this litigation. The creditor is asking for documents for over 9 years. Without waiving said objections, Respondent does not have any trust.  Respondents is not a settlor or beneficiary of any trust.

**REQUEST FOR PRODUCTION NO. 18:**
All of Your monthly and quarterly Financial Report since January 1, 2017, including, but not limited to, balance sheets, personal financial statements, income statements (profit and loss reports), general ledger reports, financial forecasts, and cash flow statements.
**RESPONSE**
Objection. Overbroad, burdensome, beyond the scope of this litigation. The creditor is asking for documents for over 9 years. Without waiving said objections, Respondent does not

have monthly and quarterly financial report.  No personal balance sheet.  No general ledger reports.

**REQUEST FOR PRODUCTION NO. 19:**

All of the monthly and quarterly Financial Report since January 1, 2017, including, but not limited to, balance sheets, income statements (profit and loss reports), general ledger reports, financial forecasts, and cash flow statements for any entity in which You have or had at least a 50% equity interest. This includes, without limitation, Skyline Champion Limited, GuangYao Decoration Design Engineering, ShiJiFengYuan Investment Development Co., Shijixin Yuan Investmnet Development Co. and Fusiyuan Real Estate Development Company.
**RESPONSE**

Objection. Overbroad, burdensome, beyond the scope of this litigation. The creditor is asking for documents for over 9 years. Without waiving said objections, Respondent respond as follows: Respondent does not own any interests or shares in any of the companies listed in the above request.  Respondent does not own any interests or shares in any businesses.

**REQUEST FOR PRODUCTION NO. 20:**

Documents sufficient to determine Your net worth as of each year end after January 1, 2017.
**RESPONSE**

Objection. Vague, ambiguous, burdensome, overbroad, beyond the scope of this litigation. The Moving Creditors are asking for documents over nine years. Without waiving said objections, Respondent does not have any documents that shows net worth.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents and Communications concerning the Santa Anita Sale, including, but not limited to, the distribution of the proceeds of the sale from the Santa Anita Sale.
**RESPONSE**

Respondent does not have any documents concerning the Santa Anita Sale.  Respondent does not have any documents concerning the distribution of the proceeds of the sale from the Sant Anita Sale.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents and Communications concerning the Santa Anita Property, including, but not limited to, the financing of the acquisition of the Santa Anita Property.
**RESPONSE**

Respondent does not hav any documents concerning the financing and acquisition of the Santa Anita Property.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents and Communications concerning Your possession and use of the Santa Anita Property, including, but not limited to, lease agreements, mortgage agreements, and any other documents constituting, confirming, modifying, describing or referring to any right to occupancy or possession You have or had in the Santa Anita Property, including any informal understanding, life estate, or deeded interest, since January 1, 2016.

**RESPONSE**

Respondent does not have any lease agreements, mortgage agreements, life estate or deeded interest relating to the possession and/or use of the Santa Anita Property.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications concerning payment of any expenses related to maintenance and operation of the Santa Anita Property, including, but not limited to, utility payments, since January 1, 2016.

**RESPONSE**

Objection. Vague, ambiguous, overbroad, burdensome, beyond the scope of this litigation. The Moving Creditors are asking for records for over 10 years. Without waiving said objections, Respondent does not have any documents concerning payment of any expenses, maintenance and operation of the Santa Anita Property.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents and Communications concerning all tax payments made concerning the Santa Anita Property, including, but not limited to, property tax bills and checks or bank statements concerning property tax payments, since January 1, 2016.

**RESPONSE**

Objection. Vague, ambiguous, overbroad, burdensome, beyond the scope of this litigation. The Moving Creditors are asking for records for over 10 years. Without waiving said objections, Respondent does not have any documents and communications concerning any tax payments made concerning the Santa Anita Property.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Communications concerning any changes, improvements, or renovations to the Santa Anita Property, including, but not limited to, Documents and Communications concerning architects, designers, landscapers, painters, plumbers, electricians, and carpenters, since January 1, 2016.

**RESPONSE**

Objection. Vague, ambiguous, overbroad, burdensome, beyond the scope of this litigation. The Moving Creditors are asking for records for over 10 years. Without waiving said objections, Respondent has paid $4000 in 2024 for minor repair for the Santa Anita Property.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents and Communications concerning the acquisition of the Ramona Property, including, but not limited to, the financing of the acquisition of the Ramona Property.

