Maria W. Tam, ESQ. (CSB#: 164996)
Law Office of Maria W. Tam
9650 Telstar Avenue, Unit A #825
El Monte, CA 91731
Tel: (626) 281-9353
Email: Tamlawoffice@gmail.com

Attorney for Debtor
Zhihui Zhuang

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

|  |  |
|---|---|
| In re:<br><br>Zhihui Zhuang<br><br>Debtor. | ) CHAPTER 7<br>)<br>) CASE NO.: 2:25-bk-21019 BR<br>)<br>) DECLARATION OF MARIA W. TAM<br>) IN SUPPORT OF DEBTOR ZHIHUI<br>) ZHUANG'S MOTION TO<br>) EXTEND DEADLINE TO FILE<br>) MOTION FOR PROTECTIVE ORDER<br>)<br>)<br>) Date: TBD<br>) Time: TBD<br>) Crtrm: 1668<br>) |

## <u>DECLARATION OF MARIA W. TAM</u>

I, Maria W. Tam, declare as follows:

1.      I am over the age of eighteen years old.  I am an attorney licensed in the State of California.  I am the bankruptcy counsel for the debtor Zhihui Zhuang.

2.      On or about December 8, 2025, I filed this bankruptcy case for Zhihui Zhuang. The creditor Weijie Xu and Zhaobangji Small Loan Co., Ltd and Winson Credit (hereinafter "Xu Group") filed a motion and obtained the first extension to file a non-dischargeability complaint. Thereafter, with the consent of the debtor Zhihui Zhuang, I have stipulated to extend the deadline to file the non-dischargeability complaint for the Xu Group a number of times. The current deadline for the Xu Group to file non-dischargeability is around September 16, 2026.

3.      Additionally, the Court should note that the Xu Group has filed a number of

Emergency Motions, Application for Order Shortening Time and other motions which Debtor really does not have the financial resources and manpower to respond to.  Essentially, the Xu Group with their financial power totally overwhelmed the Debtor and gained an unfair advantage against the Debtor.

4.	Around end of March 2026, the Xu Group Filed an Emergency Motion for Application for 2004 Examination. Creditors Weijie and Zhaobangji Small Loan Co filed an Emergency Motion for Application for 2004 Examination and requested tons of documents over a long period of time (over 9 years long). On April 3, 2026, the Order granting the Emergency Motion (Doc 43) was signed and entered.  The Xu Group requested numerous documents over a nine year period and requested that all documents be produced by April 25, 2026 giving the Debtor less than 30 days to search for the documents.  The examination of the Debtor and the other witness were set on June 1, 2 and 3.

5.	The dates requested in the Xu Group Emergency Motion truly is not viable. The Order was granted on April 3, 2026.  There were 54 requests spanning nine year period.  Then based on the LBR 2004, the deadline to file the Motion for Protective Order will be set on May 18, 2026.  It is impossible to fit the motion in without an Emergency Motion or Order Shortening Time.

6.	In spite of this unreasonable schedule, Debtor Zhihui, in good faith, searched and produced voluminous documents trying to comply with the extensive discovery requests.  Debtor provided his documents and also provided documents relating to his wife.  Debtor only got married in August 2023.  Any debts owed by Debtor Zhihui was incurred prior to August 2023.  Yet, Debtor Zhihui's wife was dragged into this case. See attached Exhibit 6 - this is a brief summary of part of the voluminous documents produced to the Xu Group. There were numerous documents produced including the wife's bank accounts statements.

7.	On April 24, 2026, I emailed the documents together with the Written Response of Zhihui Zhuang objecting to some of the requests to the debtor.  Attached hereto as Exhibit 7 is the email showing that documents were produced and the Debtor Zhihui Zhuang's Written

Responses with Objections were emailed to the Xu Group's attorney.

8. I emailed all the produced documents first and then email "Zhihui Zhuang's Written Objections to the Requests" to opposing attorney. (Exhibit 7 - this exhibit shows documents and objections were emailed on April 24, 2026). Exhibit 8 - is a copy of Zhihui Zhuang's Written Responses to 2004 Request for Production of Documents.