**RESPONSE**

Respondent does not have any documents and communications concerning the acquisition of the Ramona Property. Respondent does not own the Ramona Property.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and Communications concerning Your possession and use of the Ramona Property, including, but not limited to, lease agreements, mortgage agreements, and any other documents constituting, confirming, modifying, describing or referring

to any right to occupancy or possession You have in the Ramona Property, including any informal understanding, life estate, or deeded interest, since January 1, 2024.

**RESPONSE**

Respondent does not have any lease agreements, mortgage agreements or any other documents regarding living at the Ramona Property.  My older brother (Zhifeng Zhuang) let me live there.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents and Communications concerning payment of any expenses  related to maintenance and operation of the Ramona Property, including, but not limited to, utility payments, since January 1, 2024.

**RESPONSE**

Respondent did not make any payments concerning any expenses of the Ramona Property.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents and Communications concerning all tax payments made concerning the Ramona Property, including, but not limited to, property tax bills and checks or bank statements concerning property tax payments, since January 1, 2024.

RESPONSE

Respondent did not pay any real property tax for Ramona Property.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents and Communications concerning any changes, improvements, or renovations to the Ramona Property, including, but not limited to, Documents and Communications concerning architects, designers, landscapers, painters, plumbers, electricians, and carpenters, since January 1, 2021.

**RESPONSE**

Respondent did not pay for any expenses relating to any changes, improvements or renovations to the Ramona Property.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents and Communications concerning or with ZH Glendora, LLC or ZH Management Corporation.

**RESPONSE**

Respondent does not know ZH Glendora, LLC or ZH Management Corporation.  No documents and no communications.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents and Communications concerning the Xu Action, the Winson Action and/or the Shenzhen Zhaobangji Action.

**RESPONSE**

Objection. Vague, ambiguous, burdensome, overbroad. Without waiving said objections, Respondent responds as follows: Respondent does not know anything about the Winson Action. Respondent is not a defendant in the Winson Action. Winson Credit is wrong in claiming that he is a creditor of Respondent.

For the Xu Action and Shenzhen Zhaobangji Action, Respondent was represented by attorney Michael Israel.  Attorney Michael Israel handled the lawsuit but we lost the case. Also, for the Xu Action and the Shenzhen Zhaobangji Action, the Moving Creditors are represented by attorney Minyao Wang and he has all the documents filed in these two federal court case.

Respondent is providing the case summary for the two federal court case.  If the Moving Creditors point out what they want from the case summary, Respondent will ask his attorney to download and email the filed court documents to the Moving Creditors.

**REQUEST FOR PRODUCTION NO. 34:**

Documents and Communications sufficient to identify all officer, director, manager and employee positions You held with any entity since January 1, 2017, and the date(s) on which You held such position(s).  This includes, without limitation, Skyline Champion Limited, GuangYao Decoration Design Engineering, ShiJiFengYuan Investment Development Co., Shijixin Yuan Investmnet Development Co. and Fusiyuan Real Estate Development Company.

**RESPONSE**

Respondent does not hold any position in any of the companies listed in Request No. 34. Respondent FuSiYuan Real Estate Development Company only.

**REQUEST FOR PRODUCTION NO. 35:**

Documents and Communications concerning your relationships with Jiayin Wen and Qiwen Mai, their identities and their current locations.

**RESPONSE**

Objection. Vague, ambiguous, unintelligible.  Without waiving said objections, Respondent responds as follws: Jiayin Wen is the wife of my second brother (Zhiwu Zhuang). Jiayin Wen lives at 2218 Lee Ave, Arcadia, CA 91006.  Qiwen Mai is the mother of Jiayin Wen. I do not know where Qiwen Mai lives.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents and Communications concerning the real property located at 2218 Lee Ave, Arcadia, CA 91006-521.

**RESPONSE**

Respondent does not have any documents or communications regarding the real property located at 2218 Lee Ave, Arcadia, CA 91006.

**REQUEST FOR PRODUCTION NO. 37:**

All pages of Your identification cards, driver's licenses, visas, passports, social security cards, travel documents, green cards and similar documents.  This applies to expired documents as well as currently valid documents.

**RESPONSE**

Objection.  Vague, ambiguous, overbroad, invasion of privacy, harassment, beyond the scope of this litigation.