9. On April 28, 2026, I emailed Xu Group's attorney Minyao Wang to request a meet and confer conference to go over the disputed items (See Exhibit 9).  Then on May 1, 2026, I prepared a Stipulation and put in Debtor's objections and emailed the Stipulation to attorney Minyao Wang so that he can key in his response to the Stipulation for Disputed Items (See Exhibit 10).

10. In the Meet and Confer letter, I pointed out that the discovery period should be limited to four years. :

The major purpose of discovery is to discover and administer assets of the bankruptcy estate.  Trustees (or creditors) may file the following claims of relief:

1. To recover preferential actions - 11 U.S.C. §547

The statute of limitations for bringing a preference action under 11 U.S.C. §547 is generally two years after the entry of the order for relief (bankruptcy filing date), or one year after the appointment of a trustee if appointed within that initial two-year period.  The actual "look-back" period for preferential transfers is 90 days for general creditors or one year for insiders.  Thus to ask for documents going back nine years ago serves no purpose for preferential actions.

2. To recover fraudulent conveyance - The statute of limitations for 11 U.S.C. §548 (fraudulent transfers) is a two-year "look-back" period. Trustees or debtors-in-possession can avoid fraudulent transfers made within two years before the bankruptcy petition filing.

3. Strong Arm Clause - 11 USC §544

11 USC §544(b) allows trustees to use California State fraudulent transfer laws to look back four years for fraudulent transfers.

So, for all the causes actions that can be brought to recover assets, the maximum is four years.  But in the 2004 Request for Production, the Xu Group is asking for a production of documents going back for nine years.  It is impossible for the debtor to comply with such a long period of production of documents.

Secondly, the Xu Group demanded personal documents totally unrelated to the discovery or administering of assets.  The Xu Group wants each debtor to produce his drivers license, social security card, green card application, visas, passports, Apple Icloud account, WECHAT account, email account, all online accounts (See Exhibit 10, Request No. 37, 38, 41, 42) and many other requests that invade on personal privacy. Many of these requests were propounded for the sole purpose of harassing and oppressing debtor Zhihui Zhuang.

11.    On or about May 4, 2026, Attorney Minyao Wang and I had a Zoom conference and we went over the 54 requests propounded by the Xu Group against the debtor Zhihui Zhuang in the 2004 Applications.  The attorneys went through each request to see if the parties can reduce the number of disputed requests to be presented to the Court for the Motion for Protective Order.  For a number of requests, debtor Zhihui just answered without any objections.  The following are some of the Requests and Responses where debtor did not have any objections. Debtor did not object to Request No. 6, 7, 12, 13, 15, 21, 22, 23, 28, 28, 29, 30, 31 and 26  and just answered the requests. (See Exhibit 10).

12.    During the May Zoom conference, attorney Minyao Wang indicated that due to the huge volume of the documents produced, he needed more time to review them.  Additionally, attorney Minyao Wang indicated that he would talk to his client to see if they can agree that there is full compliance with some of the requests. For myself, I have a jury trial set in mid July and would need time to prepare for my other trial.  The parties therefore agreed that the all dates will be pushed back.  Parties agreed that the Xu Group will have up to and including September 16, 2026 to file the non-dischargeability complaint against Debtor.

13.    Thereafter between May 13 to May 23, 2026, I was out of the country for 10 days as my 89 year old mother was sick. In July, 2026, I have to prepare for a state court jury trial. Additionally, the Xu Group wanted to see all of the attorney bills of attorney Michael Israel.

- 4 -

Attorney Michael Israel represented Debtor Zhihui Zhuang in the two federal court case filed by Weijie Xu and Zhaobangji Small Loan.

14.    As the attorney bills involves attorney client privileged communications between Debtor and his federal court case attorney (Michael Israel), I was forced to go through all of Michael Israel's attorney bills to redact the attorney-client priviledged communications. Furthermore, the Xu Group demanded the invoice for the China translation service, credit reports and some other documents.