**REQUEST FOR PRODUCTION NO. 38:**

All pages of Your Chinese household registration document, known in Chinese as  [Chinese characters].

**RESPONSE**

Objection.  Vague, ambiguous, overbroad, invasion of privacy, harassment, beyond the scope of this litigation. Respondent has left China since 2022. Respondent cannot locate its Chinese household registration document.

**REQUEST FOR PRODUCTION NO. 39:**

Documents and Communications sufficient to show all countries You have travelled to in the last five years and the purposes and the dates of such travel.  For purposes of this request, the Hong Kong Special Administrative Region, the Macao Special Administrative Region and Taiwan (The Republic of China) shall each be deemed a country.

**RESPONSE**

Respondent traveled to Thailand on October 16, 2024 for 5 days.  Traveled to Singapore on October 21, 2024 for 5 days.  Traveled to Singapore on November 18, 2025 for 5 days. All these trips are leisure travel.

**REQUEST FOR PRODUCTION NO. 40:**

Documents sufficient to show all Your residential addresses in the past five years and the date ranges in which You lived at such addresses.

**RESPONSE**

Respondent lives at the following addresses:

| | |
|---|---|
| 2001 S. Santa Anita Avenue Arcadia, CA 91006 | from June to December 2022 |
| 2218 Lee Avenue Arcadia, CA 91006 | from Jan to August 2023 |
| 885 Sussex Road San Marino, CA 91108 | from Sep 2023 to Jan 2025 |
| 150 Fano Street, Unit A, Arcadia, CA 91006 | from Jan 2025 to the present |

Respondent 2024 and 2025 tax returns show his home address.  No documents for other residence.

**REQUEST FOR PRODUCTION NO. 41**:

Documents sufficient to show all phone numbers and all email addresses You have used in the past five years.

**RESPONSE**

Objection. Vague, ambiguous, overbroad, harassment and invasion of personal privacy.

**REQUEST FOR PRODUCTION NO. 42:**

Documents sufficient to show all Your account names on WeChat, iCloud and similar online services, including all account names You have used in the past five years.

**RESPONSE**

Objection. Vague, ambiguous, overbroad, burdensome, harassment and invasion of personal privacy.

**REQUEST FOR PRODUCTION NO. 43:**

Documents and Communications sufficient to show the current address for Zhifeng Zhuang.

**RESPONSE**

Respondent does not have any documents for this request.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents and Communications concerning payments made to You by Zhifeng Zhuang, either directly or indirectly.

**RESPONSE**

Objection. Vague, ambiguous, overbroad, burdensome and beyond the scope of this litigation.  The Moving Creditors do not even set any time frame for this request.  Without waiving said objections, any funds wired in by Zhifeng Zhuang to the Respondent are reflected in the four years US Bank statements provided to the Chapter 7 Trustee and the Moving Creditors. The following are the transfer from my older brother Zhifeng to my Chase bank account (account ending 7756): December 15, 2022 - $50,000; Sept 15, 2023 - $50,000; Nov 13, 2023 - $100,000; July 11, 2024 - $40,000; Dec 13, 2024 - $100,000.

I had already provided my Chase Bank account bank statements to the CH 7 Trustee and the Moving Creditors. There are no other transfers from my older brother Zhifeng Zhuang to me.

**REQUEST FOR PRODUCTION NO. 45:**

All Communications between You and Zhifeng Zhuang concerning the Xu Action, the Shenzhen Zhaobangji Action, the Winson Action, these bankruptcy cases and/or the debt You owe in China.  This includes all relevant WeChat communications with Zhifeng Zhuang.

**RESPONSE**

Objection. Vague, ambiguous, overbroad, unintelligible and invasion of personal privacy. The federal court Xu Action was handled by the attorney Michael Israel. Respondent does not know how to handle the lawsuit.

**REQUEST FOR PRODUCTION NO. 46:**

Your complete credit reports issued in the last 10 days by Equifax, Experian, and TransUnion, with full balance histories.

**RESPONSE**

Respondent will provide the credit report.

**REQUEST FOR PRODUCTION NO. 47:**

Copies of any application for settlement, right of abode, or permanent residence submitted to any country by You or on Your behalf.  For purposes of this request, the Hong Kong Special Administrative Region, the Macao Special Administrative Region and Taiwan (The Republic of China) shall each be deemed a country.