15.    The client Mr. Zhihui Zhuang had worked really hard attempting to satisfy the requests of the Xu Group.  I and the client tried to comply with the requests of the Xu Group in an attempt to reduce the number of the requests to be determined by the Court for the Motion for Protective Order.

16.    In July, I asked attorney Minyao Wang for a 60 day extension for the filing of the Motion for Protective Order.  I also offered to extend all the deadlines by 60 days for the Xu Group. As mentioned above, during the May Zoom Conference, attorney Minyao Wang said that he will discuss with his client and they will probably agree that some of the requests are in not in dispute.

17.    So, during the July phone conference, I followed up with attorney Minyao Wang and asked him 'out of the 54 requests for debtor Zhihui Zhuang, which one does the Xu Group considered as disputed?'.  Without reviewing the lists, attorney Minyao Wang just said that his client thinks all 54 items are in dispute and will not agree that there is any compliance with the responses.  This is truly bad faith.  A careful review of Exhibit 10 shows that debtor responded to many of the requests without any objections.  Frankly, even for the requests that debtor objected to, debtor still provide a complete answer to the requests.

18.    The following are just some of the requests where the debtor Zhihui has responded to without any objections.  Yet, attorney Minyao Wang still says that they are not satisfied with the responses and considered all of the 54 responses as inadequate.

See Exhibit 10:

**REQUEST FOR PRODUCTION NO. 6:**
Documents sufficient to show the aggregate value of all personal property owned by You anywhere in the world, or any trust in which You are or were a settlor or beneficiary, excluding personal property items with a value less than US $10,000.00.
**RESPONSE**
Respondent is not a settlor or beneficiary of any trust.  Respondents does not own personal property worth more than $10,000.


**REQUEST FOR PRODUCTION NO. 7:**
Documents sufficient to identify any assets You own or owned with a value of at least US $10,000.00 anywhere in the world, including, but not limited to, vehicles, boats, airplanes, and jewelry.
**RESPONSE**
Respondent does not own any vehicles, boats, airplanes or jewelry more than $10,000

**REQUEST FOR PRODUCTION NO. 12:**
Documents sufficient to show any amounts, monies or other property exceeding US $10,000.00 owed to You by any person, regardless of when the payment obligation arises, including any accounts receivable, loans, security deposits, prepayments, refunds (including tax refunds) or other amounts.
**RESPONSE**
Respondents does not have any accounts receivables.  No one owes Respondent any money.  No tax refund from the government.


**REQUEST FOR PRODUCTION NO. 13:**
Copies of any judgments rendered in Your favor, whether individually, jointly or in Your name as trustee, guardian, or custodian for another, or in favor of a trust in which You were a beneficiary, which are currently unsatisfied.
**RESPONSE**
Respondent does not have any judgments that show any one (or any entities) owing Respondent any money.


**REQUEST FOR PRODUCTION NO. 15:**
Documents sufficient to show any settlements obtained in Your favor, whether directly or indirectly, individually, jointly, or in Your name as trustee, guardian, custodian for another, or in favor of a trust in which You are or were a beneficiary, under which there remains any unperformed monetary obligation by any party thereto.
**RESPONSE**
Respondents is not aware of any settlements. Respondent is not the beneficiary of any trust.


**REQUEST FOR PRODUCTION NO. 21:**
All Documents and Communications concerning the Santa Anita Sale, including, but not limited to, the distribution of the proceeds of the sale from the Santa Anita Sale.
**RESPONSE**
Respondent does not have any documents concerning the Santa Anita Sale.  Respondent does not have any documents concerning the distribution of the proceeds of the sale from the Sant Anita Sale.

**REQUEST FOR PRODUCTION NO. 22:**
All Documents and Communications concerning the Santa Anita Property, including, but not limited to, the financing of the acquisition of the Santa Anita Property.
**RESPONSE**
Respondent does not hav any documents concerning the financing and acquisition of the Santa Anita Property.