**RESPONSE**

Respondent did not apply for settlement, right of abode or permanent residence in Hong Kong, or Macao or Taiwan or anywhere else. Respondent is a permanent residence of USA.

**REQUEST FOR PRODUCTION NO. 48:**

All Communications and Documents concerning the payment of legal fees to Michael Israel, Maria Tam and any other legal counsel, including without limitation

the source of payments.
**RESPONSE**

Objection.  Vague, ambiguous, overbroad, attorney-client privilege. Without waiving said objections, we have paid our federal court attorney Michael Israel forty seven thousand dollars ($47,000).  The funds were paid from Qufang Zhuang's bank accounts.  All of Qufang Zhuang's bank account statements have been emailed to the Chapter 7 Trustee and the Moving Creditors. Respondent paid bankruptcy attorney Maria Tam $8000 for the two bankruptcy cases. This fee includes filing fees and two class fees.

**REQUEST FOR PRODUCTION NO. 49:**

All Communications and Documents concerning the payment of fees and costs for the translation of documents submitted to the Chapter 7 Trustee, including without limitation the source of payments.
**RESPONSE**

The translation company is in China. The translation fee was paid by my aunt (my father's older sister) in China.

**REQUEST FOR PRODUCTION NO. 50:**

All Communications and Documents concerning Your decision to seek bankruptcy protection that is not otherwise privileged.
**RESPONSE**

Objection. Vague, ambiguous, overbroad, attorney-client privilege and beyond the scope of this case. Without waiving said objections, Respondent lost the two federal lawsuits filed by Weijix Xu and Shenzhen Zhaobangji Small Loan Co. Respondent does not have the money to satisfy the two lawsuits. Therefore filed bankruptcy.

**REQUEST FOR PRODUCTION NO. 51:**

Communications and Documents sufficient to identify all safe deposit boxes you have or have had anywhere in the world since January 1, 2017.
**RESPONSE**

Objection. Vague, ambiguous, overbroad, burdensom and beyond the scope of this case. The Moving Creditors are asking for records for nine years.  Without waiving said objections, Respondent responds as follows: Respondent does not have any safe deposit box in USA or China or anywhere else on earth.

**REQUEST FOR PRODUCTION NO. 52:**

Communications and Documents regarding all loans greater than $50,000 you have personally guaranteed since January 1, 2017.
**RESPONSE**

Objection. Vague, ambiguous, overbroad, burdensome and beyond the scope of this case. The Moving Creditors are asking for records for over nine years.  Without waiving said objections, Respondent responds as follows.  Respondent does not have access to any of the personal guarantee documents as all the businesses have been shutdown between 2021 to 2022. Respondent has left China in 2022. Respondents have already provided all the China court judgments that he can obtain to the Moving Creditors, Chapter 7 Trustee and the U.S. Trustee.

Also, Respondent does not control any businesses.  Respondent signed the personal guarantee on the loans because his father Chenshi Zhuang asked him to sign.

**REQUEST FOR PRODUCTION NO. 53:**
Copies of all Documents You provided to the United States Trustee and/or the Chapter 7 Trustee.
**RESPONSE**
Respondents has provided all the documents that he has provided to the Chapter 7 Trustee to the Moving Creditors already.  The attorney for the Moving Creditors Minyao Wang is included in the email distribution list for the documents emailed to the Chapter 7 Trustee and the Office of United States Trustee.  Attorney Minyao Wang has a copy of all the documents emailed to the Chapter 7 Trustee and United States Trustee.

**REQUEST FOR PRODUCTION NO. 54:**
All Your Communications with anyone in China concerning the Documents you submitted to the Chapter 7 Trustee.
**RESPONSE**
Objection. Vague, ambiguous, overbroad, burdensome and unintelligible. Respondent asked the registered agent for the different companies to obtain the documents from China. The names of the registered agents are as follows:
(A) GuangYao Deocration Design Engineering: Zhuang Zhi Peng
(B) ShiJiFengYuan Investment Development Co: Zhuang Zhi Chuang
( C) Shijixin Yuan Investment Development Co: Liu Kian Jun
(D) Fushiyuan Real Estate Development Company: Zhuang Zhi Peng
(E) Jianxin Feng Yuan Industrial Co. Ltd: Zhuang Zhi Chuang