**REQUEST FOR PRODUCTION NO. 23:**
All Documents and Communications concerning Your possession and use of the Santa Anita Property, including, but not limited to, lease agreements, mortgage agreements, and any other documents constituting, confirming, modifying, describing or referring to any right to occupancy or possession You have or had in the Santa Anita Property, including any informal understanding, life estate, or deeded interest, since January 1, 2016.
**RESPONSE**
Respondent does not have any lease agreements, mortgage agreements, life estate or deeded interest relating to the possession and/or use of the Santa Anita Property.

**REQUEST FOR PRODUCTION NO. 27:**
All Documents and Communications concerning the acquisition of the Ramona Property, including, but not limited to, the financing of the acquisition of the Ramona Property.
**RESPONSE**
Respondent does not have any documents and communications concerning the acquisition of the Ramona Property. Respondent does not own the Ramona Property.

**REQUEST FOR PRODUCTION NO. 28:**
All Documents and Communications concerning Your possession and use of the Ramona Property, including, but not limited to, lease agreements, mortgage agreements, and any other documents constituting, confirming, modifying, describing or referring to any right to occupancy or possession You have in the Ramona Property, including any informal understanding, life estate, or deeded interest, since January 1, 2024.
**RESPONSE**
Respondent does not have any lease agreements, mortgage agreements or any other documents regarding living at the Ramona Property.  My older brother (Zhifeng Zhuang) let me live there.

**REQUEST FOR PRODUCTION NO. 29:**
All Documents and Communications concerning payment of any expenses  related to maintenance and operation of the Ramona Property, including, but not limited to, utility payments, since January 1, 2024.
**RESPONSE**
Respondent did not make any payments concerning any expenses of the Ramona Property.

**REQUEST FOR PRODUCTION NO. 30:**
All Documents and Communications concerning all tax payments made concerning the Ramona Property, including, but not limited to, property tax bills and checks or bank statements concerning property tax payments, since January 1, 2024.
**RESPONSE**
Respondent did not pay any real property tax for Ramona Property.

**REQUEST FOR PRODUCTION NO. 31:**
All Documents and Communications concerning any changes, improvements, or renovations to the Ramona Property, including, but not limited to, Documents and Communications concerning architects, designers, landscapers, painters, plumbers, electricians, and carpenters, since January 1, 2021.
**RESPONSE**
Respondent did not pay for any expenses relating to any changes, improvements or renovations to the Ramona Property.

**REQUEST FOR PRODUCTION NO. 36:**
All Documents and Communications concerning the real property located at 2218 Lee Ave, Arcadia, CA 91006-521.
**RESPONSE**
Respondent does not have any documents or communications regarding the real property located at 2218 Lee Ave, Arcadia, CA 91006.

19.     What more does the Xu Group want the debtor Zhihui to say for the above listed requests? The above requests and responses are just some of the examples where there is really no disputes but the Xu Group insisted that there is non-compliance.  The Xu Group basically refused to work with our side to work out a Proposed Stipulation for Disputed Items for the Motion for Protective Order.

20.     Around July 23, 2026, I finished redacting all the attorney bills and produced the 12 redacted attorney bills of Michael Israel, the retainer agreement of Maria W. Tam for the filing of bankruptcy, the receipts for payment of attorneys fees, two credit reports (Credit Report Bureau Experian and TransUnion) of debtor Zhihui  to the Xu Group.  (See  Exhibit 11 and Exhibit 12).

21.     Then in July, instead of giving any extension or keying in the Xu Group's input into the Proposed Stipulations for Motion for Protective Order,  the Xu Group filed numerous motions and Application for Order Shortening Time to overwhelm the Debtor. The Xu Group did not do any meet and confer prior to the filing of the Motion to Compel and request for Sanctions.

22.     I pray that the Court will grant this Motion to Extend Deadline to file Motion for Protective Order so that the Court can adjudicate this case based on the merits of the case.

I declare under penalty of perjury that the foregoing is true and correct under the laws of the United States of America.  Executed at El Monte, California.

Dated: August 10, 2026                              /s/Maria W. Tam
                                                    Maria W. Tam,
                                                    Declarant